LexisNexis

John M. Byrne
Director & Senior Corporate Counsel
Phone 561-999-4436
Fax 561-981-0869
john.byrne@lexisnexis.com

June 20, 2006

Christine Varad
P.O. Box 583
Milton, MA 02186

Exhibit A

RE: Incorrect Information on Accurint Report

Dear Ms. Varad:

Thank you for your letter of June 3, 2006 in which you errantly suggest Accurint violates certain laws or your rights under certain laws. You further errantly suggest Accurint is a consumer reporting agency, and that you were somehow unfairly deceived when you learned that Accurint is not a consumer reporting agency. Kindly permit this letter to attempt to address and correct certain assumptions of yours as discussed herein.

A consumer reporting agency is loosely defined as an entity that regularly engages in the practice of assembling and evaluating information on consumers for the purpose of furnishing consumer reports to third parties. Accurint does not engage in the practice of providing consumer reports, and as such Accurint does not meet the definition of a consumer reporting agency. Accordingly, and as prior correspondence has made clear to you, Accurint is not a consumer reporting agency.

Christine Varad v. Reed Elsevier Incorporated Doc. 9 Att. 1

Additionally, the information Accurint provided to our customer, Gall and Company, does not meet the definition of a consumer report. A consumer report is a communication by a consumer reporting agency which bears on a consumer's credit worthiness, credit standing, credit capacity, character, reputation, personal characteristics, or mode of living used to establish eligibility for, among other things, credit and employment. Accurint provided Gall and Company with identity verification information, such as name, address, and telephone number. Name, address, and telephone information does not bear on a consumer's credit worthiness, credit standing, credit capacity, character, reputation, personal characteristics, or mode of living, as such terms have been defined and interpreted by applicable statute, case law, and regulatory opinion. Accordingly, as Accurint did not report information which could bear upon your personal characteristics, the information provided to Gall and Company is not considered a consumer report.

Notwithstanding the foregoing, as customers' use of Accurint for Fair Credit Reporting Act permissible purposes is expressly prohibited by contract since Accurint is not a consumer reporting agency, upon receipt of your allegations Accurint audited Gall and Company to ensure their use of Accurint was in accord with their contractual obligations. Accurint's audit determined Gall and Company used Accurint data for identity

verification purposes and for no other purposes. As such, Gall and Company's use of Accurint was within the scope of their contractual obligations.

You additionally dispute the accuracy of certain addresses contained in Accurint. As Accurint is not a consumer reporting agency, Accurint does not investigate or correct information contained in Accurint, and Accurint is not under any legal obligation to do so. Nor is Accurint under any legal obligation to disclose the source of Accurint's data. That said, however, a letter of May 22, 2006 directed you to contact the three credit reporting agencies to obtain and dispute potentially errant data.

Finally, in one of your communications you raise the issue of potential identity theft. If you are a victim of identity theft, you must submit a copy of a police report documenting the identity theft and complete the enclosed Identity Theft Affidavit.

I trust this communication addresses your relevant concerns and I now consider this matter closed.

Very truly yours,

John M. Byrne
Director and Senior Corporate Counsel

**United States Patent and Trademark Office**



# Trademarks > Trademark Electronic Search System(Tess)

*TESS was last updated on Sat Sep 16 04:19:08 EDT 2006*



Logout Please logout when you are done to release system resources allocated for you.

Start **List At:** OR Jump **to record:** **Record 3 out of 18**

---

TARR Status | ASSIGN Status | TDR | TTAB Status ***( Use the "Back" button of the Internet Browser to return to TESS)***

## Typed Drawing

| | |
|---|---|
| **Word Mark** | LEXISNEXIS |
| **Goods and Services** | IC 042. US 100 101. G & S: Computer assisted legal research services; computer assisted research services in a variety of fields; consultation services in the fields of computers, computer hardware, computer software, and computer assisted research; leasing of computer terminals and printers; data retrieval services performed by computer; computer services, namely, providing databases featuring news, advertising, legal information, information on a wide variety of topics of general interest, and research; leasing time to an on-line interactive computer database in the fields of law, news, and business, and maintaining the same; leasing of computer hardware; computer software support, namely, technical consultation regarding software and computer-assisted research via telephone, e-mail, facsimile, in-person, and postings on the global computer network, installing, and updating applicant's software, and computer software maintenance; computer services, namely, designing and implementing network web pages for others; electronic newsletters relating to computerized information storage and retrieval services; advisory and consultancy services relating to decision support software for data networks, namely, analysis and interpretation of the data generated by such software. FIRST USE: 20011100. FIRST USE IN COMMERCE: 20011100 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Design Search Code** | |
| **Serial Number** | 76247849 |
| **Filing Date** | April 27, 2001 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | August 13, 2002 |
| **Registration Number** | 2825663 |

