UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHRISTINE VARAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06 CA 11370 MLW |
| v. | ) | |
| | ) | |
| REED ELSEVIER INCORPORATED, | ) | |
| d/b/a/ Lexis Nexis Corporation, | ) | |
| Lexis Nexis Accurint, | ) | |
| | ) | |
| Defendant. | ) | |

**EXHIBIT A**

Dockets.Justia.c

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHRISTINE VARAD,<br><br>Plaintiff,<br><br>v.<br><br>REED ELSEVIER INCORPORATED,<br>d/b/a/ Lexis Nexis Corporation,<br>Lexis Nexis Accurint,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 06 CA 11370 MLW |

**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STAY THE FILING OF AN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY TO EXTEND THE TIME TO RESPOND TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendant Reed Elsevier Inc. ("Reed") submits this short reply to address certain points raised in plaintiff Christine Varad's opposition to Reed's Motion To Stay the Filing of an Opposition to Plaintiff's Motion for Summary Judgment, or Alternatively To Extend the Time to Respond to Plaintiff's Motion for Summary Judgment ("Motion to Stay"). Plaintiff's opposition (i) fails to address the substantive issues raised in Reed's Motion to Stay, and instead attempts - without any basis – to somehow cast Reed's legitimate request in its Motion to Stay into a Rule 11 violation, and (ii) mischaracterizes the nature of the relief requested by Reed. Reed has simply asked that this Court either decide the fully briefed, pending Motion to Dismiss before a response to the motion for summary judgment is due, or, alternatively, give Reed a thirty day extension to respond to the motion for summary judgment.

Plaintiff first argues that Rule 11 is somehow implicated by Reed's requesting a stay until the court determines the proper defendant to respond to plaintiff's claims. As Reed set forth in its Motion to Stay, a response to plaintiff's motion for summary judgment will differ, in part, depending on which entity is the defendant. As such, it is perfectly reasonable - and certainly not a Rule 11 violation - for Reed to request that this Court decide the threshold issue of which entity is proper to defend this suit going forward before a response to a dispositive motion is due. Moreover, plaintiff makes the Rule 11 argument based on her contention that "Fed. R. Civ. P. 21 provides no genuine basis for the dismissal of the case against defendant Reed." As an initial matter, this issue is not properly raised at this juncture because the motion to dismiss was fully briefed by the parties by October 27, 2006. Second, even if this issue was properly before the Court now, Reed is not seeking to dismiss the suit in its entirety, but rather to dismiss the suit against Reed and instead substitute Seisint Inc., the entity Reed believes is the proper defendant. Accordingly, Rule 21 is a proper vehicle to do so. See ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1686 (3d ed. 2006) (noting that Rule 21 permits the substitution of parties).

Second, plaintiff argues that Reed's alternative request for a thirty day extension is "frivolous" because "no Rule 56(f) motion is pending." However, Reed is not seeking the thirty day extension to conduct discovery, but rather because (as stated in its Motion to Stay) it (or Seisint Inc.) needs to gather responsive facts to plaintiff's motion without the benefit of discovery, and the initial timeframe to respond was not sufficient to do so.

## CONCLUSION

Reed respectfully requests that the Court stay the filing of an Opposition to the Motion for Summary Judgment until a reasonable time after the Court has ruled on the pending Motion to Dismiss. Alternatively, Reed requests that the Court extend the time to respond to plaintiff's Motion for Summary Judgment until December 12, 2006, and for such further relief as the Court deems just and proper.

REED ELSEVIER INC.
By its attorneys,

/s/ Kristin M. Cataldo
T. Christopher Donnelly (BBO #129930)
Kristin M. Cataldo (BBO #654033)
Donnelly, Conroy & Gelhaar, LLP
One Beacon Street, 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880

Dated: November 22, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of November, 2006, I caused a copy of the foregoing to be served on the following by regular mail:

Christine M. Varad
P.O. Box 583
Milton, MA 02186

/s/ Kristin M. Cataldo
Kristin M. Cataldo