UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHRISTINE VARAD, Plaintiff, | ) | |
| v. | ) | C.A. No. 06 CA 11370 MLW |
| REED ELSEVIER INCORPORATED, d/b/a/ Lexis Nexis Corporation, Lexis Nexis Accurint, Defendant. | ) | |

**DEFENDANT'S MOTION FOR DISCOVERY**
**PURSUANT TO FED. R. CIV. P. 56(f)**

As set forth in Defendant's Opposition to Plaintiff's Motion for Summary Judgment, filed contemporaneously herewith, defendant Reed Elsevier Inc. ("Reed") contends that plaintiff Christine Varad's ("Plaintiff") motion for summary judgment ("Motion") should be denied because it is unsupported on its face and implicates a host of disputed fact issues. If, however, the Court is inclined to consider the "merits" of the Motion, Reed hereby moves, pursuant to Fed. R. Civ. P. 56(f), for an order deferring the Court's consideration of Plaintiff's Motion until Reed obtains discovery from various entities and individuals relevant to the issues raised in Plaintiff's Motion. This motion is supported by the Affidavit of T. Christopher Donnelly, sworn to on December 12, 2006 ("Donnelly Affidavit"), as well as Reed's Opposition to Plaintiff's Motion ("Opposition"). In further support of its motion, Reed states as follows:

1. Plaintiff moved for summary judgment on all claims on October 30, 2006, twenty days after Reed answered the complaint. To date, no discovery has taken place, nor has a Local Rule 16.1 conference been scheduled. Currently pending is Reed's

Dockets.Justia.c

Motion To Substitute Seisint, Inc. ("Seisint") for Reed and To Dismiss Reed ("Motion to Substitute"). Affidavit of T. Christopher Donnelly ("Donnelly Aff.") ¶¶ 3-4.

2. As detailed in Reed's Opposition, Plaintiff attempts to support her Motion with conclusory statements and inadmissible evidence, which reasons alone warrant denial of her Motion. Furthermore, even if the Court were to consider Plaintiff's evidence, Reed submits that Plaintiff's Motion should be denied because Plaintiff has failed to establish that she is entitled to summary judgment as a matter of law. However, should the Court delve into the facts at issue in this litigation, then discovery from various parties is necessary on several issues that are central to Plaintiff's claims, including the following.

3. Plaintiff's claims rest, in large part, on her allegation that in providing certain information to Gall & Gall Company, Inc. ("Gall & Gall"), Reed acted as a consumer reporting agency.[1] Reed therefore needs discovery from Gall & Gall to determine, among other things, what information Gall & Gall received and from whom, as well as how such information was used by Gall & Gall. These facts bear directly on Plaintiff's claim that Reed was acting as a consumer reporting agency in providing the information to Gall & Gall. See Reed Opposition, pp. 13-18; Donnelly Aff. ¶ 6(a).

4. Reed also needs discovery from F&W Publishing, Inc. ("F&W") because Plaintiff claims (based on her "belief") that she was not hired by F&W because F&W concluded that she lied on her employment application, and that F&W came to that conclusion based on an inconsistency between an address that appeared on the Gall &

---

[1] As a threshold matter, Reed disputes that it provided any information to Gall & Gall. Rather, it was Seisint, not Reed, who provided limited information to Gall & Gall concerning Plaintiff. Reed further disputes that Seisint was the source of the criminal history information that Plaintiff alleges was provided to Gall & Gall. See Reed's Opposition pp. 3-4.

Gall applicant screening report and Plaintiff's employment application. Plaintiff's Affidavit ¶¶ 2-3 (Plaintiff's Exhibit 13). However, there is no evidence in the record from F&W concerning its decision not to hire Plaintiff. Accordingly, discovery from F&W is necessary. Donnelly Aff. ¶ 6(b). Further, at various points throughout Plaintiff's papers, she refers to F&W as her "employer," yet she is claiming that she was not hired by F&W. Therefore, discovery is also necessary to explore Plaintiff's relationship with F&W. Id.

5. Reed likewise needs discovery from the Massachusetts and Maine Board of Bar Examiners, as Plaintiff claims that she has lost professional licensing opportunities and has been unable to practice in her chosen profession based on allegedly incorrect address information that Reed provided to these entities. Again, there is no evidence in the record that Reed, or any entity associated with Reed, provided any information to these entities, or that Plaintiff's non-admission to the bar in these jurisdictions had anything to do with information that the defendant purportedly provided. See Reed Opposition p. 12. Accordingly, discovery from these entities is necessary in order to determine what information was provided to these entities from the defendant (if any), as well why Plaintiff was denied admission to the bar in these states. Donnelly Aff. ¶ 6(c).

6. Additionally, as set forth in Reed's Opposition, Plaintiff's affidavit is filled with conclusory and argumentative statements, most of which is attested to "upon information and belief" or "upon belief." Reed Opp. pp. 11-13. Under such circumstances, Reed is entitled to examine Plaintiff and test her assertions and allegations prior to having to respond to a dispositive motion. Donnelly Aff. ¶ 6(d).

7. This litigation is in its infancy and, as Reed's Opposition makes clear, there are numerous disputed issues of fact. It is fundamental that Reed be permitted to discover the facts and issues that Plaintiff claims are central to her motion. See Resolution Trust Corp. v. North Bridge Assoc., Inc., 22 F.3d 1198, 1203 (1st Cir. 1998); Commonwealth Alum. Corp. v. Markowitz, 164 F.R.D. 117, 120-121 (D. Mass. 1995) (granting Fed. R. Civ. P. 56(f) motion where "there is no evidence that *any* discovery has begun") (emphasis in original).

8. Reed submits that on the present record, Plaintiff's Motion must be denied. If, however, the Court wishes to examine the merits of Plaintiff's claims, then at a minimum, the discovery outlined above is necessary. See Donnelly Aff. ¶ 6.

WHEREFORE, Reed respectfully requests that, if the Court does not deny Plaintiff's Motion, it permit Reed to take discovery in this action prior to considering Plaintiff's Motion, and for such further relief as this Court deems just and proper.

REED ELSEVIER INC.
By its attorneys,

/s/ Kristin M. Cataldo

T. Christopher Donnelly (BBO #129930)
Kristin M. Cataldo (BBO #654033)
Donnelly, Conroy & Gelhaar, LLP
One Beacon Street, 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880

Dated: December 12, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of December, 2006, I caused a copy of the foregoing to be served on the following by regular mail:

Christine M. Varad
P.O. Box 583
Milton, MA 02186

/s/ Kristin M. Cataldo
Kristin M. Cataldo

**LOCAL RULE 7.1 CERTIFICATION**

The undersigned counsel for defendant Reed Elsevier Inc. hereby certifies that on the morning of December 12, 2006, I telephoned pro se plaintiff Christine Varad and requested her assent to the foregoing motion. Ms. Varad refused to assent.

/s/ Kristin M. Cataldo
Kristin M. Cataldo