**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

Civil Docket No.: **06 CA 11370 MLW**

---

Christine. Varad,
Plaintiff,
v.

Reed Elsevier Incorporated,
d.b.a. *LexisNexis, LexisNexis Risk & Information Analytics Group, Inc.*,
Defendant.

---

FILED
IN CLERKS OFFICE
2007 APR 23 A 10: 11
U.S. DISTRICT COURT
DISTRICT OF MASS.

**<u>EXHIBIT A</u>**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

Civil Docket No.: **06 CA 11370 MLW**

---

Christine. Varad,
Plaintiff,
v.

Reed Elsevier Incorporated,
d.b.a. *Lexis Nexis Corporation,*
*Lexis Nexis Accurint,*
Defendant.

---

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 34, plaintiff, Christine Varad, hereby requests Reed Elsevier Inc. to produce all documents and things described below in its possession, custody or control. The documents and things shall be produced for inspection and copying at 88 Greenfield Lane, Scituate Massachusetts 02066 within thirty (30) days.

### Instructions

1. The use in a request of a specific term or item by way of example or illustration is not intended to limit the generality of the request or the definition applicable to it.
2. For each document described below that is withheld for any reason, a description of the document, its date, its author, the identity of any recipients thereof, the subject matter of the document, and a statement of the grounds upon which defendant relies in withholding it shall be served on or before the date the response to this request is due.
3. In the event that defendant has reason to believe that any document requested has been destroyed or transferred from its possession, custody or control, each such document should be identified by date, author and subject matter, and should be further identified with respect to each paragraph of the request which call for production of that document.

COPY

The reason for the destruction or transfer should be also stated, along with the date of destruction or transfer and the person(s) involved in the destruction or transfer.

4. A document in the possession, custody or control of another person or entity is considered in defendant's possession, custody or control if defendant has a right or privilege to examine it upon request or demand.

5. This request requires supplemental responses to the extent required by Rule 26(e) of the Federal Rules of Civil Procedure.

6. Unless otherwise specified, the requests require production of documents from January 1, 2001 through trial.

**Definitions**

1. As used herein, the term "Reed" means defendant Reed Elsevier, Inc. and its officers, directors, employees, attorneys, agents and any other person or entity acting on its behalf. The term "Reed" includes LexisNexis; LexisNexis Risk and Information Analytics Group and Seisint, Inc.

2. As used herein, the term "Varad" means plaintiff Christine Varad and any agents, representatives and all other persons acting or purporting to act on her behalf.

3. As used herein, the term "F&W" means F&W Publications Inc. and its officers, directors, employees, attorneys, agents and any other person acting on its behalf. The term "F&W" also includes Adams Media and its officers, directors, employees, agents and any other person acting on its behalf.

4. As used herein, the term "Gall & Gall" means Gall & Gall Company and its officers, directors, employees, attorneys, agents and any other person acting on its behalf.

5. As used herein, the term "person" means any natural person or any business, legal or governmental entity or association.

6. As used herein, the term "concerning" means relating to, referring to, describing, evidencing or constituting.

7. As used herein, the term "communication" means the transmittal of information (in the form of fax, ideas, inquires, or otherwise).

8. As used herein, the term "document" is synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term. The term "document" includes without limitation electronic mail (e-mail), attachments to emails, computer disks (both hard drive and floppy disks), files, data or other matter stored on computer, and any information or data which can be obtained or detected electronically.

**DOCUMENTS REQUESTED**

1. All documents, including but not limited to the contents of any "file," concerning Christine Varad in the possession, custody or control of defendant Reed Elsevier, Inc., d.b.a. LexisNexis, LexisNexis Risk and Information Analytics Group, and Seisint, Inc., including but not limited to, any other sub-entity of Reed Elsevier, Inc. known by any other fictitious business or trade name.

2. All documents concerning the policies and routine practices of Reed Elsevier, Inc., LexisNexis, LexisNexis Risk and Information Analytics Group and Seisint, Inc. taken to verify the integrity of data and information to be make available to others.

3. All documents and communications concerning each and every database, person, or other source accessed and/or utilized by defendant Reed Elsevier, Inc., LexisNexis, LexisNexis Risk and Information Analytics Group, and Seisint, Inc. to generate information concerning Christine Varad, including but not limited to, a record of each and every inquiry relating to a

credit transaction of any kind, the name and address of each and every data source accessed for such information and the names and addresses of information and data recipients concerning each and every inquiry request.

4. All data and communications concerning Varad obtained by Reed Elsevier, Inc., LexisNexis, LexisNexis Risk and Information Analytics Group and Seisint, Inc. from web site advertised "sub second access" point information and data sources concerning Varad's historical addresses, associates, relatives, business affiliates and assets, including but not limited to, a record of each and every inquiry relating to a credit transaction of any kind, the name and address of each and every data source accessed for such information and the names and addresses of the recipients of each and every inquiry request.

5. All documents and communications, including, but not limited to any contracts, between defendant Reed Elsevier, Inc., LexisNexis, LexisNexis Risk and Information Analytics Group, and Seisint, Inc. and the State of Massachusetts.

6. All documents and communications, including but not limited to any contracts, between defendant Reed Elsevier, Inc., LexisNexis, LexisNexis Risk and Information Analytics Group, and Seisint, Inc. and the State of Maine.

7. All documents and communications concerning Part B of "Defendant's Initial Disclosures, Documents that Reed May Use to Support Its Claim or Defenses."

8. All documents and communications concerning Gall & Gall, including but not limited to any contracts, between defendant Reed Elsevier, Inc., LexisNexis, LexisNexis Risk and Information Analytics Group, and Seisint, Inc. and Gall & Gall and any "audits" of Gall & Gall.

9. All documents and communications, including buy not limited to contracts between defendant Reed Elsevier, Inc., LexisNexis, LexisNexis Risk and Information Analytics Group, and Seisint, Inc. and Trans Union, Equifax, Experian and/or ChoicePoint.

10. All documents and communications concerning claims contained in the affidavits of John M. Byrne concerning plaintiff's complaint, including but not limited to, all documents and communications concerning his employment, employment title and employment related responsibilities with defendant Reed Elsevier, Inc., LexisNexis, LexisNexis Risk and Information Analytics Group, and Seisint, Inc.

11. All documents and communications concerning Reed Elsevier, Inc., LexisNexis, LexisNexis Risk and Information Analytics Group and Seisint, Inc. and customer service agreements, releases, licenses, forms to be utilized concerning customer requests for data and information contained in the databases of Reed Elsevier, Inc., LexisNexis, LexisNexis Risk and Information Analytics Group and Seisint, Inc.

March 11, 2007

Christine Varad
P.O. Box 583
Milton, Massachusetts 02186
781 534 8770

I certify that on this 11th day of March 2007, I caused a copy *of PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS* to be served by regular mail on the attorney of record for defendant Reed Elsevier, Incorporated at the following address of record:

Kristin Cataldo
Donnelly, Conroy and Gelhaar, LLP
One Beacon Street, 33rd Floor
Boston, Massachusetts 02108
617 720 2880

Christine Varad