**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

Civil Docket No.: **06 CA 11370 MLW**

Christine. Varad,
Plaintiff,
v.

Reed Elsevier Incorporated,
d.b.a. *LexisNexis, LexisNexis Risk & Information Analytics Group, Inc.*,
Defendant.

**EXHIBIT B**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2007 APR 23 A 10: 11
U.S. DISTRICT COURT
DISTRICT OF MASS.

CHRISTINE VARAD,

Plaintiff,

v.

REED ELSEVIER INC. d/b/a/ Lexis Nexis Corporation, Lexis Nexis Accurint,

Defendant.

C.A. No. 06 CA 11370 MLW

**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST**
**REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant Reed Elsevier Inc. ("Reed") responds to plaintiff Christine Varad's ("Plaintiff") First Request for Production of Documents as follows:

**GENERAL OBJECTIONS**

Set forth below are Reed's general objections to the request for documents. The general objections apply to all responses set forth below, and Reed's failure to refer specifically to a general objection in a particular response shall not constitute a waiver of any such objection.

1. Reed objects to the requests to the extent they seek privileged information or documents including, without limitation, information or documents protected from disclosure by the attorney-client privilege, work product doctrine or any other privilege, or are otherwise protected from disclosure.

2. Reed objects to the requests to the extent they seek information or documents which are not relevant to the subject matter of this action or information or documents which are not reasonably calculated to lead to the discovery of admissible evidence.

3. Reed objects to the requests, including but not limited to the "Definitions" and "Instructions" to the extent they purport to impose burdens or obligations beyond the requirements of the Federal Rules of Civil Procedure.

4. A statement that Reed will produce any responsive, non-privileged documents in its possession, custody or control means that Reed will conduct a diligent, good faith search for responsive documents and will produce such documents, if any, subject to the objections set forth herein.

5. Reed objects to the production of any documents that contain confidential and/or proprietary information until such time as an appropriate confidentiality stipulation is executed by the parties and entered by the court.

6. The inadvertent production by Reed of documents containing information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege, shall not constitute a waiver by Reed of such protection.

7. Reed objects to the requests on the grounds that the requests seek documents of Seisint, Inc., a separate legal entity from Reed. Reed's production of any Seisint documents herein is done without prejudice to the fact that Reed is a separate legal entity from Seisint and Reed's claim that it has no liability for the acts of Seisint.

8. Reed objects to these requests on the grounds that they are premature, because Plaintiff has failed to comply with her obligations under Local Rule 26.2(A) in that the initial disclosures required by Fed. R. Civ. P. 26(a)(1) have not been made. Pursuant to Local Rule 26.2(A), Reed will produce non-privileged, responsive documents, subject to the objections set forth herein, once Plaintiff has complied with Fed. R. Civ. P. 26(a)(1).

8. Unless otherwise indicated, Reed will not produce any documents or other

materials encompassed by its general or specific objections. Responsive documents to which no objection is made will be produced at a mutually convenient time and place.

**SPECIFIC RESPONSES**

**REQUEST NO. 1.**

All documents, including but not limited to the contents of any "file," concerning Christine Varad in the possession, custody or control of defendant Reed Elsevier, Inc., d.b.a. LexisNexis, LexisNexis Risk and Information Analytics Group, and Seisint, Inc., including but not limited to, any other sub-entity of Reed Elsevier, Inc. known by any other fictitious business or trade name.

**RESPONSE NO. 1.**

Subject to and without waiver of the general objections set forth above, Reed will produce non-privileged, responsive documents of Seisint in its possession, custody or control.

**REQUEST NO. 2.**

All documents concerning the policies and routine practices of Reed Elsevier, Inc., LexisNexis, LexisNexis Risk and Information Analytics Group and Seisint, Inc. taken to verify the integrity of data and information to be made available to others.

**RESPONSE NO. 2.**

Reed objects to this request on the grounds that it seeks information that is not relevant or reasonably likely to lead to the discovery of admissible evidence, as Reed was not the entity that provided information concerning the Plaintiff. Reed further objects to this request as it is overbroad and unduly burdensome, in that it seeks all documents concerning policies of Reed and Seisint, and that it is vague in that it fails to define "routine practices" and seeks documents "to verify the integrity of data."

**REQUEST NO. 3.**

All documents and communications concerning each and every database, person, or other source accessed and/or utilized by defendant Reed Elsevier, Inc., LexisNexis, LexisNexis Risk and Information Analytics Group, and Seisint, Inc. to generate information concerning Christine Varad, including but not limited to, a record of each and every inquiry relating to a credit transaction of any kind, the name and address of each and every data source accessed for such information and the names and addresses of information and data recipients concerning each and every inquiry request.

**RESPONSE NO. 3.**

Reed objects to this request on the grounds that it seeks information that is not relevant or reasonably likely to lead to the discovery of admissible evidence, as Reed was not the entity that provided information concerning the Plaintiff. Reed further objects to this request on the grounds that it is overbroad and unduly burdensome, and that it is vague and ambiguous, in that it seeks documents used to "generate information."

