**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

Civil Docket No.: **06 CA 11370 MLW**

Christine. Varad,
Plaintiff,
v.

Reed Elsevier Incorporated,
d.b.a. *LexisNexis, LexisNexis Risk & Information Analytics Group, Inc.*,
Defendant.

**EXHIBIT A**

Original

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF Maine

Christine Varad

V.

Reed Elsevier, Inc. dba Lexis Nexis, Lexis Nexis Risk and Information Analytics Group, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 06 CA 11370 MLW Massachusetts U.S. District Court

TO: Thomas J. Quinn, Esq. Chairperson, Maine Board of Bar Examiners

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. Office Maine Board of Bar Examiners

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 59 Court Street, Augusta, Maine 04332 | August 1, 2007 at 1:00 P.M. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents responsive to "Schedule A" as attached to Notice of Deposition; Maine Board of Bar Examiners.

| PLACE | DATE AND TIME |
|---|---|
| 59 Court Street, Augusta ME 04332 | August 1, 2007 at 1:00 P.M. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Susan C Dam, Deputy Clerk | 7/5/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

LINDA L. JACOBSON, Clerk

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
156 FEDERAL STREET
PORTLAND, MAINE 04101
207-780-3356

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number

MAKE CHECKS PAYABLE AND MAIL TO:

Treasurer, Kennebec County
P.O. Box 5469
Augusta, ME 04332

Tax ID # 016000007

# Credit Memo

| DATE | CREDIT NO. |
|---|---|
| 8/3/2007 | 07087499 |

Services provided by:
**Kennebec County Sheriff's Office**
Civil Division (207) 623-1202

*Billing Office:*
*Corporate Support Services*
*P.O. Box 5469*
*Augusta, ME 04332*
*Phone: (207) 621-4171*
*Fax: (207) 623-1399*

| CUSTOMER |
|---|
| Christine Varad<br>PO Box 583<br>Milton, MA 02186 |

| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| CHRISTINE VARAD v BOARD OF BAR EXAMINERS (Went from 59 State Street to 59 Court Street now at 40 Water Street, Hallowell, ME - she was out of office last week) | | | |
| Service | | -16.00 | 16.00 |
| Diligent Search | -2 | -10.00 | 20.00 |
| Travel | | -14.62 | 14.62 |
| County Fee | | -4.00 | 4.00 |
| Postage | | -1.31 | 1.31 |
| Subtotal | | | 55.93 |
| Prepayment money order #2008722844 | | 60.00 | -60.00 |

All refunds mailed separately, allow 30 days.

*NO 30 DAY ACCOUNTS. / $5.00 CHARGE FOR EACH BILLING OVER 30 DAYS.*

**Refund** $-4.07

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

Civil Docket No.: **06 CA 11370 MLW**

Christine. Varad,
Plaintiff,
v.

Reed Elsevier Incorporated,
d.b.a. *LexisNexis, LexisNexis Risk & Information Analytics Group, Inc.*,
Defendant.

**EXHIBIT B**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHRISTINE VARAD,<br><br>Plaintiff,<br><br>v.<br><br>REED ELSEVIER INCORPORATED,<br>d/b/a/ Lexis Nexis Corporation,<br>Lexis Nexis Accurint,<br><br>Defendant. | ) | C.A. No. 06 CA 11370 MLW |

**DEFENDANT'S FIRST REQUEST**
**FOR PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. P. 34 defendant Reed Elsevier Inc. requests plaintiff Christine Varad to produce all of the documents and things described below in her possession, custody or control. The documents and things shall be produced for inspection and copying at the offices of Donnelly, Conroy & Gelhaar, LLP, One Beacon Street, 33rd Floor, Boston, Massachusetts 02108 within thirty (30) days.

**Instructions**

1. The use in a request of a specific term or item by way of example or illustration is not intended to limit the generality of the request or the definition applicable to it.

2. For each document described below that is withheld for any reason, a description of the document, its date, its author, the identity of any recipients thereof, the subject matter of the document, and a statement of the grounds upon which plaintiff relies in withholding it shall be served on or before the date the response to this request is due.

3. In the event that plaintiff has reason to believe that any document requested has been destroyed or was transferred from her possession, custody or control, each such document should be identified by date, author and subject matter, and should further be identified with

respect to each paragraph of this request which calls for that document. The reason for the destruction or transfer should also be stated, along with the date of destruction or transfer and the person(s) involved in the destruction or transfer.

4. A document in the possession, custody or control of another person or entity is considered in plaintiff's possession, custody or control of if plaintiff has a right or privilege to examine it upon request or demand.

5. This request requires supplemental responses to the extent required by Rule 26(e) of the Federal Rules of Civil Procedure.

