UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHRISTINE VARAD, )
) C.A. No. 06 CA 11370 MLW
Plaintiff, )
v. )
)
REED ELSEVIER INCORPORATED, )
d/b/a LexisNexis, Lexis Nexis Risk & Information )
Analytics Group, Inc., )
)
Defendant. )

**STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANT REED ELSEVIER INC.'S MOTION FOR SUMMARY JDUGMENT**

# TAB 3

Dockets.Justia.com

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHRISTINE VARAD,<br><br>Plaintiff,<br><br>v.<br><br>REED ELSEVIER INCORPORATED,<br>d/b/a/ Lexis Nexis Corporation,<br>Lexis Nexis Accurint,<br><br>Defendant. | ) | C.A. No. 06 CA 11370 MLW |

**SECOND AFFIDAVIT OF JOHN M. BYRNE**

I, John M. Byrne, hereby depose and state as follows:

1. I am Director and Senior Corporate Counsel for Seisint, Inc. ("Seisint"), and make this affidavit based on my personal knowledge.

2. Seisint is a provider of information management products and services. As part of its portfolio, Seisint owns Accurint, a service and database of information that provides identity validation and verification.

3. In early 2006, Seisint received a request from its customer, Gall & Gall Company, Inc. ("Gall & Gall"), to provide identification verification information for Ms. Christine M. Varad.

4. In response to Gall & Gall's request, Seisint provided Gall & Gall with identity verification information from its Accurint database regarding Christine Varad, which consisted of name, current and prior address information, date of birth, partially masked social security number, and possibly telephone number information. Seisint did not provide Gall & Gall any other information concerning Ms. Varad.

Case 1:06-cv-11370-MLW Document 71-4 Filed 08/31/2007 Page 3 of 24

5. In April 2006 Ms. Varad contacted Seisint, claiming that certain address information that was provided to Gall & Gall from Seisint's Accurint database was incorrect.

6. In response to her inquiry, Seisint requested that Ms. Varad fill out a form specifying the information she claimed was incorrect, in order that Seisint could attempt to provide her with the source of the information she disputed. A true and accurate copy of Seisint's April 20, 2006 letter to Ms. Varad is attached hereto as Exhibit A.

7. Seisint subsequently determined that the disputed address information was provided to Seisint by one or more of the three national credit reporting agencies (Equifax, Experian and Trans Union). Seisint informed Ms. Varad of this fact in a letter to her dated May 23, 2006, as well as provided her with the contact information for each of the credit reporting agencies. A true and accurate copy of Seisint's May 23, 2006 letter is attached hereto as Exhibit B.

8. Seisint urged Ms. Varad to contact these agencies and correct the disputed information, as Seisint could not change such information. See Exhibit B.

9. Seisint also contacted Gall & Gall to audit its use of Seisint's information, because Seisint's contract with Gall & Gall precludes the use of Accurint information for purposes that fall within the purview of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* A true and accurate copy of Seisint's contract with Gall & Gall is attached hereto as Exhibit C. In fact, it is typical in the industry that customers such as Gall & Gall will request identification verification information from Seisint, and then subsequently seek background check information, including for example, criminal history information, from different sources.

10. Seisint's audit of Gall & Gall confirmed that the information it provided to Gall & Gall about Ms. Varad was identification information only, and further that Gall & Gall used that information for verification purposes only (to determine that she was, in fact, the person she claimed to be on an employment application), and for no other purpose.

11. By letter dated June 20, 2006, Seisint informed Ms. Varad of the results of its audit of Gall & Gall. A true and accurate copy of Seisint's June 20, 2006 letter is attached hereto as Exhibit D.

12. Despite Seisint's efforts to address Ms. Varad's concerns, on June 3, 2006, Ms. Varad sent a letter to Seisint at its corporate headquarters in Boca Raton, Florida, claiming that "Lexis Nexis Accurint" violated c. 93A. A true and accurate copy of Ms. Varad's June 3, 2006 letter to Seisint is attached hereto as Exhibit E. On behalf of Seisint, I responded to Ms. Varad by letter dated June 20, 2006. See Exhibit D. Seisint's letter again urged Ms. Varad to contact the previously disclosed credit reporting agencies to correct the disputed information.

13. From April 2006 through the filing of this litigation, the correspondence regarding Ms. Varad's claims was either between Ms. Varad and Seisint, or Ms. Varad and myself, on behalf of Seisint.

Signed under the pains and penalties of perjury, this 7th day of December, 2006.

John M. Byrne, Director & Senior Corporate
Counsel, Seisint

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of December, 2006, I caused a copy of the foregoing to be served on the following by regular mail:

Christine M. Varad
P.O. Box 583
Milton, MA 02186

/s/ Kristin M. Cataldo
Kristin M. Cataldo

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHRISTINE VARAD,<br><br>Plaintiff,<br><br>v.<br><br>REED ELSEVIER INCORPORATED,<br>d/b/a/ Lexis Nexis Corporation,<br>Lexis Nexis Accurint,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 06 CA 11370 MLW |

**<u>EXHIBIT A</u>**

Case 1:06-cv-11370-MLW Document 71-4 Filed 08/31/2007 Page 7 of 24

Accurint

6601 Park of Commerce Blvd
Boca Raton, FL 33487

Phone: 561-893-8000
Toll Free: 1-888-332-8244
Fax: 561-981-0799
www.accurint.com

April 20, 2006

Christine M. Varad
P.O. Box 583
Milton, MA 02186

Dear Miss Varad:

Thank you for your inquiry regarding the data maintained in the Accurint database. Accurint appreciates your efforts to assist us in preventing fraud and ensuring our files contain the most accurate information available.

