UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHRISTINE VARAD, | ) | |
| | ) | C.A. No. 06 CA 11370 MLW |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| REED ELSEVIER INCORPORATED, | ) | |
| d/b/a LexisNexis, Lexis Nexis Risk & Information | ) | |
| Analytics Group, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANT REED ELSEVIER INC.'S MOTION FOR SUMMARY JDUGMENT**

# TAB 8

Dockets.Justia.com

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHRISTINE VARAD, | ) | |
| | ) | C.A. No. 06 CA 11370 MLW |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| REED ELSEVIER INCORPORATED, | ) | |
| d/b/a LexisNexis, Lexis Nexis Risk & Information | ) | |
| Analytics Group, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**AFFIDAVIT OF KRISTIN M. CATALDO**

I, Kristin M. Cataldo, hereby depose and state as follows:

1. I am counsel for defendant Reed Elsevier Inc. ("Reed") in the above-referenced action and make this affidavit based upon my personal knowledge.

2. Attached hereto as Exhibit 1 is a true and accurate copy of an April 17, 2006 letter from plaintiff to Lexis Nexis Accurint.

3. Attached hereto as Exhibit 2 is a true and accurate copy of Massachusetts Supreme Judicial Court Rule 3.01.

4. Attached hereto as Exhibit 3 is a true and accurate copy of the Maine Bar Admission Rules, including Amendments through October 1, 2006.

5. Attached hereto as Exhibit 4 is a true and accurate copy of "Objection of Thomas J. Quinn and the Maine Board of Bar Examiners to Plaintiff's Notice of Deposition (F.R.Civ.P. 31,34)" served on the parties in the above litigation.

6. Attached hereto as Exhibit 5 is a certified copy of the plaintiff's July 2001 application for admission to the bar of the Commonwealth of Massachusetts.

7. Attached hereto as Exhibit 6 is a certified copy of the plaintiff's February 2002 application for admission to the bar of the Commonwealth of Massachusetts.

8. Attached hereto as Exhibit 7 is a certified copy of an Affidavit of Christine Varad submitted to the Supreme Judicial Court of Massachusetts in connection with her petition for admission as an attorney to the Massachusetts bar.

Signed under the pains and penalties of perjury the 31st day of August, 2007.

/s/ Kristin M. Cataldo
Kristin M. Cataldo

Dated: August 31, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of August, 2007, I caused a copy of the foregoing to be served on Christine M. Varad, P.O. Box 583, Milton, MA 02186 via first class mail.

/s/ Kristin M. Cataldo
Kristin M. Cataldo

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHRISTINE VARAD, | ) | |
| | ) | C.A. No. 06 CA 11370 MLW |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| REED ELSEVIER INCORPORATED, | ) | |
| d/b/a LexisNexis, Lexis Nexis Risk & Information | ) | |
| Analytics Group, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANT REED ELSEVIER INC.'S MOTION FOR SUMMARY JDUGMENT</u>**

# TAB 8 – EXHIBIT 1

MO5J. 91

James Swift
Operations Manager
Lexis Nexis Accurint ext.: 4510
6601 Park of Commerce Boulevard
Boca Raton, Florida 33487
Fax: 561/981-0866

April 17, 2006

Dear Mr. Swift,

I am contacting you in response to a letter from your client, Steven E. Gall of Gall and Gall Company, which specified Lexis Nexis Accurint databases as the sources that provided him with false, incorrect and injurious information about me which was subsequently disseminated in a background check requested and paid for by my employer, F&W Publishing, in February of this year. See report No.:75270/ES1165.

I contacted Lexis Nexis Accurint this morning by telephone in regard to this problem. My requests for information were met with rude and improper reply by Stephanie Apicella, ACD. I was improperly directed to contact Compliance 360, Steve McGraw, president, at 1185 Sanctuary Parkway, Suite 250, Alpharetta GE 30064 or by phone at 678/992-0262, Fax: 678/992-0266 for answers to my questions regarding Lexis Nexis Accurint and this consumer credit reporting issue. I am contacting you for the reason that I have been refused any information as to a valid contact at Lexis Nexis Accurint able to act in resolution of this problem.

I am requesting my rights pursuant to the Fair Credit Reporting Act, FCRA 15 U.S.C. 1681 et seq. and M.G.L. c. 93 § 50-62 inclusive. I request a complete copy of my file and an opportunity to dispute and correct any and all improper and incorrect information contained therein. I request a complete investigation of my file and databases utilized to compile the file. Your web site publicly states that such files routinely contain "sub second access" information as to historical addresses, associates, relatives, business affiliates and assets. Again, I am requesting a copy of my complete file.

In addition I request (1) a record of each and every inquiry relating to a credit transaction of any kind, my name and Lexis Nexis Accurint databases and files for the last two years and (2) the names and addresses of the recipients of those inquiry requests.

I can be contacted at 781 545 5506 or by mail at P.O. Box 583, Milton, Massachusetts 02186. Thank you for your attention to this matter.

Sincerely,

Christine M. Varad

Christine M Varad

CHRISTINE VARAD
P.O. BOX 583
MILTON, MASSACHUSETTS 02186

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHRISTINE VARAD, ) C.A. No. 06 CA 11370 MLW

Plaintiff,
v.

REED ELSEVIER INCORPORATED,
d/b/a LexisNexis, Lexis Nexis Risk & Information
Analytics Group, Inc.,

Defendant.

**STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANT REED ELSEVIER INC.'S MOTION FOR SUMMARY JDUGMENT**

# TAB 8 – EXHIBIT 2

**MASSACHUSETTS BOARD OF BAR EXAMINERS**
Suffolk County Courthouse
3 Pemberton Square, Suite 707
Boston, MA 02108

Robert J. Muldoon, Jr., Chairman
Anthony G. Massimiano
Alice E. Richmond
William F. Kennedy, Jr.
Geoffrey R. Bok

The members of the Board are appointed by the Justices of the Supreme Judicial Court under the authority of the General Laws (Ter. Ed.), Chapter 221, § 35 for terms of five years, one term expiring on October 1st of each year. Their compensation and expenses are paid by the Commonwealth.

---

## RULES OF THE SUPREME JUDICIAL COURT

## 3:O1 ATTORNEYS

---

### Section 1. Applications for Admission

1.1 *Petitions.* Persons desiring admission to the bar of the Commonwealth shall apply by filing a petition for admission with the Clerk of the Supreme Judicial Court for the County of Suffolk.

1.2 *Recommendation.* Each petition shall be accompanied by the recommendation of a member of the bar of this Commonwealth or of any state, district or territory of the United States.

1.3 *Referral to Board of Bar Examiners.* All petitions for admission shall be referred to the Board of Bar Examiners for a report as to the character, acquirements and qualifications of the applicant.

### Section 2. Bar Examination

2.1 *Time and Place.* Law examinations shall be held at least twice a year in Boston and in such other places as the Board of Bar Examiners shall designate. The Board shall fix the times and places of the examinations and shall give due notice thereof.

### Section 3. Qualifications for Taking Bar Examination

3.1 *High School.* Each applicant for admission by examination shall have been graduated from a public day high school or its equivalent, or shall have received the equivalent education in the opinion of the Board.

3.2 *College.* Each applicant shall have completed the work acceptable for a bachelor's degree in a college or university, or have received an equivalent education in the opinion of the Board.

3.3 *Law School.* Each applicant shall have graduated with a degree of bachelor of laws or juris doctor from a law school which, at the time of graduation, is approved by the American Bar Association or is authorized by statute of the Commonwealth to grant the degree of bachelor of laws or juris doctor.

3.4 *Foreign Law Schools.* Any applicant who received his/her legal education at a law school located outside any state, district, or territory of the United States shall have pre-legal education equivalent, in the Board's opinion, to that set forth in subsections 3.1 and 3.2 and legal education equivalent, in the Board's opinion, to that provided in law schools approved by the American Bar Association. Before permitting such an applicant to take the law examination, the Board in its discretion may, as a condition to such permission, require such applicant to take such further legal studies as the Board may designate at a law school approved by the American Bar Association. See page 7.

3.5 *Exclusion.* Subsection 3.1 to 3.4 shall not apply to applicants who have heretofore been examined under eligibility rules previously in force. To these applicants, the rules in force at their first examination shall apply.

3.6 *Multistate Professional Responsibility Examination.* To be admitted as an attorney, each applicant shall have passed the Multistate Professional Responsibility Examination before filing an application.

**Section 4. Public Notice of Bar Examination Results**

4.1 *Notice and Publication.* Before the Board of Bar Examiners reports to the Court on the character, acquirements, and qualifications of an applicant for admission, the Board shall prepare a list of names of those applicants who passed the written law examination (under Rule 3:01, § 3) and who, if no objection is made, may be recommended to the Supreme Judicial Court for admission.

A copy of the list of names shall be sent to the Clerk of the Supreme Judicial Court for Suffolk County and the clerk of courts for each county who shall post the list in a public place for a period of seven days from a date fixed by the Board of Bar Examiners.

A copy of the list of names shall be sent to the Board of Bar Overseers, to the Massachusetts Bar Association, to the Boston Bar Association and such other bar associations and newspapers in the Commonwealth as the Board of Bar Examiners shall determine.

4.2 *Report to the Court.* Not sooner than ten days after the date fixed for posting by the Board of Bar Examiners, the Board may report to the Supreme Judicial Court the names of those applicants then found qualified for admission under § 3.

**Section 5. Disposition of Petitions for Admission**

5.1 *Qualified Applicants.* The petitions for admission of those who pass the law examination and who are found by the Board of Bar Examiners to be of good moral character and of sufficient acquirements and qualifications may be allowed and the applicants may be admitted either (a) in open court upon subscription to the attorney's oaths, at such times and places as the Supreme Judicial Court shall appoint, or (b) by mail in accordance with procedures established by the Supreme Judicial Court and administered by the Clerk of the Supreme Judicial Court for Suffolk County.

5.2 *Admissions of Qualified Applicants within a Limited Time.* Except as otherwise ordered by a Justice of the Supreme Judicial Court, a qualified applicant for admission may be sworn and enrolled as an attorney within one year of the report to the Court (Rule 3:01, subsection 4.2) concerning the applicant, and, if not so sworn and enrolled, the applicant may, thereafter be sworn and enrolled only if he or she satisfies the Board of Bar Examiners as to his or her current legal knowledge, qualifications, and good moral character.

5.3 *Non-Qualified Applicants.* The petitions of those found not qualified shall be dismissed at the expiration of sixty days from the Board of Bar Examiners' report of non-qualification, unless within that period the Chief Justice of the Supreme Judicial Court, on application of the petitioner, shall order a hearing on the matter.

## Section 6. Admission on Motion

6.1 *Attorneys Admitted in Other States.* A person who has been admitted as an attorney of the highest judicial court of any state, district or territory of the United States may apply to the Supreme Judicial Court for admission on motion as an attorney in this Commonwealth. The Board of Bar Examiners may, in its discretion excuse the applicant from taking the regular law examination on the applicant's compliance with the following conditions:

6.1.1 The applicant shall have been admitted in the other state, district or territory, for at least five years prior to applying for admission in the Commonwealth, and shall provide the court with a certificate of admission and current good standing from the highest judicial court of each such state, district or territory.

