UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHRISTINE VARAD, | ) | |
| | ) | C.A. No. 06 CA 11370 MLW |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| REED ELSEVIER INCORPORATED, | ) | |
| d/b/a LexisNexis, Lexis Nexis Risk & Information | ) | |
| Analytics Group, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANT REED ELSEVIER INC.'S MOTION FOR SUMMARY JDUGMENT**

# TAB 9

Dockets.Justia.com

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHRISTINE VARAD,<br><br>Plaintiff,<br>v.<br><br>REED ELSEVIER INCORPORATED,<br>d/b/a LexisNexis, Lexis Nexis Risk & Information Analytics Group, Inc.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 06 CA 11370 MLW |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant Reed Elsevier Inc. ("Reed") hereby responds to Christine Varad's ("Varad" or "Plaintiff") First Set of Interrogatories as follows:

**GENERAL OBJECTIONS**

Set forth below are Reed's general objections to the interrogatories. The general objections apply to all responses set forth below, and Reed's failure to refer specifically to a general objection in a particular response shall not constitute a waiver of any such objection.

1. Reed objects to the interrogatories to the extent they seek privileged information including, without limitation, information protected from disclosure by the attorney-client privilege, work product doctrine or any other privilege, or are otherwise protected from disclosure.

2. Reed objects to the interrogatories to the extent they seek information which is not relevant to the subject matter of this action or information which is not reasonably calculated to lead to the discovery of admissible evidence.

3. Reed objects to the interrogatories, including but not limited to the "Definitions" to the extent they purport to impose burdens or obligations beyond the requirements of the Federal Rules of Civil Procedure.

4. Reed objects to the interrogatories on the grounds that the interrogatories seek information of Seisint, Inc., a separate legal entity from Reed.

5. Reed objects to the interrogatories on the grounds that the requests exceed the number of interrogatories permitted by Fed. R. Civ. P. 33(a), which limits the number of interrogatories to twenty five (25), including all discrete subparts, and Local Rule 26.1(C), which provides that "subparts" are limited to "logical extensions of the basic interrogatory and seek only to obtain specified additional particularized information with respect to the basic interrogatory." Plaintiff's interrogatories contain numerous "sub-parts" that seek information that is not particularized information with regard to the basic interrogatories, which are therefore separate interrogatories, and thus exceed the number permitted by the rules. Further, Plaintiff has two Interrogatories labeled No. 17. Accordingly, Reed will respond to the first twenty five (25) separate interrogatories only, and will make objections to the remaining interrogatories in order to preserve them.

6. Reed objects to the interrogatories to the extent they are not limited to the timeframe at issue in the complaint.

**SPECIFIC ANSWERS**

**INTERROGATORY NO. 1.**

Please identity yourself by stating your name, date of birth, residence and business address, the position you hold with the Defendant corporations, and your duties for the Defendant corporations.

**ANSWER NO. 1.**

Reed objects to this interrogatory to the extent it seek information which is not relevant to the subject matter of this action or information which is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objection, Nancy Nash, Esquire, Deputy General Counsel, LexisNexis, 9443 Springboro Pike, Miamisburg, Ohio 45342, has responded to these interrogatories on behalf of Reed. LexisNexis is an unincorporated division of Reed Elsevier, Inc.

**INTERROGATORY NO. 2.**

If you are not answering these interrogatories on the basis of your own personal knowledge, please identity each source of information on which you rely by stating separately:

a. For each person consulted, his/her full name, residence address, business address, position, title or job description, relationship to the Defendant corporations and number of each interrogatory answer for which he or she had provided information; and

b. For each document or database consulted, it's [sic] title or description, location, corporate association, the name of the person, entity or party that provided the paper document or maintains the database, the date of paper document preparation or date of insertion into the database, the name of the person, entity or database that retains custody of the information, and the number of each interrogatory answer for which that information or data was used.

**ANSWER NO. 2.**

Reed objects to this interrogatory on the grounds that it is overbroad and unduly burdensome, and that it is vague and ambiguous. Reed also objects to this interrogatory to the extent it seeks privileged information including, without limitation, information protected from disclosure by the attorney-client privilege, work product doctrine or any other privilege, or is otherwise protected from disclosure.

Subject to and without waiver of the foregoing or general objections, Reed states that Nancy Nash generally referred to Reed's production of Seisint document in this case, bates labeled D00034-D00121 in responding to these interrogatories.

