UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHRISTINE VARAD,<br><br>Plaintiff,<br>v.<br><br>REED ELSEVIER INCORPORATED,<br>d/b/a LexisNexis, Lexis Nexis Risk & Information Analytics Group, Inc.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 06 CA 11370 MLW |

**STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANT REED ELSEVIER INC.'S MOTION FOR SUMMARY JDUGMENT**

# TAB 10

Dockets.Justia.com

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHRISTINE VARAD, | ) | |
| | ) | C.A. No. 06 CA 11370 MLW |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| REED ELSEVIER INCORPORATED, | ) | |
| d/b/a LexisNexis, Lexis Nexis Risk & Information | ) | |
| Analytics Group, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS**

Defendant Reed Elsevier Inc. ("Reed") hereby responds to Christine Varad's ("Varad" or "Plaintiff") Request for Admissions.

**GENERAL OBJECTIONS**

Set forth below are Reed's general objections to the request for admissions. The general objections apply to all responses set forth below, and Reed's failure to refer specifically to a general objection in a particular response shall not constitute a waiver of any such objection.

1. Reed objects to the requests to the extent they seek information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

2. Reed objects to the requests, including but not limited to the "Definitions" to the extent they purport to impose burdens or obligations beyond the requirements of the Federal Rules of Civil Procedure, including without limitation, Plaintiff's definition of "Parties."

3. Reed objects to these requests to the extent they characterize Reed, for purposes of this litigation, as d/b/a LexisNexis Risk & Information Analytics Group, Inc., which is a separate legal entity from Reed.

4. Reed objects to the requests on the grounds that the requests seek admissions concerning Seisint, Inc. and LexisNexis Risk and Information Analytics Group, Inc., separate legal entities from Reed. Reed's response to these requests for admissions with any information concerning Seisint and/or LexisNexis Risk and Information Analytics Group, Inc. is done without prejudice to the fact that Reed is a separate legal entity from Seisint and LexisNexis Risk and Information Analytics Group, Inc. and that Reed has no liability for the acts of separate legal entities.

**SPECIFIC RESPONSES**

REQUEST NO. 1

Reed Elsevier Incorporated, d.b.a, LexisNexis, LexisNexis Risk & Information Analytics Group, Inc and its subsidiary entities are consumer reporting agencies for the purposes of the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq ("FCRA").

RESPONSE NO. 1

Reed objects to this request on the grounds that it seeks an admission regarding unidentified "subsidiary entities." Subject to and without waiver of the foregoing or general objections, Reed denies that it and all of its subsidiaries are consumer reporting agencies as defined in the Fair Credit Reporting Act.

REQUEST NO. 2

Reed Elsevier Incorporated, d.b.a. LexisNexis, LexisNexis Risk & Information Analytics Group, Inc provided Gall and Gall Company, a subsidiary of Seisint, Inc. standing as a subsidiary of Reed Elsevier Incorporated, d.b.a. LexisNexis, LexisNexis Risk & Information Analytics Group, Inc with a background report concerning Varad.

RESPONSE NO. 2

Denied.

REQUEST NO. 3

Gall and Gall Company is a subsidiary of parent corporation Seisint, d.b.a as "Accurint."

RESPONSE NO. 3

Denied.

REQUEST NO. 4

Seisint is a subsidiary of parent corporation Reed Elsevier Incorporated, d.b.a. LexisNexis, LexisNexis Risk & Information Analytics Group, Inc.

RESPONSE NO. 4

Denied as written. Reed admits that Seisint is a subsidiary of Reed, but not of "Reed Elsevier Incorporated d.b.a. LexisNexis, LexisNexis Risk & Information Analytics Group, Inc."

REQUEST NO. 5

Reed Elsevier Incorporated, d.b.a. LexisNexis, LexisNexis Risk & Information Analytics Group, Inc knew that its subsidiary Seisint, as parent corporation to Seisint subsidiary Gall and Gall Company, was and is routinely engaged in the business of providing employment background check reports to client/employers.

RESPONSE NO. 5

Denied.

REQUEST NO. 6

Reed Elsevier Incorporated, d.b.a. LexisNexis, LexisNexis Risk & Information Analytics Group, Inc knew that its subsidiary Seisint, as parent corporation to Seisint, subsidiary Gall and Gall Company, was making background reports concerning Varad that would be used for employment related purposes.