Exhibit B

| | |
|---|---|
| **Registration Date** | March 23, 2004 |
| **Owner** | (REGISTRANT) Reed Elsevier Properties, Inc. CORPORATION DELAWARE 1105 North Market Street Suite 912 Wilmington DELAWARE 19801 |
| **Attorney of Record** | Carla C. Calcagno |
| **Prior Registrations** | 1020214;1128529;1166744;1274298;2367715;AND OTHERS |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

**Doc ID -->** 200103303190

| DATE: | DOCUMENT ID | DESCRIPTION | FILING | EXPED | PENALTY | CERT | COPY |
|---|---|---|---|---|---|---|---|
| 02/05/2001 | 200103303190 | TRADE NAME/ORIGINAL FILING (RNO) | 20.00 | 10.00 | .00 | .00 | .00 |

**Receipt**

This is not a bill. Please do not remit payment.

OHIO PROFILE, INC.
ATTN C LEPPERT
5960 WINTERBERRY DRIVE
GALLOWAY, OH 43119

Exhibit C

# STATE OF OHIO

## Ohio Secretary of State, J. Kenneth Blackwell

**1206214**

It is hereby certified that the Secretary of State of Ohio has custody of the business records for

***LEXIS-NEXIS***

and, that said business records show the filing and recording of:

| Document(s) | Document No(s): |
|---|---|
| **TRADE NAME/ORIGINAL FILING** | **200103303190** |

Date of First Use: 12/03/1994
Expiration Date: 01/26/2006

REED ELSEVIER INC.
275 WASHINGTON STREET
NEWTON, MA 02158

Witness my hand and the seal of the Secretary of State at Columbus, Ohio this 26th day of January, A.D. 2001.

J. Kenneth Blackwell

Ohio Secretary of State

United States of America
State of Ohio
Office of the Secretary of State

**AFFIDAVIT OF CHRISTINE VARAD**

I state the following under pains and penalties of perjury,

1. I contacted James Swift, Operations Manager at Lexis Nexis Accurint in writing on April 17 and April 20 and June 3, 2006 at the address provided to me by Lexis Nexis employees during telephone contacts I made to his office at 561 893 8000, ext.: 4510 and fax 561 981 0866 in order to determine to the correct mailing address for Lexis Nexis Accurint and I was advised that 6601 Park of Commerce Boulevard, Boca Raton, Florida 33487 was the correct contact address and I subsequently contacted him there. In addition I spoke with the secretary at the office of John Byrne at 561 981 0869 and she identified the contact entity as Lexis Nexis.

2. Steven Gall, President of Gall and Gall Company, Inc., 8555 N. Dixie Drive, Dayton, Ohio contacted me in writing on April 4, 2006 and directed me to contact "Accurint, a division of Lexis Nexis" in regard to contesting and correcting false information provided to Gall and Gall by such database and company.

Christine Varad
Christine Varad

Exhibit D

Exhibit E

CERTIFIED MAIL
RETURN RECIEPT REQUESTED

June 3, 2006

James Swift
Operations Manager
Lexis Nexis Accurint
6601 Park of Commerce Boulevard
Boca Raton, Florida 33487

Dear Mr. Swift,

Pursuant to the provisions of Massachusetts General Laws, chapter 93A, § 9, and also pursuant to federal standards as set forth in FTC v. Sperry & Hutchinson Co., 405 U.S. 233, 244 n.5 (1972), I hereby make written demand for relief.

On April 17, 2006, I requested pursuant to the Fair Credit Reporting Act, FCRA 15 U.S.C. 1681 et seq. and M.G.L. c. 93 § 50-62 inclusive, a complete copy of my file as held by Lexis Nexis Accurint and as disseminated to Gall and Gall Company and an opportunity to dispute and correct any and all improper and incorrect information contained therein. I informed Lexis Nexis Accurint that Gall and Gall Co. had pointed to Lexis Nexis Accurint as the source of false and injurious information that was disseminated to my employer and to others. I requested an opportunity to completely investigate all of the data contained in my file and of the databases utilized to compile that file information including all data as publicly advertised by Lexis Nexis Accurint to be routinely contained in such files or "sub second access" information detailing historical addresses, associates, relatives, business affiliates and assets of the target individual. In total, I requested that Lexis Nexis Accurint provider me with a complete copy of my file.