**REQUEST NO. 4.**

All data and communications concerning Varad obtained by Reed Elsevier, Inc., LexisNexis, LexisNexis Risk and Information Analytics Group and Seisint, Inc. from web site advertised "sub second access" point information and data sources concerning Varad's historical addresses, associates, relatives, business affiliates and assets, including but not limited to, a record of each and every inquiry relating to a credit transaction of any kind, the name and address of each and every data source accessed for such information and the names and addresses of the recipients of each and every inquiry request.

**RESPONSE NO. 4.**

Reed objects to this request on the grounds that is it vague and ambiguous, as it is unclear what Plaintiff means by documents allegedly obtained by Reed from "web site advertised 'sub second access."

**REQUEST NO. 5.**

All documents and communications, including, but not limited to any contracts, between defendant Reed Elsevier, Inc., LexisNexis, LexisNexis Risk and Information Analytics Group, and Seisint, Inc. and the State of Massachusetts.

**RESPONSE NO. 5.**

Reed objects to this request on the grounds that it seeks information that is not relevant or reasonably likely to lead to the discovery of admissible evidence. Reed further objects to his request on the grounds that it is overbroad, in that it is not limited to the allegations in the Complaint.

**REQUEST NO. 6.**

All documents and communications, including but not limited to any contracts, between defendant Reed Elsevier, Inc., LexisNexis, LexisNexis Risk and Information Analytics Group, and Seisint, Inc. and the State of Maine.

**RESPONSE NO. 6.**

Reed objects to this request on the grounds that it seeks information that is not relevant or reasonably likely to lead to the discovery of admissible evidence. Reed further objects to his request on the grounds that it is overbroad, in that it is not limited to the allegations in the Complaint.

**REQUEST NO. 7.**

All documents and communications concerning Part B of "Defendant's Initial Disclosures, Documents that Reed May Use to Support Its Claim or Defenses."

**RESPONSE NO. 7.**

Subject to and without waiver of the general objections, Reed will produce non-privileged, responsive documents of Seisint in its possession, custody or control.

**REQUEST NO. 8.**

All documents and communications concerning Gall & Gall, including but not limited to any contracts, between Reed Elsevier, Inc., LexisNexis, LexisNexis Risk and Information Analytics Group, and Seisint, Inc. and Gall & Gall and any "audits" of Gall & Gall.

**RESPONSE NO. 8.**

Reed objects to this request to the extent that it is overbroad and that it seeks information that is not relevant or reasonably likely to lead to the discovery of admissible evidence, in that it seeks documents that pertain to individuals not relevant to this litigation. Subject to and without waiver of the foregoing or general objections, Reed will produce non-privileged, responsive documents of Seisint concerning Gall & Gall and Ms. Varad and/or the allegations in the Complaint that are in its possession, custody or control.

**REQUEST NO. 9.**

All documents and communications, including but not limited to contracts between defendant Reed Elsevier, Inc., LexisNexis, LexisNexis Risk and Information Analytics Group, and Seisint, Inc. and Trans Union, Equifax, Experian and/or ChoicePoint.

**RESPONSE NO. 9.**

Reed objects to this request on the grounds that it is overbroad and that it seeks documents that are not relevant or reasonably likely to lead to the discovery of admissible evidence.

**REQUEST NO. 10.**

All documents and communications concerning claims contained in the affidavits of John M. Byrne concerning plaintiff's complaint, including but not limited to, all documents and communications concerning his employment, employment title and employment related responsibilities with defendant Reed Elsevier, Inc., LexisNexis, LexisNexis Risk and Information Analytics Group, and Seisint, Inc.

**RESPONSE NO. 10.**

Reed objects to this request on the grounds that it is overbroad and that it seeks documents not relevant or reasonably likely to lead to the discovery of admissible evidence. Subject to and without wavier of the foregoing objections, Reed states that it will produce documents sufficient to show Mr. Byrne's job responsibilities with Seisint. Mr. Byrne is not an employee of Reed.

**REQUEST NO. 11.**

All documents and communications concerning Reed Elsevier, Inc., LexisNexis, LexisNexis Risk and Information Analytics Group and Seisint, Inc. and customer service agreements, releases, licenses, forms to be utilized concerning customer requests for data and information contained in the databases of Reed Elsevier, Inc., LexisNexis, LexisNexis Risk and Information Analytics Group and Seisint, Inc.

**RESPONSE NO. 11.**

Reed objects to this request on the grounds that it is overbroad, unduly burdensome, and that it seeks documents not relevant or reasonably likely to lead to the discovery of admissible evidence.

REED ELSEVIER INC.
By its attorneys,

/s/ Kristin M. Cataldo

T. Christopher Donnelly (BBO #129930)
Kristin M. Cataldo (BBO #654033)
Donnelly, Conroy & Gelhaar, LLP
One Beacon Street, 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880

Dated: April 12, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of April, 2007, I caused a copy of the foregoing to be served on the following by regular mail to Christine M. Varad, P.O. Box 583, Milton, MA 02186.

/s/ Kristin M. Cataldo
Kristin M. Cataldo