6. Unless otherwise specified, the requests require production of documents from January 1, 2001 through trial.

**Definitions**

1. As used herein, the term "Varad" means plaintiff Christine Varad and any agents, representatives, attorneys and all other persons acting or purporting to act on her behalf.

2. As used herein, the term "Reed" means defendant Reed Elsevier Inc. and its officers, directors, employees, attorneys, agents and any other person acting on its behalf. The term "Reed" also includes Seisint, Inc. and its officers, directors, employees, attorneys, agents and any other person acting on its behalf.

3. As used herein, the term "F&W" means F&W Publications Inc. and its officers, directors, employees, attorneys, agents and any other person acting on its behalf. The term "F&W" also includes Adams Media and its officers, directors, employees, attorneys, agents and any other person acting on its behalf.

4. As used herein, the term "Gall & Gall" means Gall & Gall Company and its officers, directors, employees, attorneys, agents and any other person acting on its behalf.

5. As used herein, the term "person" means any natural person or any business, legal or governmental entity or association.

6. As used herein, the term "concerning" means relating to, referring to, describing, evidencing or constituting.

7. As used herein, the term "communication" means the transmittal of information (in the form of fax, ideas, inquiries, or otherwise).

8. As used herein, the term "document" is synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term. The term "document" includes without limitation electronic mail (e-mail), attachments to e-mails, computer disks (both hard drive and floppy disks), files, data or other matter stored on computer, and any information or data which can be obtained or detected electronically.

**DOCUMENTS REQUESTED**

1. Varad's employment application(s) for F&W.

2. All documents concerning Varad's employment and/or potential employment with F&W.

3. All documents concerning Gall & Gall, including but not limited to any reports and/or information provided by Gall & Gall to Varad and/or F&W.

4. All documents concerning communications between Varad and Reed.

5. All documents concerning communications between Varad and F&W.

6. All documents concerning communications between Varad and Gall & Gall.

7. All documents concerning communications between Varad, on the one hand, and any other party, on the other hand, concerning the allegations in the Complaint.

8. All documents that support, or tend to support, the claims set forth in the Affidavit of Christine M. Varad dated October 27, 2006.

9. All documents concerning Varad's application for admission to the Massachusetts Board of Bar Examiners, including but not limited to any application(s) for

admissions, bar examine results, and any correspondence concerning acceptance and/or denial to the Massachusetts bar.

10. All documents concerning Varad's application for admission to the Maine Board of Bar Examiners, including but not limited to any application(s) for admissions, bar examine results, and any correspondence concerning acceptance and/or denial to the Maine bar.

11. All communications between Varad, on the one hand, and Equifax, Experian and/or Trans Union, on the other hand, concerning Varad's address history.

12. All documents concerning the damages plaintiff alleges were caused by Reed, including without limitation all documents concerning "lost employment" and "lost professional licensing opportunities" as alleged in the complaint.

13. All documents that support plaintiff's claim that the allegedly incorrect addresses are defamatory.

14. All documents on which plaintiff relies in claiming that Reed is subject to the Fair Credit Reporting Act.

15. All documents that support, or tend to support, plaintiff's claims in the complaint.

16. All documents that refute, or tend to refute, plaintiff's claims in the complaint.

REED ELSEVIER INC.
By its attorneys,

/s/ Kristin M. Cataldo

T. Christopher Donnelly (BBO #129930)
Kristin M. Cataldo (BBO #654033)
Donnelly, Conroy & Gelhaar, LLP
One Beacon Street, 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880

Dated: February 23, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of February, 2007, I caused a copy of the foregoing to be served by regular mail on Christine M. Varad, P.O. Box 583, Milton, MA 02186.

/s/ Kristin M. Cataldo
Kristin M. Cataldo

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

Civil Docket No.: **06 CA 11370 MLW**

Christine. Varad,
Plaintiff,
v.

Reed Elsevier Incorporated,
d.b.a. *LexisNexis, LexisNexis Risk & Information Analytics Group, Inc.*,
Defendant.

**EXHIBIT C**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTINE VARAD,<br><br>Plaintiff,<br>v.<br><br>REED ELSEVIER INCORPORATED,<br>d/b/a LexisNexis, Lexis Nexis Risk & Information Analytics Group, Inc.,<br><br>Defendant. | C.A. No. 06 CA 11370 MLW |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION**
**TO COMPEL PRODUCTION OF DOCUMENTS**