Kindly be advised that Accurint is **NOT** a Consumer Reporting Agency, and as such, Accurint is not governed by the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.). Accurint data is not permitted to be used to grant or deny credit, make employment decisions, or make tenant and housing screening decisions, or any other uses regulated by the Fair Credit Reporting Act. Accurint purchases and resells data collected by outside companies, which cover public records and commercially available data sources, in full compliance with all applicable federal and state privacy laws. We do not examine or verify our data, nor is it possible for our computers to correct or change data that is incorrect – Accurint can only provide the data that was provided to us.

Although Accurint is not a Consumer Reporting Agency, please be reassured that both Accurint, and your personal information contained in Accurint databases, are regulated by the federal government and are subject to the Gramm-Leach-Bliley Act (15 U.S.C. § 6801 et seq.) and the Federal Drivers Privacy Protection Act (18 U.S.C. § 2721 et seq.). These laws regulate who may access private, non-public data, and the purposes for which it may be accessed. Accurint fully complies with these and all other applicable federal and state laws. These laws, however, do not require Accurint to provide reports of the information contained within our databases, nor do the laws require Accurint to correct or change potentially inaccurate information.

**If you complete and properly notarize the enclosed form**, Accurint will attempt to provide you with the source that supplied the potentially incorrect information. Accurint urges you to contact those companies directly and seek to have them correct or update your information. Only our suppliers can change or update information – Accurint cannot change or update inaccurate information.

If you are concerned about possible identity theft you should contact the three national Consumer Reporting Agencies listed below immediately to obtain a copy of your credit report.

Equifax
PO Box 740241
Atlanta, GA 30374-0241
Order Credit Report: 800-685-1111
Report Fraud: 800-525-6285

Experian
PO Box 2104
Allen, TX 75013
Order Credit Report: 888-397-3742
Report Fraud: 888-397-3742

Trans Union
PO Box 390
Springfield, PA 19064-0390
Order Credit Report: 800-916-8800
Report Fraud: 800-680-7289

If you would like to receive a copy of your consumer report please access our Consumer Access Program at the following link:

http://www.lexisnexis.com/terms/privacy/data/obtain.asp

Again, thank you for your interest in Accurint. Accurint greatly appreciates your efforts to assist us in preventing fraud and ensuring our files contain the most accurate information available.

Sincerely,

**Consumer Inquiry Department**

Accurint

**April 20, 2006**

Please return to:
Consumer Inquiry Department
6601 Park of Commerce Blvd
Boca Raton, FL 33487

Name:____________________ Phone:____________________

Address:______________________________________

City:____________________, State_____ Zip:__________

Social Security Number:____________________________

Description of information in question on the Accurint System. Please be specific.

Signature:____________________________

## VERIFICATION

Before me, the undersigned authority, personally appeared ____________________, who is personally known to me or produced ____________________________ as identification, and swore or affirmed that the foregoing information is true and correct.

______________________________________
Notary Public
State of __________

My Commission Expires:________________________

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHRISTINE VARAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06 CA 11370 MLW |
| v. | ) | |
| | ) | |
| REED ELSEVIER INCORPORATED, | ) | |
| d/b/a/ Lexis Nexis Corporation, | ) | |
| Lexis Nexis Accurint, | ) | |
| | ) | |
| Defendant. | ) | |

**EXHIBIT B**

Accurint

6601 Park of Commerce Blvd
Boca Raton, FL 33487

Phone: 561-893-8000
Toll Free: 1-888-332-8244
Fax: 561-981-0799
www.accurint.com

May 23, 2006

Ms. Christine Varad
P. O. Box 583
Milton, MA 02186

Dear Ms. Varad:

Thank you for your inquiry regarding the data maintained in the Accurint database. Accurint appreciates your efforts to assist us in preventing fraud and ensuring our files contain the most accurate information available.

Kindly be advised that Accurint is **NOT** a Consumer Reporting Agency, and as such, Accurint is not governed by the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.). Accurint data is not permitted to be used to grant or deny credit, make employment decisions, or make tenant and housing screening decisions, or any other uses regulated by the Fair Credit Reporting Act. Accurint purchases and resells data collected by outside companies, which cover public records and commercially available data sources, in full compliance with all applicable federal and state privacy laws. We do not examine or verify our data, nor is it possible for Accurint's computers to update or change incorrect information – Accurint can only provide the information that was provided to us.

Although Accurint is not a Consumer Reporting Agency, please be reassured that both Accurint, and your personal information contained in Accurint databases, are regulated by the federal government and are subject to the Gramm-Leach-Bliley Act (15 U.S.C. § 6801 et seq.) and the Federal Drivers Privacy Protection Act (18 U.S.C. § 2721 et seq.). These laws regulate who may access private, non-public data, and the purposes for which it may be accessed. Accurint fully complies with these and all other applicable federal and state laws. These laws, however, do not require Accurint to provide reports of the information contained within our databases, nor do the laws require Accurint to correct or change potentially incorrect information.