6.1.2 The applicant shall have so engaged in the practice or teaching of law since the prior admission as to satisfy the Board of Bar Examiners of his or her good moral character and professional qualifications.

6.1.3 The applicant shall submit to the Board of Bar Examiners letters of recommendation for admission from three members of the bar of the Commonwealth, or of the state, district or territory of prior admission, or of the bar of the state, district or territory in which the applicant has last resided.

6.1.4 The applicant shall have graduated from high school, or shall have received the equivalent education, in the opinion of the Board, completed work for a bachelor's degree at a college or university, or its equivalent, and graduated from a law school which at the time of graduation was approved by the American Bar Association or was authorized by a state statute to grant the degree of bachelor of laws or juris doctor.

6.1.5 The applicant shall pass the Multistate Professional Responsibility Examination if he or she has not previously passed that examination in another jurisdiction.

6.2 *Attorneys Admitted in Foreign Countries.* A person who has been admitted or enrolled as an attorney of the highest judicial court of a foreign country may apply to the Supreme Judicial Court to be admitted, without examination, as an attorney in this Commonwealth. The Board of Bar Examiners may, in its discretion, excuse the applicant from taking the regular law examination on compliance with the following conditions:

6.2.1 The applicant's principal residence is in the Commonwealth of Massachusetts.

6.2.2 The applicant shall have been admitted in the foreign country for at least five years prior to applying for admission in the Commonwealth, and shall provide the court with a certificate of admission from the highest court of the foreign country.

6.2.3 The applicant shall have completed the equivalent of American high school; shall have completed work in college or university equal to that warranting a bachelor's degree in the United States; and shall have completed such legal education as, in the opinion of the Board of Bar Examiners, is equivalent to that provided in law schools approved by the American Bar Association.

6.2.4 The applicant shall have so engaged in the practice or teaching of law since the prior admission as to satisfy the Board of Bar Examiners of his or her good moral character and professional qualifications.

6.2.5 The applicant shall submit to the Board of Bar Examiners letters of recommendation from three members of the bar of the foreign jurisdiction and from two members of the bar of the Commonwealth.

6.2.6 The applicant shall have passed the Multistate Professional Responsibility Examination.

6.3 *Notice and Publication for Admission under Section 6.* Before the Board of Bar Examiners reports to the Court on the character, acquirements, and qualifications of applicants for admission, the Board shall prepare a list of names of applicants who, if no objection is made, may be recommended to the Supreme Judicial Court for admission.

A copy of the list of names shall be sent to the Clerk of the Supreme Judicial Court for Suffolk County and the clerk of courts for each county who shall post the list in a public place for a period of seven days from a date fixed by the Board of Bar Examiners.

A copy of the list of names shall be sent to the Board of Bar Overseers, to the Massachusetts Bar Association, to the Boston Bar Association and such other bar associations and newspapers in the Commonwealth as the Board of Bar Examiners may determine.

6.4 *Report to the Court.* Not sooner than ten days after the date fixed for posting by the Board of Bar Examiners, the Board may report to the Supreme Judicial Court the names of those applicants then found qualified for admission under § 6.

6.5 *Time Limitation for Enrollment.* Except as otherwise ordered by a Justice of the Supreme Judicial Court, a qualified applicant may be sworn and enrolled as an attorney within one year of the report to the Court. Failure to be so sworn and enrolled will result in dismissal of the application.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHRISTINE VARAD, | ) | |
| | ) | C.A. No. 06 CA 11370 MLW |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| REED ELSEVIER INCORPORATED, | ) | |
| d/b/a LexisNexis, Lexis Nexis Risk & Information | ) | |
| Analytics Group, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANT REED ELSEVIER INC.'S MOTION FOR SUMMARY JDUGMENT**

# TAB 8 – EXHIBIT 3

# MAINE BAR ADMISSION RULES

Including Amendments Through October 1, 2006

## I. SCOPE AND PURPOSE

### RULE 1. SCOPE

These rules govern the performance of the duties of the Board of Bar Examiners and the administration of the examinations that the Board conducts.

### RULE 2. PURPOSE

These rules are intended to provide fair and efficient procedures and standards for determining the qualifications to practice law of applicants for admission to the bar.

## II. THE BOARD OF BAR EXAMINERS

### RULE 3. COMPOSITION AND APPOINTMENT; TERM; OFFICERS

**(a) Composition and Appointment.** The Board of Bar Examiners shall consist of seven lawyers of the State licensed to practice law in Maine and two representatives of the public. The lawyer members of the Board shall be appointed by the Governor on the recommendation of the Supreme Judicial Court. The public members shall be appointed by the Governor. Vacancies occurring from death, resignation, removal, or inability to act shall be filled in like manner for the unexpired term. An incumbent may continue to serve until a successor is appointed.

**(b) Term.** Each member of the Board shall hold office for a term of 5 years beginning on the first day of January of the year of appointment and ending on the last day of December of the year of expiration of the appointment.

**(c) Officers**. The members of the Board shall annually elect from their number a chair, a secretary, and a treasurer. The duties of the chair shall include calling and presiding at meetings of the Board, corresponding on behalf of the Board with applicants and others, and representing the Board in regional and national organizations. The duties of the secretary shall include giving notice and recording minutes of meetings. The duties of the treasurer shall include receiving all fees, charges, and assessments payable to the Board and accounting for and paying over the same according to law.

[Amended effective January 2, 1996.]

## RULE 4. TRANSACTION OF BUSINESS

**(a)** The Board shall meet from time to time at the call of the chairman or a majority of their own number as necessary for the performance of its duties and the conduct of other business. Such meetings shall be called on at least 5 days' written notice unless all members of the Board waive such notice. Meetings may be held by telephone conference or similar means enabling all members participating at the meeting to hear one another. Except as provided in Subsection 4(b), five members of the Board shall constitute a quorum for the transaction of business. The Board may act through the concurrence or vote of a majority of those members present at a meeting called on sufficient notice or waiver of notice.

**(b)** The Chairman may, in his discretion, designate a panel consisting of three Board members, at least one of whom shall be a public member, to transact the Board's business and responsibilities under Rule 9(b), (c), and (d).

[Amended effective February 26, 1990.]

# III. APPLICATION FOR ADMISSION TO THE BAR

## RULE 5. APPLICATION PROCEDURE AND FORMS

**(a) Application Deadlines.** Any person who seeks admission to the bar of Maine shall file the application provided in subsection (b) of this rule, together with the fee provided in Rule 6, with the Board within the following time periods:

(1) For the February examination, between the preceding October 15 and the preceding December 20.

(2) For the July examination, between the preceding March 15 and the preceding May 20.

(3) For admission pursuant to Rule 11A, at any time.

**(b) Application.** The application, on a form to be provided by the Board in accordance with subdivision (d) of this rule, shall set forth the name, date and place of birth, social security number, permanent residence, and current address of the applicant; all secondary schools, undergraduate colleges, and law schools and other graduate or professional schools attended, together with the dates of attendance and degree received, or reason for leaving; the names and addresses of any employers within the preceding 5 years; the names and addresses of 3 persons to provide the references to the applicant's moral character required by subdivision (c)(4); any criminal convictions (other than minor traffic violations) in any jurisdiction and the circumstances thereof; whether the applicant has been admitted, or denied admission, to the bar of any jurisdiction, together with a statement of the circumstances of any denial of admission and

a statement whether the applicant is in good standing in each jurisdiction where admitted and, if not, an explanation of the circumstances; and a statement of any special circumstances, such as a physical handicap, for which the applicant requests the establishment of special rules for taking the examination in accordance with Rule 10(f).

**(c) Additional Materials.** The applicant shall cause to be filed with the Board with his or her application, the following items on forms to be provided by the Board in accordance with subdivision (d) of this rule.

(1) The certificate of the registrar, or other appropriate official, of each accredited college or university from which the applicant graduated with a bachelor's degree, or the applicant successfully completed at least 2 years' work as a candidate for that degree, together with the dates of attendance and award of the degree or completion of the work.

(2) The certificate of the dean of each law school attended as to the dates of attendance, the reason for leaving if other than the award of a degree, any degree awarded and the date of the degree, and any circumstances recorded in the applicant's file that reflect adversely on the applicant's moral character.

(3) The certificate of any attorney in whose office the applicant studied as to the dates of such study and the successful completion of the course of study.

(4) Completed reference questionnaires provided by the Board to the applicant and delivered to the Board directly by the person giving the reference. It shall be the applicant's duty to ensure that the persons providing the references submit completed reference questionnaires to the Board in a timely manner.

(5) A certificate of good standing from the bar of any other jurisdiction in which an applicant is currently admitted.

(6) Any other material requested by the Board pertaining to the applicant's moral character or to special circumstances for which the applicant has requested the establishment of special rules for taking the examination in accordance with Rule 10(f).

(7) The Board may exempt applicants for admission pursuant to Rule 11A from filing the documents listed in paragraphs (1), (2), and (3) of this subsection.

**(d) Forms and Other Application Materials.** The Board shall prepare, and may revise from time to time, forms for the application required in subdivision (b) of this rule and the

certificates and questionnaires required in paragraphs (1) through (4) of subdivision (c) of this rule, as well as other necessary application materials. Applicants may obtain allnecessary forms and other materials upon request to the Board.

[Amended effective April 10, 1988; February 26, 1990; October 15, 2001; October 1, 2002; January 1, 2005.]

**RULE 6. FEES**

**(a) Application Fees.** Each application for admission to the bar shall be accompanied by the appropriate fee. Payment shall be made by personal check, cashier's check, certified check or money order payable to the Board of Bar Examiners.

(1) Applicants admitted in another jurisdiction for one year or more. Each application for admission to the bar by an applicant who has been admitted to practice in any other jurisdiction for one year or more shall be filed with the Board on forms prepared by the National Conference of Bar Examiners and shall be accompanied by a fee of $500 plus any applicable late fees. Applicants admitted to practice in any other jurisdiction one year or more shall also authorize the National Conference of Bar Examiners to prepare a full investigative report and supply it to the Board in a timely manner and shall pay the fee the National Conference sets for that service. Applicants may include the NCBE fee in their payment to the Board.

(2) Applicants never admitted in any jurisdiction or admitted in another jurisdiction for less than one year. Each application for admission to the bar by an applicant who has never been admitted to any bar, or who has been admitted to another bar for less than one year, shall be filed with the Board on forms prepared by it and shall be accompanied by a fee of $450 plus any applicable late fees.

(3) Applicants seeking admission pursuant to Rule 11A. Each application for admission to the bar upon motion pursuant to Rule 11A shall be filed with the Board on forms prepared by the National Conference of Bar Examiners (NCBE) and shall be accompanied by a fee of $600. Applicants seeking admission under Rule 11A shall also authorize the NCBE to prepare a full investigative report and supply it to the Board in a timely manner and shall pay the fee the NCBE sets for that service. Applicants may include the NCBE fee in their payment to the Board.