**INTERROGATORY NO. 3.**

Please state the title, nature of contract and date of contracting as to each and every agreement for services made between Reed Elsevier Incorporated, d.b.a. LexisNexis,. LexisNexis Risk & Information Analytics Group, Inc., and/or any of its subsidiaries, and (1) the State Maine, (2) the State of Massachusetts and (3) Gall and Gall Company, Inc., dating from the year 2000 to the present.

**ANSWER NO. 3.**

Reed objects to this interrogatory on the grounds that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Reed also objects to this interrogatory on the basis that it is overbroad and unduly burdensome. Subject to and without waiver of the foregoing or general objections, pursuant to Fed. R. Civ. P. 33(d), Reed refers Plaintiff to documents previously produced, bates labeled D00041-D00044 & D00071-D00074 (Seisint's Accurint contract with Gall & Gall) and D00109-D00111 (Seisint's Accurint contract with the Maine Board of Bar Examiners).

**INTERROGATORY NO. 4.**

Please describe each and every process and procedure used to collect personal data on individuals, detail the process by which the data is electronically maintained, the length of time it is retained, the form in which it is retained, the process used to verify the data and how often the data is updated.

**ANSWER NO. 4.**

Reed objects to this interrogatory on the grounds that it violates Local Rule 26.1(C), in that it seeks at least three separate inquiries: (1) the processes and procedures used to collect personal data on individuals; (2) the process for maintaining/updating electronic data, and (3) the process used to verify the data. With regard to each of these 3 interrogatories, Reed responds as follows: Reed objects to these interrogatories on the grounds that they seek information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, as they are not limited to information concerning the Accurint database or the allegations in the Complaint.

Reed further objects on the grounds that these interrogatories are overbroad and unduly burdensome.

**INTERROGATORY NO. 5.**

Please describe each and every process and procedure used to collect personal data on Christine M. Varad, detail the process by which that data is electronically maintained, the length of time it is retained, the form in which it is retained, the process or processes used to verify the correctness of the data and how often the data was updated.

**ANSWER NO. 5.**

Reed objects to this interrogatory on the grounds that it violates Local Rule 26.1(C), in that it seeks at least three separate inquiries: (1) the processes and procedures used to collect personal data on individuals; (2) the process for maintaining/updating electronic data, and (3) the process used to verify the data. With regard to each of these 3 interrogatories, Reed responds as follows: Reed objects to these interrogatories on the grounds that they seek information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, as they are not limited to information concerning the Accurint database or the allegations in the Complaint. Reed further objects on the grounds that these interrogatories is overbroad and unduly burdensome.

**INTERROGATORY NO. 6.**

Please identify the corporate owner/operator of each and every database or electronically maintained data system that Defendant accessed or continues to routinely access for collection or compilation of data and information concerning plaintiff Christine M. Varad; include name of the corporate or individual database owner and the physical location of the database and the name of the individual, employee, or agent that substantially operates, controls and maintains that database(s).

**ANSWER NO. 6.**

Reed objects to this interrogatory on the grounds that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Reed also objects to this interrogatory on the basis that it is overbroad and unduly burdensome, as it is not

limited to the allegations in the Complaint. Reed further objects on the basis that the interrogatory is vague and ambiguous.

Subject to and without waiver of the foregoing or general objections, pursuant to Fed. R. Civ. P. 33(d), Reed refers plaintiff to documents previously produced, bates labeled D00050-D00059, which indicate sources of Accurint's address information on Varad. In particular, Reed refers plaintiff to the source column (abbreviated "scr") on D00050, which shows that Seisint's source of the alleged incorrect South Dakota address at issue in this litigation came from Equifax (abbreviated "EQ").

**INTERROGATORY NO. 7.**

Please identify each and every category of data contained in a compiled data report as provided through access to any and all of the Defendant's databases and made available to others for any reason. State whether or not each and every report contains the exact same data categories or information to be made available to others, or if some reports are different data or contain specially restricted, confidential information, state basis of the difference in reports, and when a special report may be issued or restricted in those customers that may access that data, who is allowed access to the information and why.