RESPONSE NO. 6

Denied.

REQUEST NO. 7

Reed Elsevier Incorporated, d.b,a. LexisNexis, LexisNexis Risk & Information Analytics Group, Inc reported false address data concerning Varad to (1) subsidiary of International Research, GVB Security & Investigative Corporation, (2) Seisint subsidiary, Accurint, (3) Seisint subsidiary, Gall & Gall Company, (4) Seisint subsidiary, First Data Solutions and (5) others.

RESPONSE NO. 7

Denied, other than Reed admits that Seisint, Inc., a separate legal entity from Reed, provided certain information concerning Varad to Gall & Gall Company, Inc., First Data Solutions and GVB Security & Investigative Corporation. Reed is without information sufficient to form a belief as to whether any address information provided by Seisint to these three entities was incorrect, as Seisint does not keep a copy of the search results provided. Further, Reed does not know what Ms. Varad's address was in 1992, and there is conflicting information as to whether Ms. Varad is correctly associated with the address she disputes, as Gall & Gall Company, Inc.'s president testified at his deposition that Varad told him the 1992 address was where her ex-husband lived, with whom she did not want to be associated.

REQUEST NO. 8

Reed Elsevier Incorporated, d.b.a. LexisNexis, LexisNexis Risk & Information Analytics Group, Inc and its subsidiary entities maintains contracts to provide access to its databases and information services with the State of Massachusetts and the State of Maine.

RESPONSE NO. 8

Reed objects to this request on the grounds that it seeks an admission regarding unidentified "subsidiary entities." Reed further objects to this request on the grounds that it seeks an admission concerning information and entities not relevant or reasonably likely to lead to the discovery of admissible evidence. For example, Reed has contracts with the State of Maine regarding access to published legal opinions, which contracts are not relevant or likely to lead to the discovery of admissible evidence.

REQUEST NO. 9

Reed Elsevier Incorporated, d.b.a. LexisNexis, LexisNexis Risk & Information Analytics Group, Inc and its subsidiary entities reported data concerning Varad to the State of Massachusetts Board of Bar Examiners and the State of Maine Board of Bar Examiners.

RESPONSE NO. 9

Reed objects to this request on the grounds that it seeks an admission regarding unidentified "subsidiary entities." Subject to and without waiver of the foregoing or general objections, Reed denies that LexisNexis Risk & Information Analytics Group, Inc or Seisint reported data concerning Varad to the State of Massachusetts Board of Bar Examiners and the State of Maine Board of Bar Examiners.

REQUEST NO. 10

The reports published to others by Reed Elsevier Incorporated, d.b.a. LexisNexis, LexisNexis Risk & Information Analytics Group, Inc and its subsidiary entities contained other entries of false information and data concerning Varad in addition to false "address history" data.

RESPONSE NO. 10

Reed objects to this request on the grounds that it seeks an admission regarding unidentified "subsidiary entities." Reed denies that it "published" a report concerning Varad. Reed is without knowledge or information sufficient to form a belief as to whether any information provided by Seisint to the entities identified in Reed's response No. 7 was incorrect, as Seisint does not keep a copy of the search results provided. Further, Reed does not know what Ms. Varad's address was in 1992, and there is conflicting information as to whether Ms. Varad is correctly associated with the address she disputes, as Gall & Gall Company, Inc.'s president testified at his deposition that Varad told him the 1992 address was where her ex-husband lived, with whom she did not want to be associated.

REQUEST NO. 11

Reed Elsevier Incorporated, d.b.a, LexisNexis, LexisNexis Risk & Information Analytics Group, Inc and its subsidiary entities maintains no policy for the verification of it database information prior to publication to others by access Reed's data and information services.

RESPONSE NO. 11

Denied.

REQUEST NO. 12

Reed Elsevier Incorporated, d.b.a. LexisNexis, LexisNexis Risk & Information Analytics Group, Inc and its subsidiary entities failed to supply Varad with a copy of the background report it made concerning her after receiving a written request for the information pursuant to concerns of continuing publication of false and defamatory information and data to others.