At that time I also requested (1) a record of each and every inquiry relating to a credit transaction of any kind, my name and the Lexis Nexis Accurint databases and files for the last two years to include (2) the name and address of each and every source of data on me as provided to and utilized by Lexis Nexis Accurint and (3) the names and addresses of the recipients of each and every inquiry request.

Lexis Nexis Accurint unfairly and deceptively failed to provide access to the file and responded in writing on April 20, 2006 by unfairly and deceptively (1) claiming as explanation for its failure to provide any requested date that Lexis Nexis Accurint is not a consumer reporting agency subject to the jurisdiction of 15 U.S. C. §1681 et seq. and specifically claiming as further as explanation for the failure to provide access to the data, (2) that Lexis Nexis Accurint data is not permitted to be utilized to make employment decisions to thereby invoke the regulations of the Fair Credit Reporting Act.

Upon information and belief, the unfair and deceptive actions of Lexis Nexis Accurint were performed willfully and knowingly. The written characterizations of the actions and responsibilities of Lexis Nexis Accurint and the subsequent treatment of my requests for data were unfair and deceptive, violated the above cited state and federal statutes as well as general principles of fair dealing and public policy.

As of the date of the writing of this demand letter I have received no file data or information in response to my multiple requests. As a result I am unable to relieve the injury and harm created and perpetuated by Lexis Nexis Accurint data dissemination, protect myself from additional injury and harm by stopping future dissemination of false and injurious data or correct and mitigate all previous injury that the Lexis Nexis Accurint data has already caused to me.

Where Lexis Nexis knew, or should have known, that (1) Gall and Gall Company is engaged in the business of providing employment background checks and (2) that Gall and Gall Company routinely uses data supplied to it by Lexis Nexis Accurint to provide background check reports to client/employers for decision-making purposes as to prospective employees, (3) where Lexis Nexis Accurint openly, knowingly and routinely permits Gall and Gall Company to use Lexis Nexis Accurint data for employment decision making purposes; (4) where Lexis Nexis Accurint is the sole source and holder of the injurious data; that Lexis Nexis Accurint's own actions subjected itself to the jurisdiction and authority of the Fair Credit Reporting Act, M.G.L. c. 93 and every single other related state and federal common law, statute and regulation governing such data compilation, retention and dissemination and that such failures resulted in a knowing and unfair deception and failure to afford me my rights under the law thereby causing injury and damage.

As a result of the unfair and deceptive acts and practices of Lexis Nexis Accurint, I have suffered injury, including defamation and financial loss.

In light of the foregoing, I demand the following relief:

1. Immediately provide all of the requested data and information.
2. Make full restitution for lost employment and lost employment licensing opportunities resulting from the false data dissemination.
3. Make full restitution for any and all resulting defamation and related injuries.
4. Provide full and open access to my representative to Lexis Nexis Accurint premises and electronic databases therein to verify and insure that all data having any connection with me has been provided as demanded and has been corrected against any and all additional injury.

Pursuant to M.G.L c. 93A, you have thirty (30) days from your receipt of this letter to respond with a reasonable offer of settlement. If you fail to do so, that statute provides that you will be liable for multiple damages and the attorney fees I may incur for the prosecution of this action.

I can be contacted at 781 545 5506 or by mail at the address below. Thank you for your attention to this matter.

Sincerely,

Christine M. Varad

Christine M. Varad

christine varad
p.o. box 583
milton, massachusetts 02186

UNITED STATES POSTAL SERVICE

WEST PALM BEACH FL 334

08 JUN 2006 PM

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Varad
P.O. Box 583
Milton, MA 02186

Exhibit F

| DER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| omplete Items 1, 2, and 3. Also complete em 4 if Restricted Delivery is desired. rint your name and address on the reverse that we can return the card to you. ttach this card to the back of the mailpiece, r on the front if space permits. | A. Signature X [signature] ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)<br>C. Date of Delivery 6-8-6 |
| ticle Addressed to: ... ames Swift ... xis Nexis Account ... Park of Commerce Blvd ... Raton, FL 33487 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type ☒ Certified Mail ☐ Express Mail ☐ Registered ☐ Return Receipt for Merchandise ☐ Insured Mail ☐ C.O.D. |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes |

ticle Number
ransfer fro 7006 0100 0003 7594 6103

orm 3811, February 2004 102595-02-M-1540