Defendant Reed Elsevier Inc. ("Reed") hereby opposes Christine Varad's ("Varad" or "Plaintiff") LR D. Mass. 37.1 Motion To Compel Production of Documents Pursuant To Fed. R. Civ. P. 34 and 37(a) ("Motion"). Plaintiff's Motion must be denied because Reed has produced all responsive documents that are either relevant or might lead to the discovery of admissible evidence. Contrary to Plaintiff's contention, Reed has not limited its production only to documents concerning Gall & Gall Company. In fact, Reed has produced documents from separate legal entities – even though it is not required to do so. Despite these facts, Plaintiff insists on pursuing a fishing expedition that would encompass, for example, contracts with uninvolved credit reporting agencies, and countless "agreements, releases, licenses, forms" that have nothing to do with this case. Furthermore, Plaintiff demands every piece of paper that concerns her with regard to Reed and any of its subsidiaries, affiliates or divisions. These unbounded requests would include, for example, copies of any decisions reported in Lexis in which Varad was a party and newspaper articles concerning Varad. Such documents are neither relevant nor likely to lead to the discovery of admissible evidence. The discovery rules do not

permit the open-ended discovery sought by Varad. Accordingly, Plaintiff's Motion is properly denied.

**INTRODUCTION**

Plaintiff commenced this lawsuit in August 2006, claiming that Reed d/b/a LexisNexis Corporation, Lexis Nexis Accurint, had failed to provide her access to a "file" with regard to information that she alleges was provided about her to Gall & Gall Company, Inc. ("Gall & Gall"). Varad claims that the information provided by Reed was false and resulted in lost employment opportunities. Varad also alleges that Reed provided the same false information to others, including the Massachusetts and Maine Board of Bar Examiners, which she claims resulted in her inability to practice law.

Reed, however, has not provided ***any*** information to Gall & Gall concerning Varad. As Reed has consistently maintained throughout this litigation, its subsidiary, Seisint, Inc. ("Seisint"), a separate legal entity from Reed, provided the address information at issue to Gall & Gall. Further, all of the correspondence regarding Varad's request for a "file" was between Varad and Seisint – not Reed. Notwithstanding these facts, Varad continues to pursue Reed, making no distinction between separate legal entities. Most recently, Varad amended her complaint to change the name of the defendant to "Reed d/b/a/ LexisNexis, Lexis Nexis Risk & Information Analytics Group, Inc." ("LexisNexis Risk"). LexisNexis Risk, however, is also a separate legal entity from Reed.

Even in light of the separate legal existence of these entities, Reed, in good faith, has produced documents concerning Varad from both Seisint and LexisNexis Risk, including documents concerning the searches run on Varad in the databases of these entities from 2001

through present.[1] In fact, as those documents show, only three entities performed searches on Varad. Varad now moves to compel the search results from these entities (among other documents), even though she was informed during the discovery conference that search results are not kept, and therefore Reed does not have these documents to produce. In fact, the one "Flat Rate Comprehensive Report" that Varad refers to on page 2 of her Motion was not a report disseminated to any third parties, but rather was an internal report run by Seisint after receiving Varad's correspondence concerning the address information at issue that was provided by Seisint's Accurint database. Accordingly, there are no search results to produce. Any further documents sought by Varad are overbroad and not relevant to this lawsuit, and Reed should not be compelled to canvass literally millions of documents in every database of any Reed affiliated entity.

Moreover, as an additional reason why Plaintiff's Motion must be denied, Reed, in good faith, requested that Plaintiff narrow certain of the requests that are overbroad on their face. Plaintiff refused to do so.

With regard to the specific requests, Reed states as follows:

**REQUEST NO. 1.**

All documents, including but not limited to the contents of any "file," concerning Christine Varad in the possession, custody or control of defendant Reed Elsevier, Inc., d.b.a. LexisNexis, LexisNexis Risk and Information Analytics Group, and Seisint, Inc., including but not limited to, any other sub-entity of Reed Elsevier, Inc. known by any other fictitious business or trade name.

**RESPONSE NO. 1.**

Subject to and without waiver of the general objections set forth above, Reed will produce non-privileged, responsive documents of Seisint in its possession, custody or control.

---

[1] In doing so, Reed expressly reserved all rights and arguments with regard to its production of documents from these separate legal entities.

**ARGUMENT:**

Reed produced documents responsive to this request concerning Varad and the allegations in the Complaint, and produced such documents as kept in the ordinary course of its business. To the extent Plaintiff is seeking the specific documents responsive to this request, the following documents "concern" Varad and are therefore responsive: D00033-D00038, D00050-D00061, D00063-D00070, D00075-D000103.

Reed has not produced documents that do not concern the allegations in the Complaint. For example, documents in Reed's research databases, such as case opinions from lawsuits that Varad was a party to, or newspaper articles, would be responsive to this request but are not related to the allegations in the complaint (other than, with regard to Varad's lawsuit against the Chairman of the Massachusetts Board of Bar Examiners, to confirm the fact that Varad has never passed the Massachusetts bar exam and therefore her inability to practice law in this jurisdiction has nothing to do with Reed). Reed has not undertaken the task of searching through its research databases to find every piece of paper concerning Varad. Reed has, however, produced documents from Seisint and LexisNexis Risk concerning the searches that were requested on Varad beginning in 2001.[2] Nor is Reed withholding any documents in response to any of the requests on the grounds of privilege that pre-date the Complaint.