With regards to your request to provide you with the names of the companies that have performed a search on you, as Accurint is not governed by the Fair Credit Reporting Act, we do not disclose the names of our customers.

Accurint has determined that the information you describe in your request was provided to Accurint by one or more of the three national consumer reporting agencies. Accurint urges you to contact the three national consumer reporting agencies directly to change or update incorrect information. Again, Accurint does not examine or verify information contained within our database, nor is it possible for Accurint's computers to update or change incorrect information – Accurint can only provide the information that was provided to us.

If you are concerned about possible identity theft you should contact the three national Credit Reporting Agencies listed below immediately to obtain a copy of your credit report.

Equifax
PO Box 740241
Atlanta, GA 30374-0241
Order Credit Report: 800-685-1111
Report Fraud: 800-525-6285

Experian
PO Box 2104
Allen, TX 75013
Order Credit Report: 888-397-3742
Report Fraud: 888-397-3742

Trans Union
PO Box 390
Springfield, PA 19064-0390
Order Credit Report: 800-916-8800
Report Fraud: 800-680-7289

Sincerely,

Accurint Consumer Inquiry Department

Case 1:06-cv-11370-MLW Document 71-4 Filed 08/31/2007 Page 13 of 24

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHRISTINE VARAD,<br><br>Plaintiff,<br><br>v.<br><br>REED ELSEVIER INCORPORATED,<br>d/b/a/ Lexis Nexis Corporation,<br>Lexis Nexis Accurint,<br><br>Defendant. | ) | C.A. No. 06 CA 11370 MLW |

**EXHIBIT C**

From: unknown Page: 1/5 Date: 10/1/2004 10:42:21 AM

fax 561-893-8090

CAROL ANDERSON
561-893-8086
canderson@accurint.com

# Accurint™

## APPLICATION and AGREEMENT

**To Submit Your Application:**

1. Print, fill out, and sign Application or complete the Application form online and print it.
2. Include copies of documentation verifying your business and professional license. Examples of necessary documentation include:
   - Business License
   - Professional License
   - Corporate Charter or Similar Certificate of Organization for Partnership/LLC (Certified Copy)
3. Initial ALL pages of the Application, sign where indicated, and fax the Application and supporting documentation to Seisint, Inc. at 561-893-8090.

The information submitted on this Application and Agreement will be used to determine eligibility for accessing information provided by Seisint, Inc. ("Seisint"). Seisint reserves the right to reject this Application and Agreement without reason or for any reason whatsoever, without recourse against Seisint or any of its employees, officers, directors, agents, affiliates, or other designees. Additionally, the applicant hereby authorizes Seisint to independently verify the information provided herein.

**PART 1:** (This section must be filled out entirely.)

**SECTION A: COMPANY INFORMATION**

Company Name Gall & Gall Company, Inc.
Physical Address 8555 N. Dixie Dr.
City Dayton State OH Zip 45414
Telephone (937) 264-4900 Company Web Address www.gallgall.com

**SECTION B: ACCOUNT CONTACT INFORMATION**

Last Name Gall First Name Beverly Title CEO
Telephone (937) 264-4900 Extension 222 Fax (937) 264-4903
Email Address bgall@gallgall.com

**PART 2:** (If you choose to be billed on a credit card, fill out this portion and proceed to Part 4.)

**SECTION A: CREDIT CARD APPLICATION** (If you choose to be billed on a credit card, fill out this portion)

We accept MasterCard, Visa, and American Express. For security and authentication purposes, we require the account holder to provide the address to which the credit card company mails the monthly statement.

Cardholder Name
Card Number Expiration (MM/YY)
Credit Card Statement Address
City State Zip
Card Type: ☐ MasterCard ☐ Visa ☐ American Express

By choosing to have a credit card billed directly by Seisint, I hereby authorize Seisint to bill this credit card for the charges incurred for use of Seisint's Accurint service. Additionally, I hereby agree that if the credit card company refuses to pay Seisint for such charges incurred for use of the Accurint Service, the applicant shall be responsible for the payment of such charges.

**PART 3:** (If you choose to be billed directly, fill out this portion and proceed to Part 4.)

**SECTION A: CREDIT INFORMATION** (If you choose to be billed directly, fill out this portion)

By submitting this direct billing application, I certify that I am authorized to apply for credit on behalf of the company named in this Application and Agreement. I further certify that the information I provide relating to this credit application is true and complete. I hereby grant permission to Seisint to verify the credit data relating to the credit information provided herein.