**(b) Late Fees.** The Board may determine to accept applications after the deadlines set forth in Rule 5(a) if in the exercise of its discretion or in the opinion of the Court no undue hardship will result to the Board's administrative procedures by such acceptances. The Board

may set a schedule of late fees if it decides to accept such submissions. Any policy and associated schedule of fees so adopted shall be made available to applicants on forms provided by the Board or on any other publicly available form of electronic transmission maintained by it.

**(c) Additional Fees and Costs.** The Board of Bar Examiners may assess and collect additional fees equal to any actual or administrative costs it expends or incurs on an applicant's behalf, including but not limited to, copying costs, investigative costs, or costs for special accommodations. If the Board seeks reimbursement, payment may be made by personal check, cashier's check, certified check, or money order payable to the Board of Bar Examiners.

**(d) Fees Nonrefundable.** All fees paid to the Board, including application fees, forms and materials fees, and late fees are nonrefundable. If an applicant does not take the examination for which application is initially made, the Board shall credit the application fee paid toward any of the next 4 administrations of the examination for which application may be made and shall make such additional charges as may be necessary to update the information in the applicant's file.

**(e) Use of Fees Paid.** The fees collected pursuant to the foregoing sections, together with any other funds made available to the Board, shall, subject to the provisions of Rule 6A, be used to pay the costs of administering these rules, to pay the costs of performing the responsibilities charged to the Board, including the reasonable expenses of members and any per diem as may be fixed by the Court, and for such other purposes as the Board, with the approval of the Court, may determine.

**(f) Audit.** The Board shall annually obtain an independent audit by a certified public accountant of the maintenance and disposition of the funds entrusted to it. The Board shall file a copy of such audit with the Court.

[Amended effective March 1, 1992; January 2, 1996; March 1, 2000; October 15, 2001; October 1, 2002; January 1, 2005; July 1, 2006.]

**RULE 6A. FINANCIAL RIGHTS AND RESPONSIBILITIES**

The Board of Bar Examiners:

**(a)** May appoint and compensate administrative and secretarial personnel as needed to assist the Board in the performance of its duties;

**(b)** May lease office space, acquire equipment and supplies, and make contracts and arrangements for the performance of administrative, professional and other services required or appropriate in the performance of the Board's duties;

**(c)** May invest or direct the investment of the fees or any portion thereof received pursuant to these rules, may cause funds to be deposited in any federally insured bank or financial institution in this State, and may adopt procedures for the

orderly payment of charges and expenses as is required by the Board's financial needs, provided, however, that the Board shall have no obligation to cause such fees or any portion of them to be invested;

**(d)** Shall prepare and file with the Court for approval in May of each year its budget for the next fiscal year, including any recommendation to increase or decrease the application fee;

**(e)** Shall adopt the fiscal year used by the Judicial Department; and

**(f)** Shall, subject to the Court's approval, adopt and conform to personnel and financial policies and procedures, including accounting controls, purchasing, expense vouchering and capital equipment inventories consistent with those used by the Judicial Department.

[Adopted effective January 2, 1996.]

## RULE 7. DISCLOSURE OF INFORMATION

Except as a Justice of the Supreme Judicial Court, for good cause shown, may order, the Board shall disclose to the applicant any information in the applicant's file. Except as otherwise provided in these rules, or as ordered by a Justice of the Supreme Judicial Court for good cause shown, the Board may determine from time to time as the need arises the type, form, substance, and subject of any other disclosures to applicants or the public of information received, generated, or maintained by the Board or its members in performing their duties.

## IV. QUALIFICATIONS FOR ADMISSION TO THE BAR

## RULE 8. CERTIFICATE OF QUALIFICATION

The Board shall issue a certificate of qualification stating that the applicant is a person of good moral character and possesses sufficient learning in the law to practice as an attorney in this State to each applicant who:

(1) produces satisfactory evidence of good moral character as provided in Rule 9; and

(2) attains passing grades on the bar examination and Multistate Professional Responsibility Examination as provided in Rules 10 and 11.

## RULE 9. GOOD MORAL CHARACTER

**(a) General Requirement.** Each applicant shall produce to the Board satisfactory evidence of good moral character. This burden is initially met by establishing in the completed

application and additional materials required by Rule 5 the absence of any information adverse to the applicant's moral character. If any such adverse information is provided in the application and additional materials, or otherwise received by the Board, the applicant has the burden of producing further evidence to explain or rebut such information sufficiently to satisfy the Board that the applicant is of good moral character. The attributes of character that are relevant to this determination are those pertinent to the trust placed in lawyers by the public and clients as well as to the requirement that lawyers in this state comply with the Maine Bar Rules.

**(b) Board Review of Character.** The Board may verify all information that it receives by any appropriate means, including the use of a three-member review panel designated by the Chair pursuant to Rule 4(b). The Board shall publish the list of applicants as soon as possible after May 20 and December 20 of each year with a request that anyone having adverse information bearing on the moral character of any applicant communicate it to the Board.

**(c) Review and Additional Investigation.**

(1) Determination of Need for Three-Member Panel. Notwithstanding the provisions of (2) herein, if the Chair, based upon the application, certificates, references, unsolicited communications, or other information received, determines that a hearing pursuant to Rule 9(d)(5) is necessary to resolve doubt regarding the applicant's good moral character, then the Chair may forego the designation of a three-member review panel, and direct the matter be set for hearing.

(2) Additional Investigation and Recommendations. If the application, certificates, references, unsolicited communications, or other information received by the Board cause the Board to doubt the good moral character of an applicant, the Chair, if it has not already done so, shall designate a three- member review panel pursuant to Rule 4(b) to conduct an investigation on behalf of the Board. The review panel may request that Counsel for the Board assist in conducting the investigation. The review panel or, at its request, Counsel for the Board shall notify the applicant of the nature of the investigation and that the investigation is going forward and shall request that the applicant furnish explanations and further information concerning the matter or matters in question. For each investigation, a separate investigative file shall be maintained and shall be available to the review panel and Counsel for the Board. The investigative file shall contain all records and other information pertinent to the investigation, including all information received by the review panel or Counsel for the Board. If the investigation has been conducted by Counsel for the Board, at the conclusion of the investigation Counsel for the Board shall make a recommendation to the review panel, either that the Board find the applicant to be a person of good moral character, or that the Board

conduct a hearing to resolve any doubt that remains concerning the applicant's good moral character. Counsel for the Board shall summarize with the recommendation the evidence upon which it is based.

**(d) Hearing on Applicant's Moral Character.**

(1) Determination of Need. If the review panel, on the basis of all material produced by the applicant or otherwise acquired by the review panel or Counsel for the Board pursuant to subdivisions (a), (b), and (c) of this rule and in light of any recommendation of Counsel for the Board, determines that doubt remains concerning the applicant's good moral character, the Board shall conduct a hearing to determine whether the applicant is a person of good moral character.

(2) Hearing Panel. The matter shall be heard by a panel consisting of all members of the Board except the members of the review panel. The hearing panel shall exercise all powers of the full Board in the conduct of the hearing, and the determination of the panel after hearing shall be the determination of the full Board. Four members of the hearing panel, including one public member, shall constitute a quorum for all actions and decisions.

(3) Representation by Counsel for the Board. Counsel for the Board shall prepare and present the case against the applicant at the hearing under paragraph (5) of this subdivision and shall represent the Board before a single justice of the Supreme Judicial Court or the Law Court on petition under paragraph (6) of this subdivision.

(4) Time of Notification and Hearing. The Board shall notify the applicant and Counsel for the Board of the time, place, and purpose of the hearing immediately after the review panel has decided that a hearing is required. Unless that decision is made after the bar examination, such notification shall be given to the applicant prior to the bar examination. The applicant shall be permitted to sit for the examination if the hearing cannot be held before that time or if the Board has not reached its decision.

(5) Conduct of Hearing.

A. At least 15 days before the time set for hearing, Counsel for the Board shall mail to the applicant and file with the Board a written statement summarizing the evidence that reflects adversely on the applicant's moral character, and stating that all material in the investigative file, other than Counsel for the Board's work product, will be available to the applicant at Counsel for the Board's office during usual office hours for inspection and copying at the applicant's expense.

B. The hearing shall be open to the public, except that to protect the interests of an applicant, witness, or third party, the Board may, upon application and for good cause shown or on its own motion, issue a protective order prohibiting the disclosure of specific information otherwise privileged or confidential and direct that the proceedings be conducted so as to implement that order. The deliberations of the Board following any hearing under this subdivision shall not be open to the public. The decision of the Board following any hearing under this subdivision shall be made available to the public.

C. Evidence shall be admitted at the hearing if it is the kind of evidence upon which reasonable persons are accustomed to rely in the conduct of serious affairs. The Board may exclude irrelevant or unduly repetitious evidence and shall observe the rules of privilege recognized by law.

D. The applicant may be represented by Counsel and may present evidence. The applicant and Counsel for the Board may call, examine, and cross-examine witnesses.

E. The Chair of the Board, or the member of the Board presiding at the hearing in the absence of the Chair, shall have the power to administer oaths.

F. The Board shall cause all hearings to be stenographically or electronically recorded in a form that will readily permit transcription.

G. Subpoena. A witness or the applicant may be summoned by subpoena to give evidence or appear before the Board at the hearing. Any member of the Board, a notary public, or any clerk of the Superior or District Court may issue such subpoenas as well as subpoenas duces tecum to compel the production of books, papers, and photographs or other documents or tangible things at or before the hearing. At or before the time specified in the subpoena for compliance therewith, the Board may quash or modify any subpoena issued under this rule if it is determined that the subpoena is unreasonable or oppressive. Witness fees in all proceedings before the Board shall be the same as for witnesses in a civil action in the Superior Court. When a witness who has been

subpoenaed fails to appear without reasonable excuse, the Supreme Judicial Court or any justice thereof, or the Superior Court or any justice thereof, or the District Court or any judge thereof, may, on application of the Board, invoke the provisions of Rule 45(e) of the Maine Rules of Civil Procedure for such failure.

H. The Board shall render a written decision within 30 days after the conclusion of the hearing, determining either that the applicant is a person of good moral character or that the applicant has not satisfied the Board that the applicant is a person of good moral character. At the applicant's request, or in the discretion of the Board, a decision adverse to the applicant shall include specific findings sufficient to support the Board's determination. A copy of the Board's written decision and findings, if any, shall be promptly mailed to the applicant or the applicant's Counsel and to Counsel for the Board.

(6) Proceedings Following Board Determination.

A. Within 30 days after receipt of the Board's written adverse decision, an applicant may file with the Executive Clerk of the Supreme Judicial Court a petition for admission to the bar seeking a determination that the applicant is a person of good moral character. At the time of filing, the applicant shall serve a copy of the petition upon Counsel for the Board and the Board by ordinary mail.

B. Within 15 days after receipt by the Board of the petition, Counsel for the Board shall file a response on behalf of the Board.