**ANSWER NO. 7.**

Reed objects to this interrogatory on the grounds that it violates Local Rule 26.1(C), in that it seeks at least three separate inquiries: (1) identify the categories of data contained in any reports; (2) with regard to "different" reports or reports that contain "different information" or "specially restricted, confidential information" to state the difference in the reports; and (3) identify who is allowed access to a "special report" and why. With regard to each of these 3 interrogatories, Reed responds as follows: Reed objects to these interrogatories on the grounds that they seek information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, as they are not limited to information concerning the Accurint database or the allegations in the Complaint. Reed further objects on the grounds that these interrogatories are overbroad and unduly burdensome. With regard to the second and third requests, Reed

objects on the grounds that they are vague and ambiguous, as Reed does not know what plaintiff means by "specially restricted, confidential information" or a "special report."

**INTERROGATORY NO. 8.**

Please identify each and every category of data contained in a compiled data report on Christine M. Varad as provided through access to any and all of the Defendant's databases and made available to others for any reason. State whether or not each and every report issued contained the exact same data categories and resultant data to be made available to others, and/or if some reports are different or contain restricted, confidential information, state basis of the difference in reports, and when a restricted access report was issued and/or accessed, state who person or entity that accessed that data or report, the date of access and the reason access was requested.

**ANSWER NO. 8.**

Reed objects to this interrogatory on the grounds that it violates Local Rule 26.1(C), in that it seeks at least three separate inquiries: (1) identify the categories of data contained in any reports; (2) with regard to "different" reports or reports that contain "restricted, confidential information" to state the difference in the reports; and (3) identify who is allowed access to a "restricted access report" and why. With regard to each of these 3 interrogatories, Reed responds as follows: Reed objects to these interrogatories on the grounds that they seek information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, as they are not limited to information concerning the Accurint database or the allegations in the Complaint. Reed further objects on the grounds that these interrogatories are overbroad and unduly burdensome. With regard to the second and third requests, Reed objects on the grounds that they are vague and ambiguous, as Reed does not know what plaintiff means by "restricted, confidential information" or a "restricted access report."

Subject to and without waiver of the foregoing or general objections, pursuant to Fed. R. Civ. P. 33(d), Reed refers plaintiff to documents previously produced bates labeled D00033-D00037, which is a "comprehensive report" of the categories of data contained in the Accurint database on Ms. Varad as of May 22, 2006. Reed further refers plaintiff to documents bates

labeled D00100-D00103, which documents show searches requested on Ms. Varad in Seisint's Accurint database from 2001 through the date of production. The documents indicate the entity performing the search, the date of the search, and the description of the report requested.

**INTERROGATORY NO. 9.**

Please identify each and every category of data that may have been contained in a compiled data report on Christine M. Varad and provided through access to any and all of the Defendant's databases to be made available to the State of Maine, it's [sic] agents, assigns or representatives. State whether or not such reports would contain confidential information, such as medical information, financial and or credit related information, or other such confidential information, and state the date or dates such reports were made and the reason the data was requested

**ANSWER NO. 9.**

Reed objects to this interrogatory on the grounds that it violates Local Rule 26.1(C), in that it seeks at least three separate inquiries: (1) identify the categories of data contained in any reports made available to the State of Maine; (2) state whether the reports would contain confidential information, such as medical, financial or credit information; and (3) state the dates which reports were made to the State of Maine and the reasons for the reports. With regard to each of these 3 interrogatories, Reed responds as follows: Reed objects to these interrogatories on the grounds that they seek information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, as they are not limited to the allegations in the Complaint. Reed also objects to these interrogatories on the basis that they are overbroad and unduly burdensome, and that they are vague and ambiguous, in that they seek information made available to unidentified "agents, assigns or representatives" of the State of Maine.

Subject to and without waiver of the foregoing or general objections, Reed states that it is not aware that it or Seisint provided any information to the Maine Board of Bar Examiners concerning Ms. Varad.

**INTERROGATORY NO. 10.**

Please identify all communications written or oral made between the Defendant and the State of Maine, it [sic] employees, agents and/or assigns, the date and time of the communication and the reason for contacting the Defendant and/or the Defendant's databases by any means, including but not limited to, electronic mail, electronic web site access, regular mail, and telephone.

**ANSWER NO. 10.**

Reed objects to this interrogatory on the grounds that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Reed also objects to this interrogatory on the basis that it is overbroad and unduly burdensome, and that it is vague and ambiguous, in that is seeks information concerning unidentified "agents and/or assigns" of the State of Maine.