RESPONSE NO. 12

Denied that Reed or LexisNexis Risk and Information Analytics Group, Inc. received any requests from Varad concerning the address source manager information that Seisint, Inc. provided to Gall & Gall Company, Inc. Reed further denies that it, or its subsidiaries, made a "background report" on Varad. Reed admits that Seisint, Inc., a separate legal entity, did not provide Varad with a copy of the search results that Seisint provided to Gall & Gall.

REQUEST NO. 13

Reed Elsevier Incorporated, d.b.a. LexisNexis, LexisNexis Risk & Information Analytics Group, Inc and its subsidiary entities refused to correct or delete any and all false data and information contained in its databases concerning Varad.

RESPONSE NO. 13

Denied that Reed or LexisNexis Risk and Information Analytics Group, Inc. refused to do anything with regard to Varad. Reed admits that Seisint, Inc., a separate legal entity, did not correct the address information questioned by Varad, as it is not able to do so. Further responding, Reed states that Seisint told Varad the source of the allegedly incorrect address information, and urged Varad to contact same regarding any corrections.

REQUEST NO. 14

Reed Elsevier Incorporated, d.b.a. LexisNexis, LexisNexis Risk & Information Analytics Group, Inc knew that its subsidiary Seisint, Inc. acting as corporate parent to subsidiary Gall and Gall Company, was routinely supplying data to be used to produce background check reports for subsidiary client/employers for decision-making purposes concerning prospective employees.

RESPONSE NO. 14

Denied.

REQUEST NO. 15

Reed Elsevier Incorporated, d.b.a. LexisNexis, LexisNexis Risk & Information Analytics Group, Inc. routinely permits its subsidiary Seisint, Inc., to permit Seisint, Inc.'s subsidiary, Gall and Gall Company to access and use *LexisNexis, LexisNexis Risk and Analytics Group* databases to compile background reports with the purpose of making employment related decisions pursuant to client/employer review of such reports.

RESPONSE NO. 15

Denied.

REQUEST NO. 16

Reed Elsevier Incorporated, d.b.a. LexisNexis, LexisNexis Risk &. Information Analytics Group, Inc. and its subsidiary entities Seisint, Inc. and Gall and Gall Company are the sole source and holders of false data concerning Varad.

RESPONSE NO. 16

Denied.

REQUEST NO. 17

Reed Elsevier Incorporated, d.b.a. LexisNexis, LexisNexis Risk & Information Analytics Group, Inc. acting as Seisint, Inc. conducted separate and unique database searches concerning Varad entitled, (1) "Person Search," (2) "People at Work Search," (3) "Assessment Search," (4) "Flat Rate Comprehensive Report," and (5) "Custom Comprehensive Report."

RESPONSE NO. 17

Denied.

REQUEST NO. 18

It is an unfair and deceptive business practice for Reed Elsevier Incorporated, d.b.a. LexisNexis, LexisNexis Risk & Information Analytics Group, Inc. acting as subsidiary Seisint, Inc., as corporate parent to Gall and Gall Company to intentionally and misleadingly claim no knowledge of or responsibly for the actions of its own corporate subsidiaries concerning the use and publication of database information to others.

RESPONSE NO. 18

Denied.

REQUEST NO. 19

The document attached herein as Exhibit A is authentic, produced by Reed Elsevier Incorporated, d.b.a. LexisNexis, LexisNexis Risk & Information Analytics Group, Inc. as bates number D00106, and evidences Seisint, Inc., d.b.a. Accurint, as corporate parent to Gall and Gall Company.

RESPONSE NO. 19

Reed admits that the attached document was produced by it in this litigation, but denies that Gall & Gall is a subsidiary of Seisint, or that the document attached as Exhibit A evidences same.

Respectfully submitted,

REED ELSEVIER INC.
By its attorneys,

T. Christopher Donnelly (BBO #129930)
Kristin M. Cataldo (BBO #654033)
Donnelly, Conroy & Gelhaar, LLP
One Beacon Street, 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880

Dated: June 27, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of June, 2007, I caused a copy of the foregoing to be served on the following by regular mail to Christine M. ~~Varad, P.O~~. Box 583, Milton, MA 02186.

T. Christopher Donnelly