**REQUEST NO. 2.**

All documents concerning the policies and routine practices of Reed Elsevier, Inc., LexisNexis, LexisNexis Risk and Information Analytics Group and Seisint, Inc. taken to verify the integrity of data and information to be made available to others.

**RESPONSE NO. 2.**

Reed objects to this request on the grounds that it seeks information that is not relevant or reasonably likely to lead to the discovery of admissible evidence, as Reed was not the entity that

---

[2] Varad testified that she graduated from lawschool in 2001. Accordingly, documents were produced from 2001 through the present.

provided information concerning the Plaintiff. Reed further objects to this request as it is overbroad and unduly burdensome, in that it seeks all documents concerning policies of Reed and Seisint, and that it is vague in that it fails to define "routine practices" and seeks documents "to verify the integrity of data."

**ARGUMENT:**

In her Motion, Plaintiff claims that the policies of Reed are relevant to her defamation claim. Plaintiff's defamation claim rests on her allegation that incorrect information was provided to Gall & Gall. See Second Amended Complaint ¶¶ 11 & 12. Plaintiff's complaint contains no other specific allegations of defamatory information. See id. Since Reed did not provide any information to Gall & Gall concerning Varad, Reed's policies are not relevant to Varad's defamation claim. Seisint, however, did provide information in its Accurint database to Gall & Gall, and Reed has confirmed that Seisint does not have a policy regarding the verification of the accuracy of information in its Accurint database.

**REQUEST NO. 3.**

All documents and communications concerning each and every database, person, or other source accessed and/or utilized by defendant Reed Elsevier, Inc., LexisNexis, LexisNexis Risk and Information Analytics Group, and Seisint, Inc. to generate information concerning Christine Varad, including but not limited to, a record of each and every inquiry relating to a credit transaction of any kind, the name and address of each and every data source accessed for such information and the names and addresses of information and data recipients concerning each and every inquiry request.

**RESPONSE NO. 3.**

Reed objects to this request on the grounds that it seeks information that is not relevant or reasonably likely to lead to the discovery of admissible evidence, as Reed was not the entity that provided information concerning the Plaintiff. Reed further objects to this request on the grounds that it is overbroad and unduly burdensome, and that it is vague and ambiguous, in that it seeks documents used to "generate information."

**ARGUMENT:**

Although Reed objected to this request and despite the fact that the request is patently overbroad, Reed has produced documents responsive to this request. Reed produced documents

concerning searches run on Varad from the Seisint and LexisNexis Risk databases from 2001 through present, which documents include information identifying the entities that performed the searches on Varad [bates numbered D00100-D00103]. Reed further produced a "company information" screen shot for each entity that performed a search on Varad [D00104-D00106]. Further, Reed produced a report indicating the source of address information it has on Varad [D00050-D00059]. No credit inquires were performed on Varad during this timeframe, and thus no documents concerning credit transactions exist. The production of any further source information is improper, as such information is neither relevant nor likely to lead to the discovery of admissible evidence. In addition, production of that irrelevant information would be unduly burdensome, as the source information for these databases comes from a myriad of public and private sources, and it would be a monumental task to determine each and every source that has ever provided information concerning Varad. Reed produced documents indicating the source of the allegedly incorrect address information [D00050-D00059], which is the basis for Plaintiff's Complaint.

**REQUEST NO. 4.**

All data and communications concerning Varad obtained by Reed Elsevier, Inc., LexisNexis, LexisNexis Risk and Information Analytics Group and Seisint, Inc. from web site advertised "sub second access" point information and data sources concerning Varad's historical addresses, associates, relatives, business affiliates and assets, including but not limited to, a record of each and every inquiry relating to a credit transaction of any kind, the name and address of each and every data source accessed for such information and the names and addresses of the recipients of each and every inquiry request.

**RESPONSE NO. 4.**

Reed objects to this request on the grounds that is it vague and ambiguous, as it is unclear what Plaintiff means by documents allegedly obtained by Reed from "web site advertised 'sub second access."