**BILLING CONTACT**

Last Name Gall First Name Beverly Title CEO
Telephone (937) 264-4900 Extension 222 Fax (937) 264-4903
Email Address bgall@gallgall.com
Billing Address 8555 N. Dixie Dr.
City Dayton State OH Zip 45414



This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

From: unknown Page: 2/5 Date: 10/1/2004 10:42:21 AM

**SECTION B: COMPANY PRINCIPAL(S)**

Principal(s) of Company (required for companies incorporated less than five years and also required for all sole proprietors and partnerships).
Last Name_____ First Name_____ Title_____ SSN_____
Last Name_____ First Name_____ Title_____ SSN_____
Last Name_____ First Name_____ Title_____ SSN_____
Dun & Bradstreet Number_____

**BANKING INFORMATION**
Financial Institution Monroe Federal Contact Name_____ Title_____
Address_____
City Dayton State OH Zip 45414
Contact Telephone Number (____) _____ Extension_____
Type of Account: ☐ Checking ☐ Savings Account Number_____

**BUSINESS CREDIT REFERENCES**
Name of Creditor Tazworks
Contact Telephone Number (____) _____
Name of Creditor_____ Account Number_____
Contact Telephone Number (____) _____ Account Number_____

**PART 4:** (This section must be filled out entirely.)

**SECTION A: TYPE OF BUSINESS**

☐ Sole Proprietor ☐ Corporation ☐ Partnership/LLC State of _____
Dun & Bradstreet Number_____ Federal Tax ID_____

**BUSINESS / PROFESSIONAL LICENSE NUMBER** _____
Date Issued/Expiration Date_____ Town/City Issued_____
County Issued_____ State_____

**SECTION B: INDUSTRY CLASS:** (Check the item that best describes the type of business in which you are engaged—**SELECT ONE.**)

☐ Attorney/Law Office
☐ Banking
☐ Child Support Enforcement
☐ Collection
☐ Government
☐ Human Resources
☐ Insurance
☐ Landlord/Management Company
☐ Media
☐ Process Server
☐ University
☐ Utility Company
☒ Other (Specify) Background Screening

**PART 5: TERMS AND CONDITIONS OF USE**

**SECTION A: GLB ACCEPTABLE USES (CHECK ALL THAT APPLY - AT LEAST ONE MUST BE CHECKED)**

The information that the Accurint Service provides to the end user may contain consumer identification information governed by the Gramm-Leach-Bliley Act (GLB). In accordance with GLB, such information may only be used for the following purposes:

☐ **Completion of a transaction authorized by the consumer** including but not limited to the collection of delinquent accounts.
☒ **Application Verification** including but not limited to (a) employment application verification (however, Accurint data cannot be used to make an employment decision as outlined in the Fair Credit Reporting Act (15 U.S.C. § 1681 *et seq.*)), (b) property leasing application information verification (however, Accurint data cannot be used for making a leasing decision as outlined in the Fair Credit Reporting Act (15 U.S.C. § 1681 *et seq.*)), and (c) insurance application information verification (however, Accurint data cannot be used for making a decision to insure an individual or business as outlined in the Fair Credit Reporting Act (15 U.S.C. § 1681 *et seq.*)). Customer represents and warrants that Accurint data will not be used for purposes governed by the Fair Credit Reporting Act.
☐ **Law firm and attorney functions**
☐ **Insurance purposes** including (a) account administration, (b) reporting, (c) fraud prevention, (d) premium payment processing, (e) claim processing and investigation, (f) benefit administration, or (g) research projects
☐ **Fraud detection and prevention**
☐ **Required institutional risk control/dispute resolution for resolving customer disputes or inquiries**

___ **I have no GLB permitted use.**


_____(Initial)

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

**SECTION B: DPPA ACCEPTABLE USES (CHECK ALL THAT APPLY - <u>AT LEAST ONE MUST BE CHECKED</u>)**

The Accurint database also contains driver's license and motor vehicle registration information governed by the Driver's Privacy Protection Act (DPPA). In accordance with DPPA, such information may only be used for the following purposes:

- ☐ Use by a court or other government agency or entity, acting directly on behalf of a government agency. 18 U.S.C. § 2721 (b)(1)
- ☐ Use for any matter regarding motor vehicle or driver safety or theft; to inform an owner of a towed or impounded vehicle. 18 U.S.C. § 2721 (b)(2)
- X☒X Use in the normal course of business, to verify the accuracy of personal information submitted by the individual to the business and, if the submitted information is incorrect, to obtain correct information, but only for the purpose of preventing fraud by, or pursuing legal remedies against, or recovering on a debt or security interest against, the individual. 18 U.S.C. § 2721 (b)(3)
- ☐ Use in connection with a civil, criminal, administrative, or arbitral proceeding. 18 U.S.C. § 2721 (b)(4)
- ☐ Use by an employer or its agents or insurer to obtain or verify information relating to a holder of a commercial driver's license that is required under the Commercial Motor Vehicle Safety Act of 1986. 18 U.S.C. § 2721 (b)(9)
- ☐ Use by an insurer or insurance support organization, in connection with claims investigation activities, antifraud activities, rating or underwriting. 18 U.S.C. § 2721 (b)(6)
- ☐ Use by a licensed private investigative agency or licensed security service, for a purpose permitted in items 1 through 6 above. 18 U.S.C. § 2721 (b)(8)