C. Proceedings upon the petition shall be a hearing de novo before a single justice of the Supreme Judicial Court assigned by the Chief Justice to hear the matter. In this paragraph (6), the word "court" shall mean the single justice of the Supreme Judicial Court assigned to hear the proceeding. The following procedures shall apply:

(i) The applicant shall be treated as plaintiff and the Board as defendant, and the proceeding shall be captioned "[name of applicant] v. Board of Bar Examiners."

(ii) Counsel for the Board shall furnish to the applicant, within a reasonable time after the filing of the Board's response, at the applicant's expense, copies of all information in the

applicant's Board file and Counsel for the Board's investigative file not previously disclosed, other than Counsel for the Board's work product, and copies of any exhibits presented at the Board's hearing not previously furnished. The stenographic or electronic record of the hearing made in accordance with Rule 9(d)(5)F and any other matter within the possession or control of Counsel for the Board or the Board that is discoverable under Rule 26 of the Maine Rules of Civil Procedure shall be made available to the applicant at Counsel for the Board's office during usual office hours for inspection and copying at the applicant's expense.

(iii) The court may order further production of documents, or may limit production, on motion and a showing of good cause.

(iv) The court may in its discretion hold a prehearing conference with Counsel for the Board and the applicant, or the applicant's attorney, to consider such matters as may aid in the disposition of the proceeding. The court may by written order limit the issues to be heard.

(v) At the hearing, evidence shall be admitted if it is the kind of evidence upon which reasonable persons are accustomed to rely in the conduct of serious affairs. The court may exclude irrelevant or unduly repetitious evidence and shall observe the rules of privilege recognized by law.

D. At all times, the applicant retains the burden of producing to the court satisfactory evidence of good moral character and of persuading the court that the applicant is a person of good moral character.

E. If the court is not satisfied that the applicant is a person of good moral character, the court shall enter judgment accordingly. If the court finds that the applicant is a person of good moral character, it shall enter judgment accordingly and shall remand the proceeding to the Board with instructions to issue a certificate of qualification to the applicant, provided that the requirements of Rule 8(2) are met.

F. The applicant or the Board may appeal to the Law Court as in a civil action within 10 days from the entry of the judgment of the single justice.

G. When the court enters a judgment against the applicant, if it determines that the grounds of the petition were frivolous, it may require the applicant to pay the reasonable expenses incurred by the Board and Counsel for the Board in the investigation of the matter or in the conduct of hearings before the Board or before the single justice or the Law Court. The court may make such orders as are just concerning the payment of such expenses.

[Amended effective April 10, 1988; February 26, 1990; January 1, 1993; January 2, 1996; September 25, 2000.]

**RULE 10. THE BAR EXAMINATION**

**(a) General Requirement.** Each applicant for admission to the bar must demonstrate sufficient learning in the law to practice as an attorney in this State by obtaining a passing grade on the examination provided in this rule. Any individual who completes the application and pays the fee required by Rules 5 and 6 and produces satisfactory evidence of the educational qualifications required by subdivision (c) of this rule is eligible to take the examination.

**(b) Time and Place of Examination.** The Board shall administer the examination twice a year, in February on the last Wednesday and the preceding Tuesday, and in July on the last Wednesday and the preceding Tuesday. The hours and places at which the examination is to be administered shall be announced by the Board in a public notice of the examination to be published not later than April 1 and November 1 in each year. Each applicant shall produce such identification at the examination as the Board shall require.

**(c) Education Qualifications.** Before taking the bar examination, each applicant shall produce to the Board satisfactory evidence that the applicant

(1) graduated with a bachelor's degree from an accredited college or university or successfully completed at least 2 years' work as a candidate for that degree at an accredited college or university; and

(2) graduated with a juris doctor or a bachelor of laws from a law school which had received its provisional or final accreditation from the American Bar Association by the time of the graduation of the applicant; or

(3) graduated from a law school accredited by the United States jurisdiction in which it is located and has been admitted to practice by examination in one or more jurisdictions within the United States and has been in active practice there for at least 3 years; or

(4) graduated from a foreign law school with a legal education which, in the Board's opinion pursuant to regulations adopted by the Board, is equivalent to that provided in those law schools accredited by the

American Bar Association and had been admitted to practice in that country or by examination in one or more jurisdictions within the United States and has been in active practice in a jurisdiction in which the applicant is licensed for at least 3 years; or

(5) successfully completed two thirds of the requirements for graduation from a law school that had received its provisional or final accreditation from the American Bar Association by the time of the applicant's completion of those requirements and then within 12 months following such successful completion pursued the study of law in the law office of an attorney in the active practice of law in the State of Maine continuously on a full-time basis for at least one year; provided that the attorney must, in advance, present the proposed course of study to the Board for its approval and, at its conclusion, certify that the course, as approved, was completed.

**(d) Contents of the Bar Examination.**

(1) The first day of the examination shall consist of questions selected by the Board with the assistance of such consultants as the Board may deem appropriate. The examination may include the Multistate Essay Examination (MEE) and/or the Multistate Performance Test prepared by the National Conference of Bar Examiners. The examination shall cover the Maine Rules of Civil and Criminal Procedure, the Maine Rules of Appellate Procedure, the Maine Rules of Evidence, the Maine Code of Professional Responsibility, and several, but not necessarily all, of the following subjects: conflict of laws, constitutional law, contracts, corporations, creditors' rights, criminal law, equity, estates, wills and trusts, evidence, family law, partnerships, real property, statute of frauds, statutes of limitations, federal income taxation, torts, and the Uniform Commercial Code.

(2) The second day of the examination shall consist of the Multistate Bar Examination (MBE) prepared by the National Conference of Bar Examiners and administered in this State or in another jurisdiction. An applicant who qualifies under either (e)(1)(i) or (ii) may elect not to take the current MBE.

**(e) Modified Bar Examinations.**

(1) An applicant who (i) has been admitted by examination to practice in one or more jurisdictions in the United States and has been in the active practice of law in a jurisdiction in which the applicant is licensed for at least 3 of the preceding 5 years or (ii) has taken the MBE within the 61 months prior to the current administration of the examination, may elect to

take only the first day of the examination. "The active practice of law" includes the teaching of law full time at a law school accredited by the American Bar Association or serving as a judge or post-graduate law clerk full time.

An applicant who qualifies under (i) of this rule is not required to have an MBE score. An applicant who qualifies under either (i) or (ii) may elect not to take the current MBE and to use a prior MBE score, or to take the current MBE and to use the higher of the score achieved or a prior score. The MBE score shall be the scale score established by the National Conference of Bar Examiners. If an applicant desires to elect any of these options, the applicant shall notify the Board and, if applicable, shall arrange to have the prior MBE scale score sent to the Board.

(2) An applicant qualified under either (e)(1)(i) or (e)(1)(ii) of this rule and who has achieved a useable MBE scale score may be admitted on the basis of a further modified written examination that shall include two or more of the subjects of the Maine Code of Professional Responsibility, the Maine Rules of Evidence, the Maine Rules of Appellate Procedure and the Maine Rules of Civil and Criminal Procedure, if the Board determines that the applicant's minimal competence in every subject tested in such modified examination, combined with the applicant's MBE examination record, demonstrates sufficient learning in the law to practice as an attorney in this State.

For purposes of subdivision (e)(2), "a useable MBE score" is defined as a certain MBE scale score as established by the Board from time to time which was achieved by the applicant as part of a bar examination administered in another jurisdiction in which the applicant was successful on the entire exam given by such other jurisdiction.

**(f) Special Examination Circumstances.** Upon appropriate written request by an applicant in the application, the Board may, in order to provide for special circumstances such as a physical handicap, establish special rules for the taking of the examination by the applicant and may provide for an oral examination to supplement the written examination.

**(g) Grading.**

(1) The scores of the separate examinations administered on the first day shall be determined by lawyer members of the Board, with or without the assistance of readers selected by them, and then combined with and scaled to the Multistate Bar Examination scale score, using accepted statistical methodology. In the combining process, a weight of 7/11ths shall be given to the resulting average of the first day's scores, and a weight of 4/11ths

shall be given to the Multistate Bar Examination scale score. The passing score shall be that score set by the Board, prior to the administration of each examination, which will demonstrate sufficient learning in the law to practice as an attorney in this State. The Board may use such historical data and statistical analysis as it finds appropriate to determine the passing score.

(2) For applicants taking the modified examination provided in subdivision (e) of this rule, the passing score for the separate examinations administered on the first day shall be determined as provided for the full examination in paragraph (1) of this subdivision.

(3) An applicant who passes one part of the examination and fails another part may not carry forward that partial passing score to a subsequent examination, except in the case of an election to use a prior MBE score as provided in subdivision (e)(1) of this rule.

**(h) Notification of Results.** The Board shall complete the grading of the examinations and notify all applicants of the results by mail within 75 days after the final day of an examination. Three days after the results have been mailed to individual applicants, the Board shall release for general public distribution and publication a list of successful applicants.

**(i) Review Procedure for Unsuccessful Applicants.** An unsuccessful applicant may obtain a copy of any essay questions, corresponding answers by the applicant and sample answers by requesting such materials within 30 days after the mailing of the examination results.

**(j) Reexamination.**

(1) Any applicant who fails to pass an examination may reapply to take a subsequent examination upon payment of the same fee then required of an original applicant.

(2) Any attorney who is otherwise qualified shall be permitted to take the modified examination, despite having previously failed the Maine examination.

[Amended effective February 26, 1990; May 16, 1995; January 2, 1997; October 15, 2001; October 1, 2002; February 1, 2004.]

**RULE 11. THE MULTISTATE PROFESSIONAL RESPONSIBILITY EXAMINATION**

**(a) General Requirement.** Each person who is admitted after July 1, 1987, shall have obtained a passing grade on the Multistate Professional Responsibility Examination (MPRE) prepared and administered by the National Conference of Bar Examiners. The MPRE may be taken at any time and place that is offered by the National Conference of Bar Examiners, within or without the State of Maine.

**(b) Educational Qualifications.** The MPRE may be taken at any time after an applicant has entered law school.

**(c) Passing Score.** A scale score of 80 as established by the National Conference of Bar Examiners shall be the passing score in this State for the MPRE, except that an MPRE scale score of 75 as established by the National Conference of Bar Examiners for an MPRE taken before July 1, 2006, shall be accepted from any applicant who is not admitted in any other jurisdiction.

[Amended effective October 1, 2006].