**INTERROGATORY NO. 11.**

Please identify all communications written or oral made between specifically Seisint, Inc., d.b.a. *Accurint* and the State of Maine, it [sic] employees, agents and/or assigns, the date and time of the communication and the reason for contacting the Defendant and/or the Defendant's databases by any means, including but not limited to, electronic mail, electronic web site access, regular mail, and telephone.

**ANSWER NO. 11.**

Reed objects to this interrogatory on the grounds that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to communications concerning the allegations in the Complaint. Reed also objects to this interrogatory on the basis that it is overbroad and unduly burdensome.

**INTERROGATORY NO. 12.**

Please identify each and every category of data that may have been contained in a compiled data report on Christine M. Varad and provided through access to any and all of the Defendant's databases to be made available to the State of Massachusetts, it's [sic] agents, assigns or representatives. State whether or not such reports would contain confidential information, such as medical information, financial and or credit related information, or other such confidential information, and state the date or dates such reports were made and the reason the data was requested.

**ANSWER NO. 12.**

Reed objects to this interrogatory on the grounds that it violates Local Rule 26.1(C), in that it seeks at least three separate inquiries: (1) identify the categories of data that may have been contained in any reports made available to the State of Massachusetts; (2) state whether the reports would contain confidential information, such as medical, financial or credit information; and (3) state the dates which reports were made to the State of Massachusetts and the reasons for the reports. With regard to each of these 3 interrogatories, Reed responds as follows: Reed objects to these interrogatories on the grounds that they seek information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Reed also objects to these interrogatories on the basis that they are overbroad and unduly burdensome, and that they are vague and ambiguous, in that they seek information made available to unidentified "agents, assigns or representatives" of the State of Massachusetts.

**INTERROGATORY NO. 13.**

Please identify each and every category of data information concerning Christine M. Varad that the Defendant's databases have corrected, changed, updated, edited in whole or in part, or deleted. For each category of data state specifically data/information prior to the change, correction or deletion and then state the data/information after the change, correction or deletion was effected and the date of each such change to permanent database entries and categories.

**ANSWSER NO. 13.**

Reed objects to this interrogatory on the grounds that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Reed also objects to this interrogatory on the basis that it is overbroad and unduly burdensome, in that it is not limited to the allegations in the Complaint or the Accurint database.

**INTERROGATORY NO. 14.**

Please state the nature and status of the business relationships between Gall and Gall Company, Inc., Seisint, Inc. and Reed Elsevier Incorporated, d.b.a. LexisNexis, LexisNexis Risk & Information Analytics Group, Inc.

**ANSWER NO. 14**

Reed objects to this interrogatory on the grounds that Plaintiff has exceeded the permissible number of interrogatories as required by Fed. R. Civ. P. 33(a) and Local Rule 26.1(C). Reed further objects to this interrogatory on the grounds that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 15.**

For purposes of the Gramm-Leach-Bliley Act (GLBA), 15 USC, Subchapter I, Sec. 6801-6809, please describe and detail, pursuant to § 6805, the exact nature of the Defendant's legal status providing the basis for invocation of the jurisdiction of such statute as a financial institution, insurance company, investment company, credit union, security broker or dealer or any other such basis.

**ANSWER NO. 15.**

Reed objects to this interrogatory on the grounds that Plaintiff has exceeded the permissible number of interrogatories as required by Fed. R. Civ. P. 33(a) and Local Rule 26.1(C). Reed further objects to this interrogatory on the grounds that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Reed also objects to this interrogatory on the basis that it is overbroad and unduly burdensome, and that it is vague and ambiguous.

**INTERROGATORY NO. 16.**

Please state whether or not, for the purposes of the Fair Credit Reporting Act, FCRA, 15 U.S.C. 1681 et seq., the Defendant has provided Plaintiff with a copy of her complete "file" as required by that statute.

**ANSWER NO. 16.**

Reed objects to this interrogatory on the grounds that Plaintiff has exceeded the permissible number of interrogatories as required by Fed. R. Civ. P. 33(a) and Local Rule 26.1(C). Reed further objects to this interrogatory on the grounds that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Reed also

objects to this interrogatory on the grounds that it assumes that the Defendant was obligated to provide plaintiff with a copy of her "file."