**ARGUMENT:**

Reed objected to this request because it is ambiguous. Although Plaintiff claims that the terms she utilized in the request are "published by Reed on the Internet," nowhere in the request (or in her Motion) does she identify the websites to which she refers. Despite this fact and as stated in response to Request No. 3, Reed produced documents concerning searches run on Varad from the Seisint and LexisNexis Risk databases from 2001 through present, which documents include information identifying the entities that performed the searches on Varad [bates numbered D00100-D00103]. Reed further produced a "company information" screen shot for each entity that performed a search on Varad {D00104-D00106]. Further, Reed produced a report indicating the source of address information it has on Varad [D00050-D00059]. No credit inquires were performed on Varad during this timeframe, and thus no documents concerning credit transactions exist. The production of any further source information is improper, as such information is neither relevant nor likely to lead to the discovery of admissible evidence. In addition, production of that irrelevant information would be unduly burdensome, as the source information for these databases comes from a myriad of public and private sources, and it would be a monumental task to determine each and every source that has ever provided information concerning Varad. Reed produced documents indicating the source of the allegedly incorrect address information [D00050-D00059], which is the basis for Plaintiff's Complaint.

**REQUEST NO. 5 & 6**

All documents and communications, including, but not limited to any contracts, between defendant Reed Elsevier, Inc., LexisNexis, LexisNexis Risk and Information Analytics Group, and Seisint, Inc. and the State of Massachusetts.

All documents and communications, including but not limited to any contracts, between defendant Reed Elsevier, Inc., LexisNexis, LexisNexis Risk and Information Analytics Group, and Seisint, Inc. and the State of Maine.

**RESPONSES NOS. 5 & 6.**

Reed objects to this request on the grounds that it seeks information that is not relevant or reasonably likely to lead to the discovery of admissible evidence. Reed further objects to his request on the grounds that it is overbroad, in that it is not limited to the allegations in the Complaint.

**ARGUMENT:**

Reed objected to these request because they are overbroad, in that they seek all documents concerning every contract that Reed, Seisint and LexisNexis Risk has with the states of Massachusetts and Maine. This would include all documents concerning contract negotiations, correspondence etc. with Massachusetts and Maine. Such documents are simply not relevant to this lawsuit nor would their production lead to the discovery of admissible evidence. The utter lack of relevance is buttressed by the fact that Reed did not provide the information at issue.

In her Motion, Plaintiff argues that contracts with the Massachusetts and Maine Board of Bar Examiners are relevant to her defamation claim. Reed has therefore produced Seisint's contract with the Maine Board of Bar Examiners [bates numbered D00107-D00120].[3] Reed produced the contract between Seisint and the Maine Board of Bar Examiners notwithstanding the fact that Varad has taken the position that she has no obligation to produce publicly available documents.[4]

**REQUEST NO. 7.**

All documents and communications concerning Part B of "Defendant's Initial Disclosures, Documents that Reed May Use to Support Its Claim or Defenses."

---

[3] Reed is not aware of any contract between Seisint and the Massachusetts Board of Bar Examiners.

[4] Varad has refused to produce any documents concerning her applications and correspondence with the Massachusetts and Maine Board of Bar Examiners, or her bar results, claiming that such documents are available publicly. Varad testified at her deposition that she has never passed the bar exam in Maine or Massachusetts, and has not sat for the bar exam in any other jurisdiction.

**RESPONSE NO. 7.**

Subject to and without waiver of the general objections, Reed will produce non-privileged, responsive documents of Seisint in its possession, custody or control.

**ARGUMENT:**

Plaintiff argues that Reed has not identified which documents are responsive to this request. Reed complied with Fed. R. Civ. P. 34 by producing its documents as kept in the ordinary course of its business. In any event, Reed states that all documents produced by Reed may be used to support its claims or defenses. Further, as stated above, Reed is not claiming privilege with regard to any documents that pre-date the Complaint.

**REQUEST NO. 8.**

All documents and communications concerning Gall & Gall, including but not limited to any contracts, between Reed Elsevier, Inc., LexisNexis, LexisNexis Risk and Information Analytics Group, and Seisint, Inc. and Gall & Gall and any "audits" of Gall & Gall.

**RESPONSE NO. 8.**

Reed objects to this request to the extent that it is overbroad and that it seeks information that is not relevant or reasonably likely to lead to the discovery of admissible evidence, in that it seeks documents that pertain to individuals not relevant to this litigation. Subject to and without waiver of the foregoing or general objections, Reed will produce non-privileged, responsive documents of Seisint concerning Gall & Gall and Ms. Varad and/or the allegations in the Complaint that are in its possession, custody or control.

**ARGUMENT:**

Reed produced documents responsive to this request that pertain to Varad. Although Reed produced documents as kept in the ordinary course of its business, in response to Varad's request, the following documents concern Gall & Gall: D00038-D00049, D00060-D00103, D00106-D00121.

**REQUEST NO. 9.**

All documents and communications, including but not limited to contracts between defendant Reed Elsevier, Inc., LexisNexis, LexisNexis Risk and Information Analytics Group, and Seisint, Inc. and Trans Union, Equifax, Experian and/or ChoicePoint.