__ **I have no DPPA permitted use.**

**SECTION C: TERMS AND CONDITIONS**

**1. RESTRICTED LICENSE.** Seisint hereby grants to Customer a restricted license to use the Accurint Services in accordance with the acceptable use(s) identified by Customer in the Accurint Application and Agreement. The Accurint Application and Agreement has identified industry-specific appropriate uses for which its Accurint Services are to be used, and Customer agrees to state its appropriate use for any requested information prior to accessing it, to limit its use to those stated purposes, and to take appropriate measures so as to protect against the misuse of information provided pursuant to the Accurint Services. Customer also agrees that it shall not access the Accurint Services from Internet Protocol addresses located outside of the United States and its territories without Seisint's prior written approval. Customer shall not use the information provided hereunder for any purpose that would violate the privacy obligation policy and any other terms and provisions of the Gramm-Leach-Bliley Act (15 U.S.C. § 6801 et seq.), the Federal Drivers Privacy Protection Act (18 U.S.C. § 2721 et seq.), or any similar state or local statute, rule, or regulation. Customer shall not use the Accurint Services for marketing purposes nor for any purposes governed by the federal Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.) including the purpose of serving as a factor in establishing a consumer's eligibility for (a) credit or insurance to be used primarily for personal, family, or household purposes; (b) employment purposes; or (c) any other purpose authorized under the Fair Credit Reporting Act. Customer shall abide by such legislation and rules and regulations as may be enacted or adopted after the date hereof. Customer agrees that if Seisint determines or reasonably suspects that Customer is engaging in marketing activities, reselling or brokering the Accurint Services' programs or computer applications, or otherwise violating any of the laws or regulations described in these terms and conditions, Seisint may immediately terminate the delivery of, and the license to use, the Accurint Services. Use of the Accurint Services is expressly conditioned upon acceptance of and agreement to terms 1 through 17 contained herein ("Terms").

**2. PERFORMANCE.** Seisint will use reasonable efforts to deliver the Accurint Services requested by Customer and to compile information gathered from selected public records and other sources used in the provision of the Accurint Services; provided, however, that the Customer accepts all information "AS IS." Customer acknowledges and agrees that Seisint obtains its data from third-party sources, which may or may not be completely thorough and accurate, and that Customer shall not rely on Seisint for the accuracy or completeness of information supplied in using the Accurint Services.

**3. CHARGES.** For each response to a request for information, Customer agrees to pay to Seisint for use of the Accurint Services the applicable charge then prevailing for the information requested. Customer shall pay to Seisint fees in accordance with the prices as updated from time to time through online announcements, customer bulletins, and published price schedules. Seisint is not responsible for ensuring delivery of such updates, changes, additions, or deletions to any of its policies that may occur from time to time, and it is the Customer's responsibility to check the Accurint Service Website and/or publications for such notifications. All current and future Seisint pricing documents are deemed incorporated herein by reference.

**4. INTELLECTUAL PROPERTY.** Customer agrees that Customer shall not reproduce, retransmit, republish, or otherwise transfer for any commercial purposes the Accurint Services' programs or computer applications. Customer acknowledges that Seisint (and/or Seisint's third-party data providers) shall retain all right, title, and interest in and to the data and information provided by the Accurint Services under applicable contractual, copyright, and related laws, and Customer shall use such materials consistent with Seisint's interests and notify Seisint of any threatened or actual infringement of Seisint's rights.

**5. PAYMENT OF FEES.** Customer shall be responsible for payment for all services obtained through Customer's access identification code, whether or not such code is used by Customer or a third party, whether with or without Customer's consent, provided access to Customer's access identification code is not the result of use by a person formerly or presently employed by Accurint or who obtains the code by or through a break-in or unauthorized access of Accurint's offices, premises, records or documents, or computer system. Customer agrees that at all times during the term of this Application and Agreement it shall keep all passwords for use of Accurint Services confidential and shall provide such passwords only to individuals that have a need to know. Customer shall pay Seisint for all charges incurred for the use of the Accurint Services on a monthly basis, and Customer agrees to be electronically invoiced for those charges. At Customer's request, paper invoices can be mailed via the United States Postal Service at a cost of Ten Dollars ($10) per month, which will be included in Customer's monthly invoice as an additional itemized charge. All payments are due within 20 days of the date of an invoice for the Accurint Services. Customer understands that it will be notified via electronic mail regarding all unpaid balances due. Customer shall pay interest at the rate of eighteen percent (18%) per annum from the date due on any charges not paid by the payment due date. All remittances shall be sent to Seisint, Inc., 6601 Park of Commerce Boulevard, Boca Raton, Florida, 33487. Seisint reserves the right to terminate this Application and Agreement and the right of Customer to use any information provided hereunder with prior notice to Customer upon any non-payment of fees by the date due.

**6. TERM OF AGREEMENT.** This Application and Agreement is for services rendered and shall be in full force and effect during such periods of time during which Seisint is providing services for Customer. Customer agrees that if it is found to be in violation of any specifications of this Application and Agreement, Seisint has the right to immediately terminate Customer's access to the Accurint Services.

**7. GOVERNING LAW.** The Terms and Conditions of Customer's use of the Accurint Services shall be governed by and construed in accordance with the laws of the State of Florida, without effect to conflict of law principles. Additionally, any action brought pursuant to Customer's use of the Accurint Services or pursuant to the terms and conditions of this Application and Agreement shall be brought within the jurisdiction of the courts of Palm Beach County, Florida.


________(Initial)

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

Case 1:06-cv-11370-MLW Document 1-4 Filed 12/12/2006 Page 5 of 5



**8. ASSIGNMENT.** The license granted pursuant to this Application and Agreement to Customer to use the Accurint Services may not be assigned by Customer, in whole or in part, without the prior written consent of Accurint. For purposes of this Application and Agreement, a change in control of Customer of twenty percent (20%) or more shall constitute an assignment.