**RULE 11A. RECIPROCAL ADMISSION BY MOTION**

**(a)** An applicant who is domiciled in the United States and meets the following requirements may, upon motion, be admitted to the practice of law without taking and passing the bar examination required by Rule 10, provided that the State of New Hampshire or the State of Vermont, as appropriate, allows admission without examination of persons admitted to practice law in the State of Maine under circumstances comparable to those set forth in this rule. The applicant shall present evidence that the applicant:

1. (A) Is licensed to practice law in the State of New Hampshire and is an active member of the New Hampshire bar; or

   (B) Is licensed to practice law in the State of Vermont and is an active member of the Vermont bar;

2. (A) Has been primarily engaged in the active practice of law in the State of New Hampshire for not less than three years immediately preceding the date upon which the motion is filed; or

   (B) Has been primarily engaged in the active practice of law in the State of Vermont for no less than three years immediately preceding the date upon which the motion is filed;

For the purposes of this Rule, the "active practice of law"shall include the following activities:

(i) Representation of one or more clients in the private practice of law;
(ii) Service as a lawyer with a local, state, or federal agency including military service;
(iii) Teaching law at a law school approved by the American Bar Association;
(iv) Service as a judge in a federal, state, or local court of record;
(v) Service as a judicial law clerk; or
(vi) Service as corporate counsel.

The "active practice of law"shall not include work that, as undertaken, constituted the unauthorized practice of law in the jurisdiction in which it was performed or in the jurisdiction in which the clients receiving the unauthorized services were located.

3. Has graduated from a law school approved by the American Bar Association

   (i) having a three (3) school year course of study and requiring students to devote substantially all their working time to study, called a full-time law school; or

   (ii) having a course of study not less than four (4) school years, equivalent in the number of credit hours to a three (3) school year course of sutdy in a full-time law school and in which students devote only part of their working time to their studies, called a part-time law school; or

   (iii) has graduated from a law school in an English-speaking, common law country having pursued a course of study substantially equivalent to that of a law school approved by the American Bar Association. A combination of study in full-time and part-time law schools will be accepted only if such law schools meet the above requirements, and the applicant shall have graduated from one or the other. Study in any law school which conducts its courses by correspondence or does not require attendance of its students at its lectures or classes shall not constitute compliance with the rule;

4. Has satisfactorily completed the Multistate Professional Responsibility Examination in accordance with Rule 11, prior to the date on which the motion is filed;

5. Is currently a member in good standing in all jurisdictions where admitted;

6. Is not currently subject to lawyer discipline or the subject of a pending disciplinary matter in any jurisdiction;

7. Possesses the good moral character to practice law in the State of Maine; and

8. Has completed at least fifteen hours of continuing legal education in Maine practice and procedure in courses approved by the Maine Board of Overseers of the Bar within one year immediately preceding the date upon which the motion is filed and is certified by the Maine Board of Overseeers of the Bar as satisfying this requirement.

**(b)** An applicant who has failed the Maine bar examination within five years of the date of filing a motion for admission without examination shall not be eligible for admission on motion. An applicant who has resigned or who has been disbarred or suspended from the practice of law in the State of Maine shall not be eligible for admission under this Rule.

**(c)** Any applicant for admission by motion shall comply with the application and good moral character requirements of Rules 5, 6 and 9 of the Maine Bar Admission Rules.

**(d)** Any applicant admitted to practice in accordance with this Rule shall register as required by Rule 6(a)(1) of the Maine Bar Rules and pay the annual fees required by Rule 10 of the Maine Bar Rules, and shall otherwise comply with the requirements of the Maine Bar Rules in the same manner as any other attorney admitted to active practice in the State of Maine.

[Adopted effective January 1, 2005.]

## V. GENERAL PROVISIONS

### RULE 12. IMMUNITY

The duties and responsibilities of members of the Board and its staff are duties and responsibilities owed to the Court and the public in general, not to any individual applicant or other person. Nothing in these rules shall be construed as creating a civil cause of action or right of suit, and members of the Board and members of its staff shall in any event be immune from liability for any omission or conduct in the course of their official duties relating directly or indirectly to their administering or interpreting these rules or fulfilling or failing to fulfill their duties and responsibilities under these rules or under statute.

### RULE 13. PRACTICES AND REGULATIONS

The Board is empowered to adopt and employ such practices and regulations as are reasonably necessary to administer its duties under these rules; provided, however, that such practices and regulations shall not conflict with these rules.

### RULE 14. EFFECTIVE DATE; AMENDMENT

**(a) Effective Date.** Rules 5(c)(4) and 9(a) shall become effective April 10, 1988. These rules shall otherwise become effective January 1, 1988, and shall be first applied in the administration of the bar examination in February, 1988.

**(b) Amendment.** These rules may be amended from time to time by the Supreme Judicial Court. Any amendment shall take effect on the date specified therein.

### RULE 15. TITLE

These rules may be known and cited as the Maine Bar Admission Rules.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHRISTINE VARAD, | ) | |
| | ) | C.A. No. 06 CA 11370 MLW |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| REED ELSEVIER INCORPORATED, | ) | |
| d/b/a LexisNexis, Lexis Nexis Risk & Information | ) | |
| Analytics Group, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANT REED ELSEVIER INC.'S MOTION FOR SUMMARY JDUGMENT**

# TAB 8 – EXHIBIT 4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHRISTINE VARAD | ) | |
| | ) | C.A. No. 06 CA 11370 MLW |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| REED ELSEVIER INCORPORATED, | ) | |
| d/b/a LexisNexis, Lexis Nexis Risk & Information | ) | |
| Analytics Group, Inc. | ) | |
| | ) | |
| Defendant. | ) | |

**OBJECTION OF THOMAS J. QUINN AND THE MAINE BOARD OF BAR EXAMINERS TO PLAINTIFF'S NOTICE OF DEPOSITION (F.R.Civ.P. 31, 34)**

Deponent Thomas J. Quinn and the Maine Board of Bar Examiners ("Deponents") object to the Notice of Deposition served on the Maine Board of Bar Examiners and to the accompanying Request to Produce documents attached to it. The reasons for the Objection are set forth in the Motion to Quash Subpoena filed with the U.S. District Court for the District of Massachusetts. Briefly stated, as a non-party, deponent cannot be compelled to appear at a deposition in this case, or to produce documents without the command of a subpoena. *See,* F.R.Civ.P. 31, 34, 45. For the reasons set forth in the attached Motion to Quash, the subpoena mailed to the Bar Examiners' office is deficient to compel his attendance and to command him to produce documents.

In addition, the Notice fails to meet the requirements of F.R.Civ.P. 31)(a)(3).

With regard to the specific requests for Production of Documents, deponents state as follows:

1. The Board of Bar Examiners did not, and has not, requested or received any information concerning plaintiff Varad from the entities enumerated in this Request, or from Gall & Gall. This document Request seeks neither admissible evidence, nor

information that is reasonably calculated to lead to the discovery of admissible evidence.

2. The Board of Bar Examiners did not, and has not, requested or received any information concerning plaintiff Varad from the entities enumerated in this Request, or from Gall & Gall. This document Request seeks neither admissible evidence, nor information that is reasonably calculated to lead to the discovery of admissible evidence.

3. The Board of Bar Examiners did not, and has not, requested or received any information concerning plaintiff Varad from the entities enumerated in this Request, or from Gall & Gall. This document Request seeks neither admissible evidence, nor information that is reasonably calculated to lead to the discovery of admissible evidence.

4. The Board of Bar Examiners did not, and has not, requested or received any information concerning plaintiff Varad from the entities enumerated in the Complaint. The Complaint alleges that the defendants have refused the requests of the plaintiff for access to certain data and databases and that they and others have disseminated false information about her to various entities. This document Request seeks neither admissible evidence, nor information that is reasonably calculated to lead to the discovery of admissible evidence.

5. The Board of Bar Examiners did not, and has not, requested or received any information concerning plaintiff Varad from the entities enumerated in the Complaint. The Complaint alleges that the defendants have refused the requests of the plaintiff for access to certain data and databases and that they and others have disseminated false information about her to various entities. This document Request seeks neither admissible evidence, nor information that is reasonably calculated to lead to the discovery of admissible evidence.

6. The Board of Bar Examiners did not, and has not, requested or received any information concerning plaintiff Varad from the entities enumerated in the Complaint. The Complaint alleges that the defendants have refused the requests of the plaintiff for access to certain data and databases and that they and others have disseminated false information about her to various entities. This document Request seeks neither admissible evidence, nor information that is reasonably calculated to lead to the discovery of admissible evidence.

7. The Board of Bar Examiners did not, and has not, requested or received any information concerning plaintiff Varad from the entities enumerated in the Complaint. The Complaint alleges that the defendants have refused the requests of the plaintiff for access to certain data and databases and that they and others have disseminated false information about her to various entities. This document Request seeks neither admissible evidence, nor information that is reasonably calculated to lead to the discovery of admissible evidence.

8. The Board of Bar Examiners did not, and has not, requested or received any information concerning plaintiff Varad from the entities enumerated in the Complaint. The Complaint alleges that the defendants have refused the requests of the plaintiff for access to certain data and databases and that they and others have disseminated false information about her to various entities. This document Request seeks neither admissible evidence, nor information that is reasonably calculated to lead to the discovery of admissible evidence.

9. The Board of Bar Examiners did not, and has not, requested or received any information concerning plaintiff Varad from the entities enumerated in the Complaint. The Complaint alleges that the defendants have refused the requests of the plaintiff for access to certain data and databases and that they and others have disseminated false information about her to various entities. This document Request seeks neither admissible evidence, nor information that is reasonably calculated to lead to the discovery of admissible evidence.

10. The Board of Bar Examiners did not, and has not, requested or received any information concerning plaintiff Varad from Accurint. The Complaint alleges that the defendants have refused the requests of the plaintiff for access to certain data and databases and that they and others have disseminated false information about her to various entities. This document Request seeks neither admissible evidence, nor information that is reasonably calculated to lead to the discovery of admissible evidence.

11. The Complaint alleges that the defendants have refused the requests of the plaintiff for access to certain data and databases and that they and others have disseminated false information about her to various entities. The Board of Bar Examiners did not, and has not, requested or received any information concerning plaintiff Varad from the entities enumerated in this Request. This document Request seeks neither admissible evidence, nor information that is reasonably calculated to lead to the discovery of admissible evidence.

Dated: June 22, 2007

G. STEVEN ROWE

Attorney General of Maine

BY: /s/ Christopher C. Taub
Christopher C. Taub
Bar # 630607
Assistant Attorney General
Department of Attorney General
6 State House Station
Augusta, Maine 04333-0006
Tel.: (207) 626-8800
Attorney for Deponent Quinn

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHRISTINE VARAD, )
) C.A. No. 06 CA 11370 MLW
Plaintiff, )
v. )
)
REED ELSEVIER INCORPORATED, )
d/b/a LexisNexis, Lexis Nexis Risk & Information )
Analytics Group, Inc., )
)
Defendant. )

**STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANT REED ELSEVIER INC.'S MOTION FOR SUMMARY JDUGMENT**

# TAB 8 – EXHIBIT 5

CIVIL NO. 150883

SUFFOLK

IN THE MATTER OF

Christine M. Varad
(Type or Print Name)

JULY 2001

PETITION

FOR ADMISSION TO THE BAR
OF THE COMMONWEALTH

**(FIRST TIME APPLICATION)**

RECEIVED

MAY 07 2001

MAURA S. DOYLE, CLERK
SUPREME JUDICIAL COURT
FOR SUFFOLK COUNTY

Petition filed ..........................