**INTERROGATORY NO. 17.**

Please specifically detail the Defendant's full understanding of the differences, if any, between the electronically held data used to compile the "background check report," made available on Plaintiff to the Gall and Gall Company, Inc. and the electronic contents of a database "file" for the purposes of the Fair Credit Reporting Act, FCRA, 15 U.S.C. 1681 et seq. used to compile a consumer report.

**ANSWER NO. 17.**

Reed objects to this interrogatory on the grounds that Plaintiff has exceeded the permissible number of interrogatories as required by Fed. R. Civ. P. 33(a) and Local Rule 26.1(C). Reed further objects to this interrogatory on the grounds that it is vague and ambiguous, and that it is unintelligible.

**INTERROGATORY NO. 17 [SIC].**

Please state specifically all of the foundations for the Defendant's assertion that it is "not a consumer credit reporting agency" for the purposes of the Fair Credit Reporting Act, FCRA, 15 U.S.C. 1681 et seq.

**ANSWER NO. 17 [SIC].**

Reed objects to this interrogatory on the grounds that Plaintiff has exceeded the permissible number of interrogatories as required by Fed. R. Civ. P. 33(a) and Local Rule 26.1(C). Reed further objects to this interrogatory on the grounds that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, in that it Reed has not made the assertion stated.

**INTERROGATORY NO. 18.**

Please state specifically all of the foundations for the Defendant's assertion that Gall and Gall Company, Inc. was not utilizing background check report data from the Defendant's databases to provide to clients with information upon which employment related decisions would be made for the purpose of the Fair Credit Reporting Act, FCRA, 15 U.S.C. 1681 et seq.

**ANSWER NO. 18.**

Reed objects to this interrogatory on the grounds that Plaintiff has exceeded the permissible number of interrogatories as required by Fed. R. Civ. P. 33(a) and Local Rule 26.1(C). Reed further objects to this interrogatory on the grounds that it did not provide information to Gall & Gall concerning Ms. Varad.

**INTERROGATORY NO. 19.**

Please state specifically all of the foundations for which the Defendant bases a belief that it has correct information in its databases concerning Christine M. Varad, the steps that have been taken to verify all data concerning Varad, the steps that have been taken to stop retaining false or injurious data concerning Varad, the steps taken to insure that no future incorrect, false or defamatory information will be published to others concerning Varad in the future.

**ANSWER NO. 19.**

Reed objects to this interrogatory on the grounds that Plaintiff has exceeded the permissible number of interrogatories as required by Fed. R. Civ. P. 33(a) and Local Rule 26.1(C). Reed further objects to this interrogatory on the grounds that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Reed also objects to this interrogatory on the grounds that it is vague and ambiguous, and that it assumes that Reed has retained and/or published "injurious data" or "defamatory information" concerning Ms. Varad.

**INTERROGATORY NO. 20.**

Identify the reason Seisint, Inc., dba Accurint database customer, *"First Data Solutions,"* accessed the Defendant's database systems concerning retrieving data on Christine Varad, what data was provided to that entity, the date of the database access, the names of any access to any other of the Defendant's database systems and the ultimate use that such data/information. State the legal status of the Defendant's affiliation with First Data Solutions.

**ANSWER NO. 20.**

Reed objects to this interrogatory on the grounds that Plaintiff has exceeded the permissible number of interrogatories as required by Fed. R. Civ. P. 33(a) and Local Rule

26.1(C). Reed further objects to this interrogatory on the grounds that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 21.**

Identify the reason Seisint, Inc., dba Accurint database customer, *"GVB Security & Investigative Corporation,"* accessed the Defendant's database systems concerning retrieving data on Christine Varad, what data was provided to that entity, the date of the database access, the names of any access to any other of the Defendant's database systems and the ultimate use that such data/information. State the legal status of the Defendant's affiliation with GVB Security & Investigative Corporation.

**ANSWER NO. 21.**

Reed objects to this interrogatory on the grounds that Plaintiff has exceeded the permissible number of interrogatories as required by Fed. R. Civ. P. 33(a) and Local Rule 26.1(C). Reed further objects to this interrogatory on the grounds that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 22.**

Please state whether or not the Defendant has intentionally withheld any information, data, report, source of data or data related information concerning Christine M. Varad for reasons of confidentiality, legally based restricted access to the data or information, restrictions on accessing data based on agreement with another person or entity, or any other reason, please state the reason for withholding the information and/or data and identify specifically all other persons or entities connected with an agreement to restrict access to data or information. State any data/information that was withheld for reasons in connections with contents containing medical or medical related information or data.