**RESPONSE NO. 9.**

Reed objects to this request on the grounds that it is overbroad and that it seeks documents that are not relevant or reasonably likely to lead to the discovery of admissible evidence.

**ARGUMENT**

Plaintiff's request seeks every piece of paper between Reed, Seisint and LexisNexis Risk and any of the four major credit reporting agencies (Trans Union, Equifax, Experian and ChoicePoint). The request is patently overbroad, as it is not limited in any way – to either documents concerning the allegations in the Complaint, Varad or in some other fashion. During the discovery conference, counsel for Reed requested that Plaintiff narrow her request, but she refused to do so. Reed's objection is proper. Furthermore, as noted above, Reed has produced documents that indicate the source of the allegedly incorrect address information – the only specific claim in Varad's Amended Complaint.

**REQUEST NO. 10.**

All documents and communications concerning claims contained in the affidavits of John M. Byrne concerning plaintiff's complaint, including but not limited to, all documents and communications concerning his employment, employment title and employment related responsibilities with defendant Reed Elsevier, Inc., LexisNexis, LexisNexis Risk and Information Analytics Group, and Seisint, Inc.

**RESPONSE NO. 10.**

Reed objects to this request on the grounds that it is overbroad and that it seeks documents not relevant or reasonably likely to lead to the discovery of admissible evidence. Subject to and without wavier of the foregoing objections, Reed states that it will produce documents sufficient to show Mr. Byrne's job responsibilities with Seisint. Mr. Byrne is not an employee of Reed.

**ARGUMENT**

Plaintiff's request is overbroad, as it seeks all documents concerning Mr. Byrne's employment. Mr. Byrne is an employee of Seisint, and accordingly, Reed produced a document summarizing his job responsibilities with Seisint [bates-labeled D00121]. With regard to all documents concerning the claims in Mr. Byrne's affidavits, the request is overbroad and unduly burdensome. For example, Mr. Byrne attests that Reed is a separate legal entity from Seisint. All documents that indicate Reed's corporate existence, however, are voluminous and overbroad. During the discovery conference, Plaintiff was asked if she would narrow the request, but she refused to do so. Reed's objection is proper. Moreover, Reed has already produced documents that were referred to in Mr. Byrne's Second Affidavit [bates-labeled D00066-D00077].

**REQUEST NO. 11.**

All documents and communications concerning Reed Elsevier, Inc., LexisNexis, LexisNexis Risk and Information Analytics Group and Seisint, Inc. and customer service agreements, releases, licenses, forms to be utilized concerning customer requests for data and information contained in the databases of Reed Elsevier, Inc., LexisNexis, LexisNexis Risk and Information Analytics Group and Seisint, Inc.

**RESPONSE NO. 11.**

Reed objects to this request on the grounds that it is overbroad, unduly burdensome, and that it seeks documents not relevant or reasonably likely to lead to the discovery of admissible evidence.

**ARGUMENT**

Plaintiff's request is overbroad in that it seeks every document or communication between Reed, Seisint and LexisNexis Risk and its customers. The request is in no way limited to the allegations in the Complaint, Varad or in any other respect. During the discovery conference, Plaintiff was asked if she would narrow the request, but she refused to do so. Reed's

objection is proper. Moreover, Reed has already produced "screen shots" of the customers that sought information regarding Varad [bates-labeled D00104-D00106].

## CONCLUSION

In good faith and without obligation to do so, Reed has produced documents in the possession of separate legal entities in response to Plaintiff's requests. Reed's production encompasses not just the allegations in the Complaint, but all searches run on Varad in the Seisint and LexisNexis Risk databases from 2001 through present. Despite Reed's good faith efforts, Plaintiff continues to press for documents wholly unrelated to this litigation, which would result in substantial burden to Reed. For all the reasons herein, Plaintiff's Motion must be denied.

Respectfully submitted,

REED ELSEVIER INC.
By its attorneys,

/s/ Kristin M. Cataldo
T. Christopher Donnelly (BBO #129930)
Kristin M. Cataldo (BBO #654033)
Donnelly, Conroy & Gelhaar, LLP
One Beacon Street, 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880

Dated: June 4, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of June, 2007, I caused a copy of the foregoing to be served on the following by regular mail to Christine M. Varad, P.O. Box 583, Milton, MA 02186.

/s/ Kristin M. Cataldo
Kristin M. Cataldo

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

Civil Docket No.: **06 CA 11370 MLW**

Christine. Varad,
Plaintiff,
v.

Reed Elsevier Incorporated,
d.b.a. *LexisNexis, LexisNexis Risk & Information Analytics Group, Inc.*,
Defendant.