**9. WARRANTIES/LIMITATION OF LIABILITY.** Neither Seisint nor any third party data provider (for purposes of indemnification, warranties, and limitations on liability, Seisint and its data providers are hereby collectively referred to as "Seisint") shall be liable to Customer (or to any person claiming through Customer to whom Customer may have provided Accurint service-related data) for any loss or injury arising out of or caused in whole or in part by Seisint's acts or omissions in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the Accurint Services. If, notwithstanding the foregoing, liability can be imposed on Seisint, then Customer agrees that Seisint's aggregate liability for any and all losses or injuries arising out of any act or omission of Seisint in connection with anything to be done or furnished under this Application and Agreement, regardless of the cause of the loss or injury, and regardless of the nature of the legal or equitable right claimed to have been violated, shall never exceed $100.00; provided, however, that such limitation of liability shall not apply to Seisint's indemnification obligation detailed in Section 10 hereof; and Customer covenants and promises that it will not sue Seisint for an amount greater than such sum even if Seisint and/or third parties were advised of the possibility of such damages and that it will not seek punitive damages in any suit against Seisint. Seisint does not make and hereby disclaims any warranty, express or implied, with respect to the Accurint Services provided hereunder; provided, however, that Seisint does hereby warrant that Seisint has complied with the law, and applicable third-party data provider contracts in providing the Accurint Services. Seisint does not guarantee or warrant the correctness, completeness, merchantability, or fitness for a particular purpose of the Accurint Services or the components thereof or information provided hereunder. In no event shall Seisint be liable for any indirect, incidental, or consequential damages, however arising, incurred by Customer from receipt or use of information delivered hereunder or the unavailability thereof.

**10. INDEMNIFICATION.** Customer hereby agrees to protect, indemnify, defend, and hold harmless Seisint from and against any and all costs, claims, demands, damages, losses, and liabilities (including attorneys' fees and costs) arising from or in any way related to use of information received by Customer (or any third party receiving such information from or through Customer) furnished by or through Seisint. Seisint hereby agrees to protect, indemnify, defend, and hold harmless Customer from and against any and all costs, claims, demands, damages, losses, and liabilities (including attorneys' fees and costs) arising from or in any way related to a breach by Seisint of the warranty made by Seisint regarding authorized provision of the data in Section 9 hereof.

**11. SURVIVAL OF AGREEMENT.** Provisions hereof related to release of claims, indemnification, use of information and data, payment for Accurint Services and disclaimer of warranties shall survive any termination of the license to use the Accurint Services.

**12. AUDIT.** Customer understands and agrees that in order to ensure compliance with the GLB, the DPPA, and other similar laws, Seisint will conduct periodic reviews of Customer activity and may, on a random basis, contact Customer to provide documentation of executed searches. Seisint shall also investigate all legitimate reports of abuse or misuse of Accurint Services by Customer or others. Customer agrees to cooperate fully with any and all investigations. Violations discovered in any review by Seisint will be subject to immediate action including, but not limited to, suspension or termination of the license to use Accurint Services, reactivation fees, legal action, and/or referral to federal or state regulatory agencies.

**13. ATTORNEYS FEES.** The prevailing party in any action, claim or law suit brought pursuant to this Application and Agreement is entitled to payment of all attorney fees and costs expended by such prevailing party in association with such action, claim or law suit.

**14. CUSTOMER CHANGE.** Customer shall notify Seisint immediately of any changes to the information on Customer's Application for Accurint Services. Seisint reserves the right to terminate Customer's access to the Accurint Services or terminate license to use the Accurint Services without further notice upon receipt of any change in Customer's status which in Seisint's sole discretion would cause Customer to be unable to comply with its obligations under this Application and Agreement.

**15. RELATIONSHIP OF PARTIES.** Customer shall at no time represent that it is the authorized agent or representative of Seisint.

**16. CHANGE IN AGREEMENT.** By receipt of the Accurint Services, Customer agrees to, and shall comply with, changes to the Restricted License (Part 5, Section C, ¶ 1) and changes in pricing as Seisint shall make from time to time by notice to Customer via e-mail, online click wrap amendments, facsimile, mail, or other written notification. All e-mail notifications shall be sent to the individual named in the Account Contact Information section (Part 1, Section B), unless stated otherwise in this Application and Agreement.

**17. ENTIRE AGREEMENT.** This Agreement constitutes the final written agreement and understanding of the parties and is intended as a complete and exclusive statement of the terms of the agreement, which shall supersede all prior representations, agreements, and understandings, whether oral or written. Any new, other, or different terms supplied by the Customer beyond the Terms contained herein, including those contained in purchase orders or confirmations issued by the Customer, are specifically and expressly rejected by Seisint unless Seisint agrees to them in a signed writing specifically including those new, other, or different terms. The Terms contained herein shall supersede and govern in the event of a conflict between these Terms and any new, other, or different terms in any contract which this Agreement is referenced or made a part of. In the event any one or more provisions of this Agreement or of any exhibit is held to be invalid or otherwise unenforceable, the enforceability of the remaining provisions shall be unimpaired.