*(Court Use Only)*

(1)

A True Copy Attest:

4/17/2007 [signature]

Date Assistant Clerk

THE COMMONWEALTH OF MASSACHUSETTS

Suffolk,SS

Supreme Judicial Court
For Suffolk County

**PETITION FOR ADMISSION TO THE BAR OF THE COMMONWEALTH OF MASSACHUSETTS**
(First Time Application)

I, Christine M. Varad, hereby petition for admission to the bar of the
Type or Print Full Name

Commonwealth. I represent that I am of good moral character and over the age of eighteen years, having been born on April 30, 1955. I request that I be examined for admission as an attorney, and, if found qualified, be admitted as such.

Signed: Christine M. Varad
Applicant's Signature

Address: 88 Greenfield Lane
Scituate, MA 02066
City State Zip

Date: April 10, 2001

**RECOMMENDATION OF A MEMBER OF THE BAR OF THE COMMONWEALTH OF MASSACHUSETTS OR OF ANY STATE, DISTRICT OR TERRITORY OF THE UNITED STATES**

I, Jay Russell Vosteer, an attorney of the bar of Connecticut
Type or Print Full Name

respectfully recommend that the foregoing petition be granted, and certify that the petitioner is of good moral character.

Attorney's Signature: Russ Vosteer

Business Address: 154 Stuart St.
Boston MA 02116

Telephone Number: (617) 422-7264

Date: 04-11-01

Attorney's Registration No: 307292

(2)

A True Copy
Attest:
4/17/2007
Date
Assistant Clerk

THE COMMONWEALTH OF MASSACHUSETTS

Suffolk, SS.

Supreme Judicial Court
For Suffolk County

In the matter of Christine M. Varad

*Applicant for admission as an attorney at law taking the Massachusetts Bar Examination for the first time*

By examination to be held July 25 and 26th, 2001
(Date)

APPLICANT'S STATEMENT TO THE BOARD OF BAR EXAMINERS

1. **Please type (or print legibly):**

(a) Full Name:

Christine Marie Varad
First Middle Name/Initial Last

(b) Address 88 Greenfield Lane

City Scituate State MA Zip 02066 Telephone No. 781-545-0707

(c) Place of Birth Worcester, MA Date of birth 4/30/55

(d) Social Security No. [redacted]
(Optional, for expeditious Board access to records)

(e) Have you ever been known by any other name or surname? Yes
Yes or No

If so, state all names and the places and time. Mooney 1955-1988

2. Have you applied before in Massachusetts for admission as an attorney?
Yes ____ No X Date ____

3. Law School(s) Attended: New England School of Law
Name & Address

Dates of Attendance: From: Aug 1998 To: May 2001

Name(s) of law school(s), nature and dates(s) of degree(s) awarded:
New England School of Law, Juris Doctor

4. Are you taking the Multistate Bar Examination in a different jurisdiction in connection with a second **(concurrent)** application? ____ YES X NO

If **YES**, print the name of the jurisdiction where you will sit for the MULTISTATE BAR EXAMINATION.

**JURISDICTION:**

***YOU MUST SIT IN THE JURISDICTION WHICH YOU INDICATE.*** *If your answer to #4 is any jurisdiction other than Massachusetts, you will be seated for one (1) day only, (Thursday) for the essay portion of the examination.* *No changes will be made after filing.* See *CAVEAT, next page

*CAVEAT: **NO CHANGE IN THE CHOSEN MBE JURISDICTION WILL BE PERMITTED AFTER FILING THIS APPLICATION IN THE SUPREME JUDICIAL COURT, CLERK'S OFFICE FOR SUFFOLK COUNTY.**

**SEATING ASSIGNMENTS WILL BE MADE ONLY IN ACCORDANCE WITH APPLICANT'S ANSWER TO #4.**

**If you are sitting concurrently, but taking the MBE in a jurisdiction other than Massachusetts, it is YOUR RESPONSIBILITY to have the jurisdiction in which you are taking the MBE transfer your score to Massachusetts.**

5. Parents:

Father William A. Mooney (First Name, Last) — Address: deceased

Mother R. Marjorie Ahearn (Mooney) (First Name, Last (Maiden)) — Address: 88 Greenfield Lane Scituate, MA 02066

6. List all colleges and universities attended and indicate information requested below:

College or university other than law study:

| Name | Location | From | To |
|---|---|---|---|
| Mass. College of Art | | 1973 | 1980 |
| Suffolk University | | 1996 | 1997 |
| New England School of Law | | 1998 | 2001 |

Degree (if any) Bachelor of Fine Art — School Mass. College of Art

Paralegal Certificate — Suffolk University

7. Have you ever been reprimanded, sanctioned, disciplined or suspended or expelled from a college, university or law school? NO (Yes or No). If so, state the facts fully.

Christine Varad
Applicant's Name
Type or Print Clearly

8. List employment you have held since your 18th birthday or any business or profession engaged in on your own account. Enclose additional 8 ½ x 11 white sheets if necessary.

(a) Month & Year of Beginning & Ending Period of Employment ***(most recent)***

Name & Address of Employer & Nature of Business ____________
DO NOT ABBREVIATE

New England School of Law Library
154 Stuart Street Boston, MA

Position Held assistant

Reason for Leaving fall semester began

(b) Month & Year of Beginning & Ending Period of Employment

Name & Address of Employer & Nature of Business ____________
DO NOT ABBREVIATE

Please see attached resume

Position Held ____________

Reason for Leaving ____________

(c) Month & Year of Beginning & Ending Period of Employment

Name & Address of Employer & Nature of Business ____________
DO NOT ABBREVIATE

Please see attached resume.

Position Held ____________

Reason for Leaving ____________

Christine M. Varad
Applicant Name
Type or Print Clearly

**Christine Varad**
88 Greenfield Lane
Scituate, MA 02066
(781) 545-0707

*Objective:* Attorney: Health Law, Personal Injury, Medical Malpractice and Intellectual Property are areas of special interest

*Education:* *New England School of Law*, Boston, Massachusetts
Candidate for Juris Doctor, May 2001
*Suffolk University*, Boston, Massachusetts
Certificate in Paralegal Studies, May 1997
*Massachusetts College of Art*, Boston, Massachusetts
Bachelor of Fine Art, 1980 Major: Graphic Design

*Experience:*

May-Nov. 2000 — Research for Stem Cell article and final publication in Holy Cross Journal of Law and Public Policy, January 2001

May-August 1999 — *New England School of Law Library*
Law library assistant and archival preservation assistant

April 1998 — *Internal Revenue Service, Andover, Massachusetts*
Temporary mailroom and clerical assistant

May 1997 — *Special Counsel, Boston, Massachusetts*
Temporary paralegal assignment

July 1996- July 1989 — *Varacolors*
Owner/Designer
* Create surface print designs for textile with uses in apparel and home furnishings

ASID Industry Foundation Member
Fashion Group International, Boston
AIA "Build Boston"
Graphic Artist Guild
American Watercolor Society
International Fashion Fabric Exhibition

July 1989- June 1980 — Fine Art Sales and Framing
* Produce original artwork, invent advertising and sales venue for artwork, establish wholesale suppliers, maintain gallery agents to promote sales.

June 1980- January 1979 — *Shawmut Bank of Boston*, Boston, Massachusetts
Graphics/Forms Designer
* Design forms for reproduction, set and specify type, prepare mechanicals for reproduction of brochures, mailers, ads, create charts, graphs for presentations.

*Skills:* Westlaw, Lexis, Loislaw, Internet, Microsoft Office
Foreign Language – French

9. Name jurisdictions and courts other than Massachusetts in which you have **applied** (this should include application for reinstatement and any applications subsequently withdrawn) or been admitted to practice law. Give dates of application and admission to practice (if applicable), or disposition.

| (a) Date of Application | (b) Jurisdiction (include Court) | (c) Date of Admission |
|---|---|---|
| none | | |
| | | |
| | | |

10. (a) Have you ever been disbarred, suspended, reprimanded, censured, admonished or otherwise disciplined or disqualified as an attorney, or as a member of any other profession, or as a holder of any public office? NO
Yes or No

If so, state the dates, the details and the name and address of the authority in possession of the record thereof.

(b) Have any charges or complaints been made concerning your conduct as an attorney, or as a member of any profession, or as a holder of any public office? NO
Yes or No

If so, state the dates, the details and the name and address of the authority in possession of the record thereof.

Christine M. Varad
Applicant Name
Type or Print Clearly

11. (a) Are there any unsatisfied judgments or court orders of continuing effect against you? NO
Yes or No

(b) If yes, state the facts fully, giving names and addresses of creditors, amounts, dates and the nature of debts, judgments or court orders, and the reason for nonpayment of unsatisfied judgments or any non-compliance with court orders.

12. (a) Have you ever been charged with or been the subject of any investigation for a felony or misdemeanor other than a minor traffic charge? ________ Yes or No. If so, state the dates, courts, details and results.

NO

(b) Have you ever been a party on either side in a civil action or proceeding involving a claim of fraud, conversion, breach of fiduciary duty, professional malpractice or other wrongful conduct? yes, plaintiff
Yes or No

(c) Have you been a party in any other legal or administrative proceedings? yes
Yes or No

(d) Have you ever been adjudged bankrupt or insolvent? NO
Yes or No

**GIVE FULL DETAILS for affirmative responses to Questions 12 (a), (b), (c) and (d)** including dates, exact name and location of court, if any, case numbers, references to the court records, if any, the facts, the disposition of the matter; if no court records are available, give to the best of your ability the names and addresses of all persons involved, including counsel. **(Attach additional sheets if necessary.)**

12(b) Varad v. Mooney, Executor Estate G. P. Mooney
12(c) Mooney v. Sears Robuck and Co. (worker comp. minor, child)
Varad v. Varad (Divorce)
Varad v. Genetics and I.V.F. Institute (fed. dist. ct)
Varad v. Boston Regional Center for Reproductive Medicine (MCAD)
Varad v. Cardone, M.D.
Varad v. Center for Advanced Reproductive Medicine (Justice Dept.)

Christine Varad
Applicant Name
Type or Print Clearly

13. Enclose two current letters of recommendation, addressed to the Board of Bar Examiners, stating facts relative to your character by persons who know you other than family members. Please call to the attention of the writer that statements should not be conclusions but should contain facts tending to help the Board of Bar Examiners reach conclusions about your character and fitness to be admitted to the bar *(see Page 10).*

14. Rule 3:01, Section 3.6 requires that to be admitted as an attorney, each applicant shall have passed the Multistate Professional Responsibility Examination either before or after passing the written law examination.