**ANSWER NO. 22.**

Reed objects to this interrogatory on the grounds that Plaintiff has exceeded the permissible number of interrogatories as required by Fed. R. Civ. P. 33(a) and Local Rule 26.1(C). Reed further objects to this interrogatory on the grounds that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Reed also objects to this interrogatory on the basis that it is overbroad and unduly burdensome, and that it is vague and ambiguous.

**INTERROGATORY NO. 23.**

Please state whether or not the Defendant has intentionally withheld any information, data, report, source of data or data related information concerning Christine M. Varad for reasons of confidentiality, legally based restrictions on access to data or information, or restrictions on accessing data based on agreement with any Federal or State governmental agency or legal representative or police department, including but not limited to the Federal Bureau of Investigation, state or local police departments, or state and federal depositories of containing medical records for any reason, or any federal or state agency representative, agent, assign or contract participant, please state the reason for withholding the information and/or data and identify specifically all other persons or entities connected with any agreement to restrict access to that data or information. State specifically whether any data/information was withheld for reasons in connection with the contents of stored medical or medical related information or data.

**ANSWER NO. 23.**

Reed objects to this interrogatory on the grounds that Plaintiff has exceeded the permissible number of interrogatories as required by Fed. R. Civ. P. 33(a) and Local Rule 26.1(C). Reed further objects to this interrogatory on the grounds that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Reed also objects to this interrogatory on the basis that it is overbroad and unduly burdensome, and that it is vague and ambiguous.

**INTERROGATORY NO. 24.**

Please state whether or not the Defendant has intentionally withheld any information, data, report, source of data or data related information concerning Christine M. Varad for reasons of confidentiality, legally based restrictions on access to data or information, restrictions on accessing data based on agreement with any financial institution, insurance company, investment company, credit union, security broker/dealer or any other related financial industry interest, representative, assign contract participant, please state the reason for withholding the information and/or data and identify specifically all other persons or entities connected with any such agreement to restrict access to that data or information. State specifically whether any data/information was withheld for reasons in connection with the contents of stored medical or medical related information or data.

**ANSWER NO. 24.**

Reed objects to this interrogatory on the grounds that Plaintiff has exceeded the permissible number of interrogatories as required by Fed. R. Civ. P. 33(a) and Local Rule 26.1(C). Reed further objects to this interrogatory on the grounds that it seeks information that is

not relevant or reasonably calculated to lead to the discovery of admissible evidence. Reed also objects to this interrogatory on the basis that it is overbroad and unduly burdensome.

**INTERROGATORY NO. 25.**

Please state any and all information concerning Christine M. Varad and any "newspaper article" in which her name appeared.

**ANSWER NO. 25.**

Reed objects to this interrogatory on the grounds that Plaintiff has exceeded the permissible number of interrogatories as required by Fed. R. Civ. P. 33(a) and Local Rule 26.1(C). Reed further objects to this interrogatory on the grounds that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Reed also objects to this interrogatory on the grounds that it is vague and ambiguous.

**VERIFICATION**

I, Nancy Nash, depose and state as follows:

1. I am Deputy General Counsel of LexisNexis, a division of Reed Elsevier Inc.

2. The answers to these interrogatories are not based entirely on my own personal knowledge, but also are based on information communicated to me by employees, personnel and agents of Reed Elsevier, Inc., and information from various books and records of Seisint, Inc. The answers have been prepared with the assistance of counsel.

3. I have read the answers, and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

I declare under penalties of perjury that the foregoing is true and correct. Executed on August 14, 2007.

By: /s/ Nancy Nash

AS TO OBJECTIONS:

REED ELSEVIER INC.
By its attorneys,

/s/ Kristin M. Cataldo
T. Christopher Donnelly (BBO #129930)
Kristin M. Cataldo (BBO #654033)
Donnelly, Conroy & Gelhaar, LLP
One Beacon Street, 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880

Dated: August 14, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of August, 2007, I caused a copy of the foregoing to be served on the following by regular mail to Christine M. Varad, P.O. Box 583, Milton, MA 02186.

/s/ Kristin M. Cataldo
Kristin M. Cataldo