**EXHIBIT D**

Maine Board of Bar Examiners
P.O. Box 140
Augusta, Maine 04332-0140
Cheryl J. Cutliffe
Executive Director

May 15, 2006

Dear Ms. Cutliffe,

In connection with my application for admission to the Maine Bar, I would like to formally notify the Maine Board of Bar Examiners that background check information in connection with my name, date of birth and social security number is unreliable and that I am in possession of evidence that I have been victimized by identity theft and fraud.

Information disseminated by Lexis Nexis Accurint concerning previous address data associated with my name and my social security number and appearing repeatedly on an Accurint report is patently false. Correct address data has been deleted or simply replaced with false information. I have reported this situation to the authorities and I believe additional false and unreliable information is being disseminated by this consumer-reporting agency.

If the Board of Bar Examiners has been provided with background check data in connection with my Bar application, name and social security number from either the National Conference of Bar Examiners or any other source of personal data reporting agency it is important that the Board be on notice of the fraudulent activity.

I request that the Board disregard all background check data in connection with my name and social security number in response to the verified fraudulent activity until the matter can be fully investigated by myself and or the police. I also request an opportunity to review for accuracy all background check data received by the Board in connection with my Bar application from the National Conference of Bar Examiners and/or from any other data reporting agency that may have already provided a report or that may be asked in future to provide a report for the Board.

Sincerely,

Christine M. Varad

Christine Varad

Maine Board of Bar Examiners
P.O. Box 140
Augusta, Maine 04332-0140
Cheryl J. Cutliffe
Executive Director

June 16, 2006

Dear Ms. Cutliffe,

I am responding to your letter to me dated June 7, 2006 in which you request that I provide the Board with complete information concerning any and all civil actions to which I am a party and copies of applicable pleadings.

I am not presently involved in any litigation, of any kind, civil or criminal. Should that status change, I will inform the Board as required.

On May 15, 2006, I contacted the Board by letter relative to a legal issue concerning my interests and Lexis Nexis Accurint. I intended to place the Board on notice that background check reports in connection with my name and social security number contain false and unreliable information. I requested an opportunity to review for accuracy any and all background check data received by the Board in connection with my name and social security number. I have received no reply from the Board addressing that issue. I again request access to that data and information.

I have presented Lexis Nexis Accurint with a statutorily required pre-litigation letter. In the interests of full disclosure, I will enclose a copy of that letter.

Sincerely,

Christine Varad

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

Civil Docket No.: **06 CA 11370 MLW**

Christine. Varad,
Plaintiff,
v.

Reed Elsevier Incorporated,
d.b.a. *LexisNexis*, *LexisNexis Risk & Information Analytics Group, Inc.*,
Defendant.

EXHIBIT E

Cheryl J. Cutliffe
Executive Director
Maine Board Bar Examiners
P.O. Box 140
Augusta, ME 04332

July 14, 2007

Dear Ms. Cutliffe,

I have received your July 5, 2007 letter to me in which you suggest that I have submitted an application to take part one and part two of the July 2007 Maine Bar Examination. the July 2007 Maine Bar Examination. I have submitted no such application.
In fact, you sent me an application to fill in and submit and I responded by letter dated July 2, 2007 indicating that I have no interest in submitting any such application.

Your July 5, 2007 letter to me indicates that the Board considered and determined two disability accommodations in testing for me concerning part one and two of the July 2007 Bar examination pursuant to an application that was not in fact or truth ever submitted.

I can not understand or respond to the Board's determination of a disability accommodation in testing for me made in the absence of my submission of a genuinely completed and signed application requesting any such accommodation.

As your June 18, 2007 letter states, I did not submit a valid application to participate in the July 2007 Maine Bar Examination and as a result I have not submitted any application. The fee received by the Board in connection with that invalid application was received in error. Again, please refund that fee immediately.

Sincerely,

Christine Varad
Christine Varad
P.O. Box 583
Milton, MA 02186
781 583 7117

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

Civil Docket No.: **06 CA 11370 MLW**

---

Christine. Varad,
Plaintiff,

v.

Reed Elsevier Incorporated,
d.b.a. *LexisNexis, LexisNexis Risk & Information Analytics Group, Inc.*,
Defendant.

---

**EXHIBIT F**

THOMAS J. QUINN, ESQ.
CHAIR
JOANNE LEBEL, M.S.Ed., C.A.S.
SECRETARY
PAUL H. MILLS, ESQ.
TREASURER
JENNIFER A. ARCHER, ESQ.
PETER B. BICKERMAN, ESQ.
C. DONALD BRIGGS, III, ESQ.
ALFRED H. FUCHS, Ph.D.
LEIGH McCARTHY, ESQ.
NATHANIEL M. ROSENBLATT, ESQ.