## AUTHORIZATION AND ACCEPTANCE OF TERMS

**I HEREBY CERTIFY** that I am authorized to execute this Application and Agreement on behalf of the Applicant listed above and that the statements I have provided in this Application and Agreement are true and correct. Further, I hereby certify that the Applicant agrees to the terms and conditions set forth in this Application and Agreement.

## NATURE OF APPLICATION AND AGREEMENT (YOU MUST CHECK ONE)

☐ **Free Trial Application Only** (If you check this box, additional information or documentation will be required prior to becoming an active Accurint customer.)

☒ **Free Trial and Billing Application** (If you check this box, upon the expiration of your Free Trial, your account will be converted into an active Accurint account for billing purposes without supplying additional documentation, provided all needed documentation has been approved.)

**APPLICANT**

Signature [signature]

Print Name Daniélle Meyers

Title Director of Operations

Dated 10/15/04 (mm/dd/yyyy)



This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHRISTINE VARAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06 CA 11370 MLW |
| v. | ) | |
| | ) | |
| REED ELSEVIER INCORPORATED, | ) | |
| d/b/a/ Lexis Nexis Corporation, | ) | |
| Lexis Nexis Accurint, | ) | |
| | ) | |
| Defendant. | ) | |

**EXHIBIT D**

LexisNexis

John Byrne
Director & Senior Corporate Counsel
Phone 561-999-4436
Fax 561-981-0869
john.byrne@lexisnexis.com

June 20, 2006

Christine Varad
P.O. Box 583
Milton, MA 02186

RE: Incorrect Information on Accurint Report

Dear Ms. Varad:

Thank you for your letter of June 3, 2006 in which you errantly suggest Accurint violates certain laws or your rights under certain laws. You further errantly suggest Accurint is a consumer reporting agency, and that you were somehow unfairly deceived when you learned that Accurint is not a consumer reporting agency. Kindly permit this letter to attempt to address and correct certain assumptions of yours as discussed herein.

A consumer reporting agency is loosely defined as an entity that regularly engages in the practice of assembling and evaluating information on consumers for the purpose of furnishing consumer reports to third parties. Accurint does not engage in the practice of providing consumer reports, and as such Accurint does not meet the definition of a consumer reporting agency. Accordingly, and as prior correspondence has made clear to you, Accurint is not a consumer reporting agency.

Additionally, the information Accurint provided to our customer, Gall and Company, does not meet the definition of a consumer report. A consumer report is a communication by a consumer reporting agency which bears on a consumer's credit worthiness, credit standing, credit capacity, character, reputation, personal characteristics, or mode of living used to establish eligibility for, among other things, credit and employment. Accurint provided Gall and Company with identity verification information, such as name, address, and telephone number. Name, address, and telephone information does not bear on a consumer's credit worthiness, credit standing, credit capacity, character, reputation, personal characteristics, or mode of living, as such terms have been defined and interpreted by applicable statute, case law, and regulatory opinion. Accordingly, as Accurint did not report information which could bear upon your personal characteristics, the information provided to Gall and Company is not considered a consumer report.

Notwithstanding the foregoing, as customers' use of Accurint for Fair Credit Reporting Act permissible purposes is expressly prohibited by contract since Accurint is not a consumer reporting agency, upon receipt of your allegations Accurint audited Gall and Company to ensure their use of Accurint was in accord with their contractual obligations. Accurint's audit determined Gall and Company used Accurint data for identity

Case 1:06-cv-11370-MLW Document 1-4 Filed 08/31/2006 Page 3 of 4

verification purposes and for no other purposes. As such, Gall and Company's use of Accurint was within the scope of their contractual obligations.

You additionally dispute the accuracy of certain addresses contained in Accurint. As Accurint is not a consumer reporting agency, Accurint does not investigate or correct information contained in Accurint, and Accurint is not under any legal obligation to do so. Nor is Accurint under any legal obligation to disclose the source of Accurint's data. That said, however, a letter of May 22, 2006 directed you to contact the three credit reporting agencies to obtain and dispute potentially errant data.

Finally, in one of your communications you raise the issue of potential identity theft. If you are a victim of identity theft, you must submit a copy of a police report documenting the identity theft and complete the enclosed Identity Theft Affidavit.

I trust this communication addresses your relevant concerns and I now consider this matter closed.

Very truly yours,

John M. Byrne
Director and Senior Corporate Counsel

# Accurint

Name: ______________________ Phone Number: ______________________

## ID Theft Affidavit

### Victim Information

(1) My full legal name is ______________________________________
(First) (Middle) (Last) (Jr., Sr., III)

(2) (If different from above) When the events described in this affidavit took place, I was known as

______________________________________
(First) (Middle) (Last) (Jr., Sr., III)

(3) My date of birth is ______________________
(day/month/year)

(4) My Social Security number is ______________________

(5) My driver's license or identification card state and number are ______________________

(6) My current address is ______________________________________
City ______________________ State ______________ Zip Code ____________

(7) I have lived at this address since ______________________
(month/year)

(8) (If different from above) When the events described in this affidavit took place, my address was
Address ______________________________________
City ______________________ State ______________ Zip Code ____________

(9) I lived at the address in Item 8 from ______________ until ______________
(month/year) (month/year)

(10) My daytime telephone number is ______________________
My evening telephone number is ______________________