**Have you taken and passed the MPRE?** X **Yes (See a)** or ____ **No (See b)**

a. ATTACH A COPY OF EXAMINEE'S **MPRE SCORE REPORT SHOWING A SCALED SCORE OF 85 or greater** ***(see below).*** EVEN IF YOU REQUESTED THE NATIONAL CONFERENCE OF BAR EXAMINERS TO SEND AND/OR REPORT YOUR MPRE SCORE TO MASSACHUSETTS, YOU MUST NEVERTHELESS ATTACH A COPY OF YOUR MPRE SCORE REPORT. *****FOR THE JULY 2001 EXAM *ONLY*, THE BOARD OF BAR EXAMINERS WILL GRANDFATHER IN APPLICANTS WHO HAVE ACHIEVED A SCALED MPRE SCORE OF 75 OR GREATER PRIOR TO JULY 1, 2001. HOWEVER, IF YOU DO NOT PASS THE JULY 2001 EXAM, YOU WILL BE REQUIRED TO SUBMIT AN MPRE SCORE REPORT SHOWING A SCALED SCORE OF 85 OR GREATER WITH YOUR APPLICATION FOR THE FEBRUARY 2002 EXAM. AS OF THE FEBRUARY 2002 EXAM, APPLICANTS WILL BE REQUIRED TO SUBMIT A COPY OF THEIR MPRE SCORE REPORT AT THE TIME OF FILING, OR THE APPLICATION WILL NOT BE ACCEPTED***.**

b. ***When you take the MPRE in the future, forward a copy of examinee's score report, showing a scaled score of 85 or higher, immediately to Clerk Maura S. Doyle, Supreme Judicial Court, 1404 New Courthouse, Boston, MA 02108, for completion of your application.***

---

I agree to inform the Massachusetts Board of Bar Examiners, in writing, of any changes or additions to answers that I have made on this application. I understand that this obligation shall continue until I am admitted to the practice of law in the Commonwealth of Massachusetts, or until such time as my application is withdrawn or denied by the Supreme Judicial Court.

## ***CERTIFICATE***

I, the applicant, certify that each of the foregoing answers is true, complete and candid.

Dated this 30th (day) day of April (month), 2001 (year)

Christine M. Varad
Applicant's Signature

Christine M. Varad
Applicant Name
Type or Print Clearly

A True Copy
Attest:
4/17/2007
Date
Assistant Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHRISTINE VARAD, | ) | |
| | ) | C.A. No. 06 CA 11370 MLW |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| REED ELSEVIER INCORPORATED, | ) | |
| d/b/a LexisNexis, Lexis Nexis Risk & Information | ) | |
| Analytics Group, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANT REED ELSEVIER INC.'S MOTION FOR SUMMARY JDUGMENT**

# TAB 8 – EXHIBIT 6

CIVIL NO. 153093 2 SUFFOLK

IN THE MATTER OF

Christine Marie Varad

(Type or Legibly Print Name)

FEB
2002

PETITION

FOR ADMISSION TO THE BAR
OF THE COMMONWEALTH

**(REAPPLICATION)**

**FORM 1**

Petition filed ..................................
*(Court Use Only)*



A True Copy
Attest:
4/17/2007
Date
Assistant Clerk

Suffolk,SS.

THE COMMONWEALTH OF MASSACHUSETTS

Supreme Judicial Court
For Suffolk County

**FORM 1**

**PETITION FOR ADMISSION TO THE BAR OF THE COMMONWEALTH OF MASSACHUSETTS**

I, Christine Marie Varad, hereby petition for admission to the bar of the
Type or Legibly Print Full Name

Commonwealth. I represent that I am of good moral character and over the age of eighteen years, having been born on April 30, 1958. I request that I be examined for admission as an attorney and, if found qualified, be admitted as such.

**Signed:** [signature]
Applicant's Signature

Address: 88 Greenfield Lane
Scituate, MA 02066
City State Zip

Date: November 17, 2001

**RECOMMENDATION OF A MEMBER OF THE BAR OF THE COMMONWEALTH OF MASSACHUSETTS OR OF ANY STATE, DISTRICT OR TERRITORY OF THE UNITED STATES**
(Supreme Judicial Court Rule 3:01, subsection 1.2)

I, SANDRA J. LAMAR, an attorney of the bar of Massachusetts,
Type or Legibly Print Full Name

respectfully recommend that the foregoing petition be granted, and certify that the petitioner is of good moral character.

**Attorney's Signature:** [signature]

Business Address: 90 Boylston St
Newton, MA 02467

Telephone Number: 617-964-7204 Date: Nov 26/01

Attorney's State Registration No.: 544552

(2)

A True Copy Attest:
4/17/2007 [signature]
Date Assistant Clerk

Suffolk,SS.

THE COMMONWEALTH OF MASSACHUSETTS
**FORM 2**

Supreme Judicial Court
For Suffolk County

In the matter of Christine M. Varad
*(Applicant for admission as an attorney at law)*

By examination to be held February 27-28, 2002
(Date)

**APPLICANT'S SUPPLEMENTARY STATEMENT TO THE BOARD OF BAR EXAMINERS**
***(REAPPLICATION)***

1. **Please type or print LEGIBLY using BLACK INK ONLY:**

(a) Full Name:
Christine Marie Varad
First Middle Name or Initial Last

(b) Address 88 Greenfield Lane
City Scituate State MA Zip 02066 Telephone No. 781-545-0707

(c) Place of birth Worcester, MA Date of birth 4/30/55
City and State (MM/DD/YY)

(d) Social Security Number [redacted]
(optional, for expeditious Board access to records)

(e) Have you ever taken the Massachusetts Examination using a different name? Yes ___ No X
**If yes, please state name:** ______

2. When did you last **SIT** for the Massachusetts Bar Examination? July 2001

3. When did you last submit any form of application to the Massachusetts Bar? April 2001
***(NOTE: THIS INCLUDES ANY EXAMINATION FROM WHICH YOU WERE ABSENT)***

4. Are you taking the Multistate Bar Examination in a different jurisdiction in connection with a second **(concurrent)** application? You **must** sit in the jurisdiction which you indicate.
YES ____ NO X

**IF YES**, print the name of the jurisdiction where you will sit for the MULTISTATE BAR EXAMINATION.

**JURISDICTION:**

***YOU MUST SIT IN THE JURISDICTION WHICH YOU INDICATE. If your answer to #4 is any jurisdiction other than Massachusetts, you will be seated for one (1) day only, (Thursday) for the essay portion of the examination.*** **CAVEAT: NO CHANGE IN THE CHOSEN MBE JURISDICTION WILL BE PERMITTED AFTER FILING THIS APPLICATION IN THE SUPREME JUDICIAL COURT, CLERK'S OFFICE FOR SUFFOLK COUNTY. SEATING ASSIGNMENTS WILL BE MADE ONLY IN ACCORDANCE WITH APPLICANT'S ANSWER TO #4. If you are sitting concurrently, but taking the MBE in a jurisdiction other than Massachusetts, it is YOUR RESPONSIBILITY to have the jurisdiction in which you are taking the MBE transfer your score to Massachusetts.**

**Form 2 Continued**

5. Law School(s) attended: New England School of Law — 154 Stuart Street Boston, MA
Name — Address

Dates of Attendance: From: 7/1998 To: 5/2001 Degree Awarded: Juris Doctor

6. Current Employer: ______
Name (DO NOT ABBREVIATE)

______
Address: INCLUDE city, state, zip code and telephone number

7. (a) Are there any unsatisfied judgments or court orders of continuing effect against you?

______ Yes or No (No circled)

(b) If yes, state the facts fully below, giving names and addresses of creditors, amounts, dates, and the nature of debts, judgments or court orders, and the reason for nonpayment of unsatisfied judgments or any non-compliance with court orders **(attach additional pages if necessary).**

8. (a) Have you ever been charged with or been a subject of any investigation for a felony or misdemeanor other than a minor traffic charge? ______ If yes, state the dates, courts, details and results. Yes or No (No circled)

(b) Have you ever been a party on either side in a civil action or proceeding involving a claim of fraud, conversion, breach of fiduciary duty, professional malpractice or other wrongful conduct? ______ If yes, please explain. Plaintiff
Yes or No (Yes circled)

(c) Have you been a party in any other legal or administrative proceedings? ______ Divorce
If yes, please explain. Yes or No (Yes circled)

(d) Have you ever been adjudged bankrupt or insolvent? ______
If yes, please explain. Yes or No (No circled)

**<u>GIVE FULL DETAILS</u> for affirmative responses to Questions 7(a), and 8(a), (b), (c) and (d)** including dates, exact name and location of court, if any, case numbers, references to the court records, if any, the facts, the disposition of the matter; if no court records are available, give to the best of your ability the names and addresses of all persons involved, including counsel. ***YOU MUST PROVIDE DETAILS EVEN IF YOU HAVE DONE SO IN A PRIOR APPLICATION.*** ***Attach additional pages if necessary.***

8b. Varad v. Mooney (Plaintiff - Uncle's Estate.)
Varad v. Cardone, MD. (Plaintiff - 93A Violation in medical setting.)

8c. Varad v. Varad (Divorce)

Christine M. Varad
Applicant's Signature

Christine M. Varad
Applicant's Name (type or print clearly)



A True Copy
4/17/2007 Attest: [signature]
Date Assistant Clerk

**Form 2 Continued**

9. Name jurisdictions and courts other than Massachusetts in which you have **applied** (this should include application for reinstatement and any applications subsequently withdrawn) or been admitted to practice law. Give dates of application and admission to practice (if applicable), or disposition.

| (a) Date of Application | (b) Jurisdiction (include Court) | (c) Date of Admission |
|---|---|---|
| none | N/A | N/A |

10. Rule 3:01, subsection 3.6 requires that to be admitted as an attorney, each applicant shall have passed the Multistate Professional Responsibility Examination before filing an application (to sit for the bar examination).

**Have you taken and passed the MPRE with a scaled score of 85 or greater?**

____ **Yes (See a)** or X **No (See b)** Please see waiver as attached.

a. **ATTACH A COPY OF EXAMINEE'S MPRE SCORE REPORT SHOWING A SCALED SCORE OF 85 or greater. EVEN IF YOU REQUESTED THE NATIONAL CONFERENCE OF BAR EXAMINERS TO SEND AND/OR REPORT YOUR MPRE SCORE TO MASSACHUSETTS, YOU MUST NEVERTHELESS ATTACH A COPY OF YOUR MPRE SCORE REPORT. APPLICANTS WHO SAT FOR AND PASSED THE NOVEMBER 9, 2001 ADMINISTRATION OF THE MPRE SHOULD HAVE THEIR SCORES BY THE DEADLINE FOR FILING.**

b. ***You are not eligible to sit the February 2002 Massachusetts Bar Examination. Please do not submit this application, as the fee is not refundable.***

c. The Multistate Professional Responsibility Examination is administered by the National Conference of Bar Examiners and is given three times per year, in March, August, and November. **For an application, call (319) 341-2500; for a copy of your score report, call (319) 337-1304; or visit** the National Conference of Bar Examiners' web site at: www.ncbex.org

I agree to inform the Massachusetts Board of Bar Examiners, in writing, of any changes or additions to answers that I have made on this application. I understand that this obligation shall continue until I am admitted to the practice of law in the Commonwealth of Massachusetts, or until such time as my application is withdrawn or denied by the Supreme Judicial Court.