CHERYL J. CUTLIFFE
EXECUTIVE DIRECTOR

State of Maine
**Board of Bar Examiners**

MAILING ADDRESS
P.O. BOX 140
AUGUSTA, MAINE 04332-0140

TELEPHONE
207-623-2464

FAX
207-623-0059

E-MAIL
execdir@mainebarexaminers.org

WEB ADDRESS
www.mainebarexaminers.org

July 5, 2007

Ms. Christine Varad
P. O. Box 583
Milton, MA 02186

**RE: July 2007 Maine Bar Application**

Dear Ms. Varad:

I am in receipt of and respond to your letter dated July 2, 2007. You have apparently misunderstood my June 18th letter. That letter was not a refusal of your application for the July 2007 exam, but merely a request that you provide the Board with an updated application, pursuant to the Board's policy that an updated application must be provided every two years. Once an applicant's original application becomes more than two years old, the Board automatically requests an update.

In fact, your application for the July 2007 exam was accepted and is being processed along with all other applicants as evidenced by the Applicant List posted to the Board's website. In addition, the Board met last Thursday and considered your request for accommodations for the July exam. A letter outlining the Board's decision with regard to your request for accommodations is enclosed.

Your letter indicates that you are "not willing to submit any additional applications to sit for the bar examination in the state of Maine...." Based upon that statement, the Board will assume that you are withdrawing from the July examination. If that is not the case, and you do intend to sit for the July exam, **please notify me within the next five (5) business days** so that the appropriate arrangements can be made for the accommodation that has been granted by the Board.

---

Finally, you request that your application fee be refunded. Pursuant to Maine Bar Admission Rule 6(d), "[a]ll fees paid to the Board, including application fees ... are nonrefundable." Therefore, the Board is unable to refund your application fee as requested. The Board will, however, credit your application fee toward any of the next four (4) administrations of the exam, also pursuant to M.B.A.R. 6(d).

Should you have any questions, please feel free to contact me.

Very truly yours,

Cheryl J. Cutliffe

Cheryl J. Cutliffe
Executive Director

/cjc
Enclosure

THOMAS J. QUINN, ESQ.
CHAIR
JOANNE LEBEL, M.S.Ed., C.A.S.
SECRETARY
PAUL H. MILLS, ESQ.
TREASURER
JENNIFER A. ARCHER, ESQ.
PETER B. BICKERMAN, ESQ.
C. DONALD BRIGGS, III, ESQ.
ALFRED H. FUCHS, Ph.D.
LEIGH McCARTHY, ESQ.
NATHANIEL M. ROSENBLATT, ESQ.

CHERYL J. CUTLIFFE
EXECUTIVE DIRECTOR

State of Maine
# Board of Bar Examiners

MAILING ADDRESS
P.O. BOX 140
AUGUSTA, MAINE 04332-0140

TELEPHONE
[illegible]

FAX
207-622-0059

E-MAIL
execdir@mainebarexaminers.org

WEB ADDRESS
www.mainebarexaminers.org

July 5, 2007

Ms. Christine M. Varad
P. O. Box 583
Milton, MA 02186

**RE: Maine Bar Examination – Request for Special Accommodations**

Dear Applicant:

The Board of Bar Examiners has considered your request for accommodations for the July 2007 examination. It has decided to grant you the use of a court reporter, a separate room and no additional time for Day 1 of the exam, and a scribe for Day 2 to record your answers on the MBE answer sheet with no additional time.

Please report to the registration table and main examination room at the regularly scheduled time on the morning of the first day and we will handle transferring you to your room at the appropriate time. You will begin the exam at the regularly scheduled time each day and will stay later each day to complete your exam. Tardiness will not be tolerated, pursuant to the Board's policy concerning late applicants for the bar examination.

In the event you are granted and accept accommodations for the Maine bar examination and then fail to appear to take the exam as scheduled, you will be responsible for reimbursing the Board for any expenses occurred in relation to providing your accommodations including, but not limited to, any charges for extra room, monitor services, court reporter fees, and any and all other fees associated with granting your accommodation.

Please acknowledge your acceptance of these accommodations by signing and returning one copy of this letter in the enclosed envelope. We must receive your acknowledgment on or before Friday, July 13, 2007, in order to make the necessary arrangements for your accommodation at the exam site.

Should you have any questions, please feel free to contact me.

Very truly yours,

Cheryl J. Cutliffe
Executive Director

/cjc

I hereby acknowledge and accept the accommodations being granted by the Board of Bar Examiners for the July 2007 examination and further understand that if I fail to appear for the exam, I will be responsible for any charges incurred by the Board in relation to providing my accommodation.

____________________________________
Christine Varad