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHRISTINE VARAD,<br><br>Plaintiff,<br><br>v.<br><br>REED ELSEVIER INCORPORATED,<br>d/b/a/ Lexis Nexis Corporation,<br>Lexis Nexis Accurint,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 06 CA 11370 MLW |

**<u>EXHIBIT E</u>**

Case 1:06-cv-11370-MLW Document 71-4 Filed 02/12/2007 Page 23 of 24

CERTIFIED MAIL
RETURN RECIEPT REQUESTED

June 3, 2006

James Swift
Operations Manager
Lexis Nexis Accurint
6601 Park of Commerce Boulevard
Boca Raton, Florida 33487

Dear Mr. Swift,

Pursuant to the provisions of Massachusetts General Laws, chapter 93A, § 9, and also pursuant to federal standards as set forth in FTC v. Sperry & Hutchinson Co., 405 U.S. 233, 244 n.5 (1972), I hereby make written demand for relief.

On April 17, 2006, I requested pursuant to the Fair Credit Reporting Act, FCRA 15 U.S.C. 1681 et seq. and M.G.L. c. 93 § 50-62 inclusive, a complete copy of my file as held by Lexis Nexis Accurint and as disseminated to Gall and Gall Company and an opportunity to dispute and correct any and all improper and incorrect information contained therein. I informed Lexis Nexis Accurint that Gall and Gall Co. had pointed to Lexis Nexis Accurint as the source of false and injurious information that was disseminated to my employer and to others. I requested an opportunity to completely investigate all of the data contained in my file and of the databases utilized to compile that file information including all data as publicly advertised by Lexis Nexis Accurint to be routinely contained in such files or "sub second access" information detailing historical addresses, associates, relatives, business affiliates and assets of the target individual. In total, I requested that Lexis Nexis Accurint provider me with a complete copy of my file.

At that time I also requested (1) a record of each and every inquiry relating to a credit transaction of any kind, my name and the Lexis Nexis Accurint databases and files for the last two years to include (2) the name and address of each and every source of data on me as provided to and utilized by Lexis Nexis Accurint and (3) the names and addresses of the recipients of each and every inquiry request.

Lexis Nexis Accurint unfairly and deceptively failed to provide access to the file and responded in writing on April 20, 2006 by unfairly and deceptively (1) claiming as explanation for its failure to provide any requested date that Lexis Nexis Accurint is not a consumer reporting agency subject to the jurisdiction of 15 U.S. C. §1681 et seq. and specifically claiming as further as explanation for the failure to provide access to the data, (2) that Lexis Nexis Accurint data is not permitted to be utilized to make employment decisions to thereby invoke the regulations of the Fair Credit Reporting Act.

Upon information and belief, the unfair and deceptive actions of Lexis Nexis Accurint were performed willfully and knowingly. The written characterizations of the actions and responsibilities of Lexis Nexis Accurint and the subsequent treatment of my requests for data were unfair and deceptive, violated the above cited state and federal statutes as well as general principles of fair dealing and public policy.

As of the date of the writing of this demand letter I have received no file data or information in response to my multiple requests. As a result I am unable to relieve the injury and harm created and perpetuated by Lexis Nexis Accurint data dissemination, protect myself from additional injury and harm by stopping future dissemination of false and injurious data or correct and mitigate all previous injury that the Lexis Nexis Accurint data has already caused to me.

Where Lexis Nexis knew, or should have known, that (1) Gall and Gall Company is engaged in the business of providing employment background checks and (2) that Gall and Gall Company routinely uses data supplied to it by Lexis Nexis Accurint to provide background check reports to client/employers for decision-making purposes as to prospective employees, (3) where Lexis Nexis Accurint openly, knowingly and routinely permits Gall and Gall Company to use Lexis Nexis Accurint data for employment decision making purposes; (4) where Lexis Nexis Accurint is the sole source and holder of the injurious data; that Lexis Nexis Accurint's own actions subjected itself to the jurisdiction and authority of the Fair Credit Reporting Act, M.G.L. c. 93 and every single other related state and federal common law, statute and regulation governing such data compilation, retention and dissemination and that such failures resulted in a knowing and unfair deception and failure to afford me my rights under the law thereby causing injury and damage.

As a result of the unfair and deceptive acts and practices of Lexis Nexis Accurint, I have suffered injury, including defamation and financial loss.

In light of the foregoing, I demand the following relief:

1. Immediately provide all of the requested data and information.
2. Make full restitution for lost employment and lost employment licensing opportunities resulting from the false data dissemination.
3. Make full restitution for any and all resulting defamation and related injuries.
4. Provide full and open access to my representative to Lexis Nexis Accurint premises and electronic databases therein to verify and insure that all data having any connection with me has been provided as demanded and has been corrected against any and all additional injury.

Pursuant to M.G.L c. 93A, you have thirty (30) days from your receipt of this letter to respond with a reasonable offer of settlement. If you fail to do so, that statute provides that you will be liable for multiple damages and the attorney fees I may incur for the prosecution of this action.

I can be contacted at 781 545 5506 or by mail at the address below. Thank you for your attention to this matter.

Sincerely,

Christine M. Varad

Christine M. Varad

christine varad
p.o. box 583
milton, massachusetts 02186