***CERTIFICATE***

I, the applicant, certify that each of the foregoing answers is true, complete and candid and that I have not altered the wording of any question.

Dated this 18th (day) day of November (month), 2001 (year)

Christine Varad
Applicant's Signature

Christine M. Varad
Applicant's Name
Type or Print Clearly



A True Copy Attest:
4/17/2007 [signature]
Date Assistant Clerk

*Commonwealth of Massachusetts*
*Board of Bar Examiners*

**FORM 3 - AUTHORIZATION**

I, *(name)* Christine M. Varad,

residing at *(address, city, state, zip code)* 38 Greenfield Lane

Scituate, MA 02066 and

born on *(date of birth)* 4/30/55, having filed an application for admission to the bar of the Commonwealth of Massachusetts, hereby consent to have an investigation made as to my moral character, professional reputation, and fitness for the practice of law.

I hereby authorize every person, firm, company, corporation, governmental agency, law enforcement agency, court, bar association, or institution having control of any documents or records regarding charges or complaints filed against me, including any complaints expunged by law, whether formal or informal, pending or closed, or any other pertinent data to provide them to the Massachusetts Board of Bar Examiners.

**Signature of Applicant:** Christine M. Varad

**Dated:** Nov. 17, 2001

**FORM 3**



A True Copy
4/17/2007
Date

Attest
[signature]
Assistant Clerk

THE COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss.

Supreme Judicial Court
for Suffolk County

**LAW SCHOOL CERTIFICATE – FORM 4**
*(to be completed by the law school from which applicant graduated)*

In the matter of the application for admission as attorney of:

Christine Marie Varad
(Name)

82 Greenfield Lane Scituate, MA 02066
(Address)

**I certify that the above-named applicant:**

**A)** was a member of the: New England School of Law (Law School)
*which is* X *is not* ____ *approved by the American Bar Association.*

**B)** attended the Day X Evening ____ program

from 7/1998 (month, day, year) to 5/2001 (month, day, year)

**C)** to the best of my belief the applicant was in regular attendance at this school during that period.

**D)** has furnished evidence to this school of a **college education** as follows:

Mass. College of Art - BFA (Undergraduate Degree)

**E) has graduated** from New England School of Law School;

the 25 (day) day of May, 2001 (month & year), with the degree of (LLB or JD) JD (degree)

**F)** I understand that you expect me to report to you by simultaneous separate communication anything which appears to me to be adverse in respect of the moral character or fitness to practice law of the applicant or anything which, in my opinion, should be investigated by the Board with respect thereto.

Marsha L Bird (Signature) Registrar (Title) (State Registration # -- if any)

New England School of Law (Name of School)

Dated: November 7, 2001

***THIS FORM MUST BE AN ORIGINAL AND MAY NOT BE FAXED, PRE-DATED OR AMENDED.***

**If the applicant has graduated prior to December 1, 2001, the law school certificate must be filed with their bar application.** If the applicant's degree has not been conferred by that date, the law school certificate may be submitted separately to the Clerk of the Supreme Judicial Court for Suffolk County on or before **FEBRUARY 1, 2002.** In order for an applicant to be eligible to sit the bar examination the Supreme Judicial Court must receive their law school certificate *no later than February 1, 2002.*

Rev. 7/01
FORM 4
(7)

A True Copy
Attest:
4/17/2007
Date
Assistant Clerk

*The Commonwealth of Massachusetts*
*Board of Bar Examiners*
*77 Franklin Street, Boston 02110-1593*

## Waiver Acknowledgement Form
## To be filed with February 2002 Reapplication Form

**I hereby acknowledge that in order to sit for the February 2002 Massachusetts Bar Examination, I must:**

**a) acknowledge that I sat for the July 2001 Massachusetts Bar Examination and 1) did not achieve a passing score on the bar exam and 2) did not receive a score of 85 or greater on the MPRE**

**b) file a February 2002 bar reapplication along with a signed copy of this Acknowledgement Form by the deadline of December 17, 2001 at the Clerk's Office for Suffolk County, Supreme Judicial Court. (Note: the reapplication is available on the Board's web page www.magnet.state.ma.us/bbe)**

**c) submit to the Board by January 31, 2002 the attached affidavit showing that I have registered to take the March 2002 MPRE**

**d) acknowledge that should I pass the February 2002 bar examination, an MPRE passing scaled-score of 85 must be obtained by me and filed at the S.J.C., in order to be recommended by the Board for admission to the bar**

**e) acknowledge that should I fail the February 2002 bar examination, an MPRE passing scaled-score of 85 must be obtained by me in order to file any future bar application**

**f) sign and submit the attached affidavit to the Board of Bar Examiners, 77 Franklin Street, Boston, MA 02108 so that the Board receives it no later than January 31, 2002**

**By signing this letter and attaching it to my February 2002 bar reapplication, I understand and agree to the above waiver conditions.**

November 18, 2001 [signature]

Date Applicant Signature

| SUBMIT TO: | DEADLINE FOR SUBMISSION: December 17, 2001 |
|---|---|
| Clerk of the Supreme Judicial Court for Suffolk County<br>1404 New Courthouse, Pemberton Square<br>Boston, MA 02108 | |

A True Copy Attest:
4/17/2007 [signature]
Date Assistant Clerk

ncbe

# NATIONAL CONFERENCE OF BAR EXAMINERS

MULTISTATE PROFESSIONAL RESPONSIBILITY EXAMINATION

## EXAMINEE'S REPORT OF SCORES

Please review carefully all information printed below. If any data are incorrect or incomplete, contact the board of bar examiners in the jurisdiction to which your scores were reported.

| RAW SCORE | SCALED SCORE | TEST DATE | SOCIAL SECURITY NUMBER* |
|---|---|---|---|
| 33 | 99 | 03/09/02 | [redacted] |

* If you did not indicate a Social Security number on your answer sheet, an identification number was assigned to your record for processing purposes.

VARAD, CHRISTINE M
88 GREENFIELD LANE
SCITUATE, MA 02066

Your scores (shown above) were reported to the following jurisdiction as you requested in Block J of your answer sheet:

MASSACHUSETTS

This jurisdiction requires a minimum passing scaled score of:

85

Each jurisdiction has the authority to determine its own passing score. If the jurisdiction you chose does not list a passing score, check with the board of bar examiners in that state to determine the passing score.

## EXPLANATION OF SCORES

Your RAW SCORE is the number of test questions that you answered correctly in the examination. The lowest possible raw score is 0; the highest is 50.

SCALED SCORES are standard scores that range from 50 (low) to 150 (high). The original mean (average) scaled score was established at 100. The conversion of raw scores to scaled scores involves a statistical process that adjusts for variations in difficulty of different forms of the examination so that any particular scaled score will represent the same level of knowledge from test to test. For instance, if this test were more difficult than previous forms, then your scaled score would be adjusted upward to account for this difference. If this test were easier than previous forms, then your scaled score would be adjusted downward to account for this difference. The purpose of these adjustments is to help ensure that no examinee is unfairly penalized (or rewarded) for taking a harder (or easier) form of the test.

## ADDITIONAL SCORE REPORT REQUESTS

If, after the examination, you decide that you would like to have your scores sent to one or more boards of bar examiners in addition to the jurisdiction you indicated on your answer sheet, you may do so by writing to the address below. Your request should include your name, address, Social Security number, date of birth, test date, your signature, and each board of bar examiners you wish to receive a copy of your scores. Enclose $15.00 for each board of bar examiners you request.

Duplicate score reports may also be requested by following this procedure.

## REQUESTS FOR RECHECKING OF ANSWER SHEETS

A request to have your answer sheet rechecked must be made within three months of the original test date. The request should include your name, Social Security number, date of birth, test date, and your signature, and should be sent to the address below.

Multistate Professional Responsibility Examination
Records Department
P.O. Box 451, Iowa City, Iowa 52243
Telephone: (319) 337-1304

617 523-1540

Attn: Deanna

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHRISTINE VARAD, | ) | |
| | ) | C.A. No. 06 CA 11370 MLW |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| REED ELSEVIER INCORPORATED, | ) | |
| d/b/a LexisNexis, Lexis Nexis Risk & Information | ) | |
| Analytics Group, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANT REED ELSEVIER INC.'S MOTION FOR SUMMARY JDUGMENT**

# TAB 8 – EXHIBIT 7

COMMONWEALTH OF MASSACHUSETTS

Suffolk, SS

Supreme Judicial Court
For Suffolk County

RECEIVED
DEC 28
MAURA S. DOYLE
CLERK OF THE
SUPREME JUDICIAL COURT
FOR SUFFOLK COUNTY

**No.: BA: 162191**

**In the Matter of**

Christine M. Varad

**Petition for Admission as an Attorney at Law**

**AFFIDAVIT OF CHRISTINE VARAD STATING (1) SHE HAS NOT BEEN SERVED WITH A COPY OF DOCKET PAPER # 11, ORDER "ON FILE" and (2) THE BOARD OF BAR EXAMINERS FALSELY QUOTED VARAD IN DOCKET PAPER # 3 CLAIMING "YOU REQUEST THE USE OF A COMPUTER TO COMPLETE THE ESSAY PORTION OF THE EXAM" WHERE NO SUCH REQUEST WAS MADE TO DESIGNATE AN ACCOMMODATION WHOLEY INADEQUATE TO PROPERLY ACCOMMODATE THE DISABILITY AT ISSUE and (3) DOCKET PAPER # 10 FALSELY STATES "SINCE THE APPLICANT IS NOT TAKING THE MBE EXAM" WHERE VARAD MADE NO SUCH ASSERTION TO THE BOARD.**

Petitioner Christine M. Varad states the following under penalty of perjury:

1. As of December 27, 2004, the clerk has failed to serve me with a copy of No.: BA: 162191, Docket Paper No. 11. I requested a copy of such order in hand on December 24, 2004 at the office of the clerk but received only a copy of the docket.

2. The Board of Bar Examiners falsely claimed that I "request the use of a computer to complete the essay portion of the exam." I made no such request. The use of a computer to hand type essay testing responses can never adequately function as an accommodation where my disability substantially impairs my ability to hand type.

3. Docket Paper # 10 falsely states, "…since the applicant is not taking the MBE exam…" where I made no such assertion relative to my participation in the MBE to either the Board of Bar Examiners or Chairman Barshak.

4. In total, the Board's actions again deny me a reasonable accommodation in the Massachusetts Bar admission testing program as required by the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. with the inevitable result is that I am barred from meaningful or valid participation in the state conducted testing program causing me to suffer additional severe financial losses and continued unfair limitations on my ability to earn a living due solely to unlawful discrimination based on my disability.

Signed under penalty of perjury,

Christine Varad
P.O. Box 583
Milton, MA 02186
781 545 2627

December 27, 2004

RECEIVED
DEC 2
MAURA S. DOYLE
CLERK OF THE
SUPREME JUDICIAL COURT
FOR SUFFOLK COUNTY

A True Copy
Attest:
Assistant Clerk
Date